

**KENTUCKY**
COURT OF JUSTICE

**19-CI-003158**

***DAVIS, LINDA VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO***

**JEFFERSON CIRCUIT COURT**

Filed on **05/22/2019** as **PERSONAL INJURY** with **HON. CHARLES L. CUNNINGHAM**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 19-CI-003158 |
|---|---|

*jury fee paid*

| Parties | 19-CI-003158 |
|---|---|

**DAVIS, LINDA** as **PLAINTIFF / PETITIONER**

**STATE FARM FIRE & CASUALTY COMPANY** as **DEFENDANT / RESPONDENT**

**Address**

ONE STATE FARM PLAZA
BLOOMINGTON IL 61710

**Summons**

**CIVIL SUMMONS** issued on **06/19/2019** by way of **RETURNED TO ATTORNEY/PETITIONER**
*ON AMENDED SERVE CSC*

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

ONE STATE FARM PLAZA
BLOOMINGTON IL 61710

**Summons**

**CIVIL SUMMONS** issued on **05/22/2019** served on **05/28/2019** by way of **CERTIFIED MAIL**

**AGUIAR, SAM** as **ATTORNEY FOR PLAINTIFF**

**Address**

SAM AGUIAR INJURY LAWYERS, PLLC
1201 STORY AVENUE, SUITE 301
LOUISVILLE KY 40206

**FREEMAN, JEFFREY L** as **ATTORNEY FOR PLAINTIFF**

**Address**

SAM AGUIAR INJURY LAWYERS, PLLC
1201 STORY AVENUE, SUITE 301
LOUISVILLE KY 40206

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is STATE FARM MUTUALAUTOMOBILE INSURANCE CO

**Address**

421 WEST MAIN STREET
FRANKFORT KY 40601

| Documents | 19-CI-003158 |
|---|---|
| **COMPLAINT / PETITION** filed on **05/22/2019** | |
| **EXHIBIT** filed on **05/22/2019** | |
| **EXHIBIT** filed on **05/22/2019** | |
| **EXHIBIT** filed on **05/22/2019** | |
| **INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS** filed on **05/22/2019** | |
| **NOTICE - OTHER** filed on **05/22/2019** | |

| Images | 19-CI-003158 |
|---|---|
| **COMPLAINT / PETITION** filed on **05/22/2019**   *Page(s): 10* | |
| **EXHIBIT** filed on **05/22/2019**   *Page(s): 2* | |
| **EXHIBIT** filed on **05/22/2019**   *Page(s): 2* | |
| **EXHIBIT** filed on **05/22/2019**   *Page(s): 1* | |
| **SUMMONS** filed on **05/22/2019**   *Page(s): 1* | |
| **INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS** filed on **05/22/2019**   *Page(s): 12* | |
| **NOTICE - OTHER** filed on **05/22/2019**   *Page(s): 2* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **05/22/2019**   *Page(s): 1* | |
| **AMENDED COMPLAINT** filed on **06/16/2019**   *Page(s): 34* | |

**\*\*\*\* End of Case Number : 19-CI-003158 \*\*\*\***

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/26/2019 11:20:48 AM
65730-14

CASE NO. _____          JEFFERSON CIRCUIT COURT
                                  DIVISION _____
                                  JUDGE _____

*ELECTRONICALLY FILED*

LINDA DAVIS                                              PLAINTIFF

v.                    **COMPLAINT**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

        Serve: Corporation Service Company
               421 West Main Street
               Frankfort, KY 40601                      DEFENDANT

                    \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

        Comes the Plaintiff, Linda Davis, by counsel and for her cause of action herein,

states as follows:

                              **INTRODUCTION**

        1.      Linda Davis was badly injured in a motor vehicle wreck caused by an

underinsured tortfeasor on September 12, 2014.   Her medical bills alone were over

$357,000. State Farm, as the insurer for both the tortfeasor (BI coverage) and Linda (UIM

coverage) claimed to pay out all of the available settlement proceeds to Linda for the

wreck, an amount which was less than half of Linda's medical bills alone. Now nearly five

years after this terrible wreck, the company admits that it withheld the existence of

hundreds of thousands of dollars of more insurance to which Linda was entitled and which

she greatly needed. State Farm's actions, which are described further herein, are part of

a pattern and practice of fraudulently misrepresenting and withholding the existence of

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

insurance benefits to customers like Linda Davis which the company was contractually bound to disclose and pay.

2.    This is an action against State Farm for breach of contract, violations of consumer protection laws, breach of contract, unfair claims and settlement practices, bad faith, fraudulent misrepresentation and all other relief to which the Plaintiff is entitled.

## PARTIES

3.    State Farm Mutual Automobile Insurance Company is an Illinois domiciled corporation authorized to do business in the Commonwealth of Kentucky. The statutory home office for each is located at One State Farm Plaza, Bloomington, Illinois. The registered agent for process for each is Corporation Service Company, whose address is 421 West Main Street, Frankfort, KY 40601.

4.    Plaintiff Linda Davis is, and was at all time herein referred to, a resident of Jefferson County, Louisville, Kentucky.

## FACTS

5.    On September 12, 2014 Linda was badly injured in an auto accident.

6.    The tortfeasor was insured by State Farm.

7.    The tortfeasor was underinsured.

8.    State Farm recognized that the tortfeasor was underinsured and offered the policy limits for the bodily injury liability coverage insuring the tortfeasor.

9.    At the time of the accident, Linda qualified as an insured for coverages under her own household State Farm auto policies for PIP benefits, added PIP benefits and UIM coverage.

2

Filed 19-CI-003158 05/22/2019 David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:20:48 AM
65730-14

10. At the time of the accident, Linda may have also qualified as an insured under a household State Farm umbrella policy.[1]

11. Counsel for Linda reported to State Farm that Linda would be making a UIM claim and requested information on any applicable UIM coverage available to Linda under State Farm policies.

12. State Farm responded by assigning a UIM claims adjuster, opening a UIM file under a UIM claim number and providing to counsel a "Confirmation of Coverage" which identified ONLY the policy for the automobile Linda was driving at the time of her injury.

13. Specifically, on July 20, 2015, a letter was sent from State Farm stating that a "Confirmation of Coverage" was being provided "for the policy that was in force on behalf of Michael D Davis". *See Exhibit A.*

14. State Farm failed to identify that, at the time of Linda's injury and at the time of the July 20, 2015 letter, Linda was also covered under one or more household auto policies which maintained stackable and/or umbrella UIM coverage.

15. In fact, State Farm has still failed to disclose to Linda and her counsel the specifics regarding the policies in the home, the coverages of each and the extent to which each applied to the accident.

16. On or about July 5, 2016, State Farm tendered the $50,000 policy limits on the tortfeasor's policy to Linda for compensation for her injuries.

---

[1] It is unclear at the time of this filing whether the umbrella coverage carried benefits which would have been applicable to the subject accident

3

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000003 of 000010

Filed 19-CI-003158 05/22/2019 David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000004 of 000010

17. On July 11, 2016, Counsel for Linda sent notice to State Farm pursuant to KRS 304.39-320 of the tender and to advise that Linda would be pursuing her UIM claim. *See Exhibit B*.

18. On August 1, 2016, State Farm extended an offer of $100,000 for the settlement of Ms. Davis' injury claim, falsely claiming that "the offer represents the limits of her Underinsured Motorist Coverage." *See Exhibit C*.

19. Linda and her counsel relied upon this letter and the multiple written assertions from State Farm that $100,000 represented the full amount of Linda's UIM coverages with State Farm.

20. Only recently has it become evidence that, contrary to State Farm's assertions, this was **not** the limit of Linda's UIM coverage.

21. State Farm's assertions were false, misleading and either grossly negligent or willfully designed to deprive Linda of available coverage.

22. Linda had over $357,000 in medical bills alone associated with her injuries; the total of $150,000 she received from State Farm through the total of liability and UIM payments does not begin to compensate her for her losses.

23. Linda and her counsel became aware of State Farm's concealment of coverage when her counsel received a letter dated May 9, 2019 stating:

> We have recently undertaken a review of the above-referenced claim that was submitted for Underinsured Motorist benefits. As a result of that review, we have identified coverage that may be available to Linda Davis for this claim under one or more additional policies of insurance with State Farm. Consequently, we have reopened the claim in order to determine whether Linda Davis is in fact eligible for additional coverage, and if so to give Linda Davis the opportunity, if Linda Davis sustained damages in excess of the amounts State Farm previously paid to Linda Davis for this claim, to submit that additional information to State Farm for further consideration.

4

Filed        19-CI-003158   05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/26/2019 11:20:48 AM
65730-14

24.    To be clear, this letter from State Farm was not an unsolicited act of good faith. Rather, it was in response to directives to the company through litigation and regulatory bodies to make right a pattern of similar wrongdoings by the company which have been ongoing statewide for many years.

25.    State Farm was not acting out of a sense of fair dealing in sending this letter. The company's practices are the focus of investigations looking into a pervasive pattern by State Farm of concealing and not revealing UM and UIM coverage to insureds.

## COUNT I: BREACH OF CONTRACT FOR INSURANCE BENEFITS

26.    Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

27.    Under its contracts with Linda as a named insured under each of the policies described, State Farm was obligated to compensate Linda for benefits which were payable under the applicable insurance policies.

28.    These benefits included, but were not limited to, underinsured motorist coverage benefits and added reparation benefits.[2]

29.    State Farm breached its contract with Linda when it failed to disclose and/or pay the UIM benefits to which Linda was rightfully entitled under household policies.

30.    State Farm is liable to Linda for all damages associated with this breach of contract, including but not limited to the value and amount of the withheld benefits, interest and attorney fees.

---

[2] It is currently unclear whether ARB's were a part of the withheld insurance coverages. To the extent one or more undisclosed household policies included ARB's, State Farm was contractually bound to pay these benefits.

5

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000005 of 000010

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                06/26/2019 11:20:48 AM
                                                                                65730-14

31.     State Farm's failure to pay the contractual benefits to which Linda was entitled also give rise to extracontractual remedies as claimed additionally herein.

### COUNT II: UNFAIR CLAIMS AND SETTLEMENT PRACTICES

32.     Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

33.     State Farm violated KRS 304.12-230 in several manners, including but not limited to:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   e. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

   f. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

   g. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise or settlement.

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000006 of 000010

6

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-003158          05/22/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                        06/26/2019 11:20:48 AM
                                                                                        65730-14

34.    The Plaintiff is entitled to damages, including but not limited to all those applicable under KRS 304.12-230.

## COUNT III: BAD FAITH

35.    Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

36.    In its handling of Plaintiff's claim, Defendant has violated its common law duties of good faith and fair dealing,

37.    State Farm knew or should have known of the coverage available to Linda and either willfully failed to investigate the coverage or willfully and wantonly concealed it for the purpose of increasing its profits through the non-payment of claims.

38.    State Farm acted with a wanton and reckless indifference to its obligations under the law and to the Plaintiff's rights to compensation for her losses through a general policy and/or practice of concealing coverage for the purpose of increasing its profits and gives instruction and incentives to its adjusters to facilitate implementation of this policy.

39.    State Farm lacked a reasonable basis for failing to disclose Linda's coverages to her or her counsel.

40.    State Farm's conduct described herein is outrageous, fraudulent, oppressive and demonstrative of a reckless indifference to the rights of others.

41.    The Plaintiff is entitled to damages, including but not limited to all those applicable under common law bad faith.

## COUNT IV: VIOLATION OF KENTUCKY CONSUMER PROTECTION ACT

42.    Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000007 of 000010

Filed          19-CI-003158          05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
06/26/2019 11:20:48 AM
65730-14

43.   The Kentucky Consumer Protection Act protects Kentucky's citizens from unfair, false, misleading or deceptive acts or practices in trade or commerce.

44.   State Farm engaged in conduct which was deceptive, false, misleading and unfair.

45.   State Farm's consumer protection violations included but were not limited to:

   a.  Deceiving Linda and her counsel as to the amount of insurance

   b.  Misleading Linda and her counsel to believe that all available insurance was paid

   c.  Unfairly acting in a manner to induce Linda to take a settlement which the company knew was not the full amount of coverage

   d.  Falsely advising its own customer that she had only $100,000 in coverage when in fact she had substantially more.

46. The Defendants' actions are in violation of KRS 367.220 and have caused the Plaintiff to suffer damages.

**COUNT V: FRAUDULENT MISREPRESENTATION & BREACH OF CONTRACT**

47. Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

48. The Defendants misrepresented the amount of coverage available to the Plaintiff and breached their contract with the Plaintiff.

49.   The Defendants knew that their representations were false and also knew that the Plaintiff was due benefits under her insurance contracts with them.

50.   The Defendants failed to disclose to Linda that there was indeed additional UIM coverage available to her under multiple insurance policies.

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000008 of 000010

8

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT

06/26/2019 11:20:48 AM
65730-14

51.     The Defendants made the misrepresentations and false statements with inducement to be acted upon and the Plaintiff relied upon and acted upon the fraudulent misrepresentations.

52.     The Plaintiff has suffered and will continue to suffer damages as a result of Defendants' fraudulent misrepresentations.

### DAMAGES COMMON TO ALL COUNTS, INCLUDING PUNITIVE DAMAGES

53.     The Plaintiff is entitled to attorney fees, the costs of pursuing this action, prejudgment interest and post-judgment interest.

54.     The Plaintiff is entitled to punitive damages pursuant to common law, KRS 304.12-230, KRS 411.184, and KRS 411.186, and all other applicable governing authorities.

55.     The Plaintiff claims all other damages to which she is lawfully entitled, including those identified previously herein for insurance coverage. The claimed damages are in excess of the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiff, by counsel, demands as follows:

1.      That the Clerk of this Court issue a Summons to the Defendant.

2.      Judgment against the Defendant, State Farm Mutual Automobile Insurance Company, in an amount that will fairly and reasonably compensate the Plaintiff for the damages claimed herein, including but not limited to those for breach of contract, punitive damages, attorney fees, costs incurred, prejudgment and post-judgment interest, and all other damages to which the Plaintiff is or may be entitled.

3.      Trial by jury.

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000009 of 000010

9

Filed        19-CI-003158    05/22/2019        David L. Nicholson, Jefferson Circuit Clerk        NOT ORIGINAL DOCUMENT
                                                                                06/26/2019 11:20:48 AM
                                                                                65730-14

4.    Any and all just and proper relief to which Plaintiff may appear entitled from

the Defendant, including the right to amend this Complaint.


Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**


*/s/ Jeffrey L. Freeman*
Sam Aguiar
Jeffrey L. Freeman
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffice.com
jfreeman@kylawoffice.com
*Counsel for Plaintiff*

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

COM : 000010 of 000010

Filed        19-CI-003158    05/22/2019        David L. Nicholson, Jefferson Circuit Clerk

19-CI-003158   05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT A

06/26/2019 11:21:24 AM
65730-14

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

**StateFarm**

July 20, 2015

O'koon Hintermeister, Pllc
500 West Jefferson Street
1100 Pnc Plaza
Louisville KY  40202

**Centralized Medical Unit**
P.O. Box 661031
Dallas TX 75266-1031

RE:   Claim Number:       17-524K-369
      Date of Loss:       September 12, 2014
      Our Insured:        Michael D Davis
      Your Client:        Linda Davis

To Whom It May Concern:

Enclosed is a Confirmation of Coverage for the policy that was in force on behalf of Michael D
Davis.

If you have any questions, please contact us.

Sincerely,

*LaTonya Wynne*

LaTonya Wynne
Claim Representative
(877) 236-5890 Ext. 6156923794

State Farm Mutual Automobile Insurance Company

Enclosure(s):  Confirmation of Coverage

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

EXH : 000001 of 000002

Filed    19-CI-003158    05/22/2019    David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:21:24 AM
65730-14

 **StateFarm** ®

# Confirmation of Coverage

17-524K-369
Claim Number

This policy is issued by:

☒  State Farm Mutual Automobile Insurance Company
☐  State Farm County Mutual Insurance Company of Texas
☐  State Farm Fire and Casualty Company
☐  State Farm Lloyds
☐  State Farm Indemnity Company
☐  State Farm Guaranty Insurance Company
☐  State Farm Florida Insurance Company
☐

_____
(Write in the name of the appropriate State Farm® affiliate)

This confirms that policy number 676958417G, covering a(n) 1998 Cadillac DEVILLE, 1G6KE54Y9WU766353, was issued to Linda Davis and Michael D Davis and was in effect on the accident date of September 12, 2014. The coverages and limits of liability for this policy on that date were:

A 250/500/100,D100,G250,H,U 100/300,W 100/300,P304

Claim Team Manager

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

EXH : 000002 of 000002



**EXHIBIT B**

Jeffrey L. Freeman
jfreeman@okoonlaw.com

July 11, 2016

Monique Bigley
State Farm Claims
PO Box 106171
Atlanta, GA 30348-6171

**VIA CERTIFIED MAIL AND FACIMILE:  855-820-6318**

Re:   Your Insured:      Michael Davis
      Our Client:        Linda Davis
      Claim No.:         17-524K-369
      Date of Accident:  September 12, 2014

Dear Ms. Bigley:

As you know, this office represents Linda Davis in matters relating to injuries she received in the above referenced accident.  I have enclosed a copy of a letter from State Farm Insurance, tendering the policy limits of its client and insured, Paul Lahue, in settlement of the claims of Ms. Davis. My client has agreed to accept this offer.  As such, in satisfaction of KRS 304.39-320 and Kentucky case law (e.g. <u>Coots v. Allstate</u>), this letter follows via certified mail.

This letter is to advise that my client's injuries exceed the $50,000.00 offered under Mr. Lahue's liability policy.  We are therefore making a demand under Ms. Davis' underinsurance coverage with State Farm Insurance.  Please advise within thirty (30) days of your receipt of this letter, whether you will waive your subrogation interest against the tortfeasor or if you will tender the $50,000.00 offered by State Farm Insurance, and retain your subrogation interest.

Sincerely,

Jeffrey L. Freeman

JLF/acs
Enclosure

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

EXH : 000001 of 000002

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **State Farm®**

July 05, 2016

O'koon Hintermeister, Pllc                  **State Farm Claims**
500 West Jefferson Street                    PO Box 106171
2210 Pnc Plaza                               Atlanta GA 30348-6171
Louisville KY  40202

RE:   Claim Number:    14-4Z59-171
      Date of Loss:    September 12, 2014
      Our Insured:     Paul Lahue
      Your Client:     Linda C Davis

Dear Mr. Freeman:

This will confirm our settlement offer in the amount of $50,000, which represents the Liability limits of the State Farm policy on July 5, 2016.

Please discuss this offer with your client and contact us at your convenience so we may bring this claim to a conclusion.

Thank you for your assistance.

Sincerely,

Eileen Aguilar
Claim Specialist
(480) 842-3928
Fax:    (855) 820-6318

State Farm Mutual Automobile Insurance Company

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

EXH : 000002 of 000002

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                                                06/26/2019 11:22:24 AM
                                                                                                65730-14

# EXHIBIT C

Providing Insurance and Financial Services
Home Office, Bloomington, IL                                    **State Farm®**

August 01, 2016

O'koon Hintermeister, PLLC                    **State Farm Claims**
500 West Jefferson Street                     PO Box 106171
1100 Pnc Plaza                                Atlanta GA 30348-6171
Louisville KY 40202

RE:   Claim Number:          17-524K-369
      Date of Loss:          September 12, 2014
      Our Insured:           Linda Davis
      Your Client(s):        Linda Davis

Dear Mr. Jeffrey L. Freeman:

As we discussed, State Farm has extended an offer of $100,000 for the settlement of Ms. Davis'
injury claim. The offer represents the limits of her Underinsured Motorist Coverage.

Please advise if there are any government liens that need to be protected for her settlement.
Once we verify whether there are any applicable liens, we will issue the settlement draft(s)
accordingly.

I look forward to hearing from you in the near future.

Sincerely,

Eileen Aguilar
Claim Specialist
(480) 842-3928
Fax:   (855) 820-6318

State Farm Mutual Automobile Insurance Company

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

EXH : 000001 of 000001

NOT ORIGINAL DOCUMENT
06/26/2019 11:22:48 AM
65730-14

| | | |
|---|---|---|
| AOC-E-105     Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **19-CI-003158**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **DAVIS, LINDA VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**

    **421 WEST MAIN STREET**

    **FRANKFORT, KY 40601**

Memo: Related party is STATE FARM MUTUAL AUTOMOBILE INSURANCE CO

The Commonwealth of Kentucky to Defendant:
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **5/22/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____      _____

                                             Served By

                                      _____

                                               Title

*Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)*

CI : 000001 of 000001



eFiled

DOCUMENT
06/26/2019 11:24:09 AM
65730-14

CASE NO. _____                    JEFFERSON CIRCUIT COURT
                                                DIVISION _____
                                            JUDGE _____

### *ELECTRONICALLY FILED*

LINDA DAVIS                                              PLAINTIFF

v.        **PLAINTIFF'S NOTICE OF ELECTION OF ELECTRONIC SERVICE**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                       DEFENDANT

*** *** *** *** *** ***

Comes the Plaintiff, by counsel, pursuant to CR 5.02(2), and hereby gives notice that counsel for Plaintiff elect to effectuate and receive service of documents via electronic means.  The undersigned counsel agrees to accept electronic service at the following addresses:

    sam@kylawoffice.com
    jfreeman@kylawoffice.com
    pleadings@kylawoffice.com

Pursuant to CR 5.02(2), all Parties are requested to promptly provide counsel for Plaintiffs with an electronic address at which they may be served with documents via electronic means.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Jeffrey L. Freeman* _____
Sam Aguiar
Jeffrey L. Freeman
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffice.com
jfreeman@kylawoffice.com
*Counsel for Plaintiff*

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

NO : 000001 of 000002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Notice of Election of Electronic Service was electronically filed with the Complaint and Summons in this action and a request made of the Circuit Clerk that the Notice be served with the Complaint and Summons upon the following:

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

     Serve: Corporation Service Company
          421 West Main Street
          Frankfort, KY 40601

                    /s/ Jeffrey L. Freeman
                    Counsel for Plaintiff

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

NO : 000002 of 000002

2

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/26/2019 11:23:19 AM
65730-14

CASE NO. _____                    JEFFERSON CIRCUIT COURT
                                                  DIVISION _____
                                                JUDGE _____

### *ELECTRONICALLY FILED*

LINDA DAVIS                                                    PLAINTIFF

v.      **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
        **OF DOCUMENTS PROPOUNDED TO DEFENDANT STATE FARM MUTUAL**
        **AUTOMOBILE INSURANCE COMPANY**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                             DEFENDANT

                        **\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

        Pursuant to Rules 26 and 34 of the Kentucky Rules of Civil Procedure, Plaintiff, by

and through counsel, hereby requests that Defendant State Farm Mutual Insurance

Company answer the following Requests for Production of Documents according to CR

34.02(2) and serve them upon Plaintiff's counsel within forty-five (45) days of the date of

service.

        These Requests for Production shall be deemed continuing.  Knowledge of the

attorneys for the Defendant or the claims agent or any other agent of the Defendant, or

of any employee of the Defendant, shall be deemed to be the knowledge of the

Defendant.

                        ## **DEFINITIONS**

        1.      As used herein, "document" means anything on or which any information is

fixed and can be perceived, reproduced or otherwise communicated, with or without the

aid of any machine or device, and regardless of the medium of expression in which the

information is fixed (*e.g.*, print, video, audio or other medium of expression).

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000001 of 000012

Filed          19-CI-003158      05/22/2019        David L. Nicholson, Jefferson Circuit Clerk    DOCUMENT
                                                                                    06/26/2019 11:23:19 AM
                                                                                    65730-14

2.    As used herein, "You," or "Your" means State Farm Mutual Insurance Company (hereinafter "State Farm"), its agents, employees, representatives and, unless the individual request indicates otherwise, your attorneys.

3.    As used herein, "produce" means to mail copies of all requested documents to any one of Plaintiff's counsel of record herein at their expense, and to make the original of such documents available for inspection or to provide a digital copy of said documents.

## INSTRUCTIONS

1.    These Requests for Production of Documents shall be deemed continuing and supplemental answers and production shall be required of you if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the responses are served and the documents are produced.

2.    In complying with requests, you should produce each document in its original form without any mark, alteration or additional writing as the documents appear as maintained in the ordinary course of the Defendant's business, except for Bates stamping which may be placed on the bottom of each page.  All documents should be produced in the same order in which they are kept in the ordinary course of business.

3.    In the event any document covered by these requests is withheld in whole or in part, produce a privilege log specifying at a minimum the date of the document, the author(s), the recipient(s), the type of document (letter, memo, e-mail, etc.), a summary description of the contents of the document, the claim of privilege or protection upon which it is withheld, and your complete factual basis for that claim.

4.    In the event any document is redacted, altered or modified, in whole or in part, please ensure that the fact of redaction is plainly stated at the place where it is made,

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000002 of 000012

Filed          19-CI-003158      05/22/2019        David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-003158      05/22/2019         David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
06/26/2019 11:23:19 AM
65730-14

and produce a privilege log as described above with respect to the redacted material. The failure to provide the privilege log, or to plainly reflect any redaction, will be claimed as a waiver of any assertion of any claimed privilege or protection from discovery.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant shall produce for inspection and copying, pursuant to Rule 34 of the Kentucky Rules of Civil Procedure, the documents designated herein which are within the possession, custody or control of Defendant at the office of counsel for Plaintiff, Sam Aguiar Injury Lawyers, PLLC, Sam Aguiar, 1201 Story Avenue, Suite 301, Louisville, KY 40206, within 45 days of service, or by mailing a copy of same to Plaintiff at this address. **Should you currently have uncertified copies of any of the information requested below and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.**

**REQUEST NO. 1:** Produce all applications by the Plaintiff and/or any other member of his household for insurance with State Farm. This includes, but is not limited to, all executed applications, unexecuted applications, submitted applications, approved applications and rejected applications.

**RESPONSE:**

**REQUEST NO. 2:** Produce the entire underwriting files referring or relating in any way to, along with all underwriting correspondence and communications, all policies of the Plaintiff and those within his household which were active at any time from the two years leading up to the crash of September 12, 2014 to present. This also includes the

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000003 of 000012

3

Filed          19-CI-003158     05/22/2019        David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:23:19 AM
65730-14

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000004 of 000012

file folders in which the underwriting documents are kept and drafts of all documents in the file.

**RESPONSE:**


**REQUEST NO. 3:** The electronic communications records, including but not limited to, the electronic and paper notes made by Defendant's claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claims.

**RESPONSE:**


**REQUEST NO. 4:** Your written procedures or policies (including document(s) maintained in electronic form) which were active and pertained to the identification of all coverages available to an insured, policyholder or claimant for a claim. Also include all documentation relating to the adherence or non-adherence to these procedures and policies by State Farm employees, agents and/or other personnel on the Plaintiff's claim.

**RESPONSE:**


**REQUEST NO. 5:** The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**RESPONSE:**


**REQUEST NO. 6:** All communications directed to or from anyone associated with State Farm agent Riley Insurance Agency, Inc. relating to the Plaintiff's underlying

4

claim, the Plaintiff's insurance policies, and those within State Farm underwriting in relation to the Plaintiff's insurance coverage and applications.

**RESPONSE:**


**REQUEST NO. 7:**    Certified copies of all policies issued by State Farm to the Plaintiff and/or a member of his household at any time, to specifically include the following:

   a.  The policies;

   b.  All renewals of all policies;

   c.  All applications for all insurance coverage;

   d.  All amendments to all policies;

   e.  All endorsement to all policies; and

   f.  All cancellations of all policies;

**RESPONSE:**


**REQUEST NO. 8:**    The Plaintiff's file from the office of their insurance agent.

**RESPONSE:**


**REQUEST NO. 9:**    The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising each of your personnel who handled the Plaintiff's claims in any manner.

**RESPONSE:**

5

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000005 of 000012

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk          NOT ORIGINAL DOCUMENT
06/26/2019 11:23:19 AM
65730-14

**REQUEST NO. 10:** The entire personnel file of each your personnel who handled the Plaintiff's claims in any manner.

**RESPONSE:**

**REQUEST NO. 11:** The Scorecard bonus and criteria which were in place at any time between the inception of the first policy issued to the Plaintiff until present.

**RESPONSE:**

**REQUEST NO. 12:** All records of billing to the Plaintiff for policy premiums and collection of payment.

**RESPONSE:**

**REQUEST NO. 13:** All incentive and performance-based compensation criteria which were in place at any time between the inception of the first policy issued to the Plaintiff until present for each of your personnel who handled the Plaintiff's claims in any manner.

**RESPONSE:**

**REQUEST NO. 14:** The bonus or incentive plan for adjusters in effect for the time periods between 2013 until present.

**RESPONSE:**

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000006 of 000012

6

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
                                                                                   06/26/2019 11:23:19 AM
                                                                                   65730-14

**REQUEST NO. 15:** The State Farm auto claims handling manual (ACM) for 2014-present.

**RESPONSE:**


**REQUEST NO. 16:** All documentation setting forth the manners, policies and procedures to be utilized by your personnel in identifying and disclosing to your insureds, claimants and policyholders all first party coverages available to them for claims.

**RESPONSE:**


**REQUEST NO. 17:** All Process Guides and other procedures manuals which guide your personnel in issuing and servicing your policyholders' files.

**RESPONSE:**


**REQUEST NO. 18:** All documentation confirming that you train and require your claims' handlers to disclose all information regarding coverage to your policy holders when so requested.

**RESPONSE:**


**REQUEST NO. 19:** All documentation confirming that you train and require your claims handlers to look for all insurance coverage available to an insured and disclose it to the insured or the insured's counsel upon request.

**RESPONSE:**

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000007 of 000012

7

Filed        19-CI-003158   05/22/2019        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                          06/26/2019 11:23:19 AM
                                                          65730-14

**REQUEST NO. 20:** All documentation confirming that you do not permit your claims handlers to withhold disclosure of first party coverage to an insured for a loss.

**RESPONSE:**

**REQUEST NO. 21:** All underwriting materials involved in the process of considering and approving the Plaintiff's applications for insurance, communicating with the Plaintiff's agents and brokers, and determining the Plaintiff's premium rates.

**RESPONSE:**

**REQUEST NO. 22:** All underwriting materials containing State Farm's positions on coverages available (or unavailable) to the Plaintiff, the Plaintiff's claims and the Plaintiff's policies, along with all other household policies.

**RESPONSE:**

**REQUEST NO. 23:** All documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting claims in Kentucky and in effect from September 2014 to present.

**RESPONSE:**

**REQUEST NO. 24:** All documentation reflecting how you interpreted and applied all of the Plaintiff's insurance policies, as well as all other household policies, to the Plaintiff's claims for first party coverage.

**RESPONSE:**

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000008 of 000012

Filed        19-CI-003158   05/22/2019        David L. Nicholson, Jefferson Circuit Clerk

Filed        19-CI-003158   05/22/2019        David L. Nicholson, Jefferson Circuit Clerk     DOCUMENT
                                                                06/26/2019 11:23:19 AM
                                                                65730-14

**REQUEST NO. 25:** All documents and material pertaining to the evaluation of the Plaintiff's claims.

**RESPONSE:**


**REQUEST NO. 26:** All documentation confirming that you have, at any time since April of 2018, investigated whether or not first party Kentucky claims were improperly denied on the basis of the failure to disclose first party coverage when there was indeed applicable household coverage which should have been afforded to the claimant. Also produce documentation reflecting the results of the investigation and the notice given by you to the claimant of available coverage in circumstances where you learned that coverage should have been afforded to the claimant.

**RESPONSE:**


**REQUEST NO. 27:** Produce the written job descriptions for your agents, claims adjusters, claims personnel, underwriting department personnel and any other job roles which, as part of the position, include the responsibility to verify and/or disclose coverages available to a claimant for a loss.

**RESPONSE:**


**REQUEST NO. 28:** Produce all audit programs in place by you which in part serve to identify and/or correct situations where an insured is not being advised of all first party coverages available to him/her for a loss.

**RESPONSE:**

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000009 of 000012

9

Filed          19-CI-003158      05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/26/2019 11:23:19 AM
65730-14

**REQUEST NO. 29:** Any and all copies of documents that reference bonus or award programs for which the personnel handling, reviewing Plaintiff's claims or supervising those personnel who handled or reviewed Plaintiff's claims, are or have been eligible in the past, from January 1, 2014 to the present. This would include the claims handlers, supervisors, managers, or any other individuals in the chain of command up to the head of the claims department.

**RESPONSE:**


**REQUEST NO. 30:** All documents related to efforts to increase profitability with respect to handling of property and casualty claims since January 1, 2014.

**RESPONSE:**


**REQUEST NO. 31:** Copies of all personnel files of Defendant's employees who handled, reviewed, supervised and/or audited the Plaintiff's claims, including persons in the chain of command above these individuals up to the head of the claims department. In order to protect the privacy of the affected employees, Plaintiff agrees that none of these documents shall be used for any purpose outside this lawsuit or disseminated in any way or made available to the public without redacting the names and other identifying information pertaining to the employees.

**RESPONSE:**


**REQUEST NO. 32:** Any and all copies of documents referring to goals, targets, or objectives from January 1, 2014, to present, which are or have been communicated to

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : **000010 of 000012**

10

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                          06/26/2019 11:23:19 AM
                                                                                          65730-14

personnel handling, reviewing Plaintiff's claims or supervising those personnel who handled or reviewed Plaintiff's claims, are or have been eligible in the past, from January 1, 2014 to the present. This would include the claims handlers, supervisors, managers, or any other individuals in the chain of command up to the head of the claims department.

**RESPONSE:**


**REQUEST NO. 33:** All established training procedures for State Farm claim examiners and formal guidelines for the evaluation and investigation of claims, follow-up procedures for open claims, regular reviews, specific guidelines as to when additional investigation is necessary, and coverage investigations for first party claims.

**RESPONSE:**


Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**


*/s/ Jeffrey L. Freeman*
Sam Aguiar
Jeffrey L. Freeman
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com
terry@kylawoffice.com
*Counsel for Plaintiff*

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000011 of 000012

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-003158     05/22/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                         06/26/2019 11:23:19 AM
                                                                         65730-14

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Set of Requests for Production of Documents Propounded to Defendant, State Farm Mutual Automobile Insurance Company, was electronically filed with the Complaint and Summons in this action and a request made of the Circuit Clerk that the Notice be served with the Complaint and Summons upon the following:

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

      Serve: Corporation Service Company
           421 West Main Street
           Frankfort, KY 40601

                    */s/ Jeffrey L. Freeman*
                    *Counsel for Plaintiff*

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

IRPD : 000012 of 000012

12

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT

06/26/2019 11:24:33 AM
65730-14

CASE NO. 19-CI-003158

JEFFERSON CIRCUIT COURT
DIVISION FOUR (4)
JUDGE CHARLES L. CUNNINGHAM

***ELECTRONICALLY FILED***

LINDA DAVIS, Individually and On                                    PLAINTIFF
Behalf of All Others Similarly Situated


v.                          **FIRST AMENDED COMPLAINT**


STATE FARM MUTUAL AUTOMOBILE                                 DEFENDANT
INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

        SERVE:      Via Registered Agent
                      Corporation Service Company
                      421 West Main Street
                      Frankfort, KY 40601


-and-

STATE FARM FIRE & CASUALTY COMPANY
One State Farm Plaza
Bloomington, IL 61710

        SERVE:      Via Registered Agent
                      Corporation Service Company
                      421 West Main Street
                      Frankfort, KY 40601


*** *** *** *** *** ***


Plaintiff Linda Davis (hereinafter, "Plaintiff"), individually and on behalf of all other persons similarly situated, brings this Complaint against State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively referred to herein as "Defendant" and "State Farm") and, by and through her attorneys, alleges as follows:

AMC : 000001 of 000034

Filed          19-CI-003158    06/16/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                    06/26/2019 11:24:33 AM
                                                                                    65730-14

## INTRODUCTION

1.  State Farm has recently notified the Plaintiff and many other of its own Kentucky

    insureds who were seriously injured in accidents of the following:

    a.  The insureds were entitled to first party uninsured motorist (UM) or

        underinsured (UIM) coverage from State Farm for their injuries arising

        out of their accidents.

    b.  The available UM or UIM coverage was not disclosed to them or their

        counsel by State Farm.

    c.  State Farm did not previously open claims for the UM or UIM coverage,

        despite the insureds having the coverage and needing the coverage.

    d.  State Farm was only now, in most cases several years after the fact,

        opening up the claims and doing the investigations and evaluations which

        the insureds were lawfully entitled to have done following their accidents.

2.  State Farm's recent disclosures of available coverages are not unilateral, good

    faith efforts to correct simple mistakes. Rather, these notifications are the result

    of a compelled audit due to an exposed pattern and practice of State Farm of

    withholding the existence of coverage from its own Kentucky insureds and

    affirmatively advising Kentucky insureds (and their counsel) that coverage did

    not exist when it clearly did and was clearly needed by the insureds for their

    losses. State Farm's notification letters, along with any other recent efforts of

    exposure mitigation and remediation, do not undermine the egregious nature of

    their pattern and practice, which likely has still left several insureds uninformed

    that their insurer did not pay them or even tell them about tens or hundreds of

2

AMC : 000002 of 000034

Filed          19-CI-003158   06/16/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
06/26/2019 11:24:33 AM
65730-14

thousands of dollars of coverage which existed, which they needed and to which
they were entitled.

3. This is an action against State Farm for these violations of consumer protection
laws, unfair claims and settlement practices, bad faith, fraud, breach of fiduciary
duties and all other relief to which the Plaintiff, individually and on behalf of all
others similarly situated, is entitled.

## PARTIES

4. State Farm Mutual Automobile Insurance Company is an Illinois domiciled
corporation authorized to do business in the Commonwealth of Kentucky. Their
statutory home office is located at One State Farm Plaza, Bloomington, Illinois.
The company is and at all relevant times was, an insurer engaged in the
business of insurance, authorized to do business in Kentucky and in Jefferson
County, and actually doing business in Kentucky and Jefferson County.  State
Farm Mutual is also the parent company for multiple wholly owned subsidiaries.
For purposes of this action, the only subsidiary which would appear to carry
exposure herein is Defendant State Farm Fire & Casualty, which issues auto
policies to Kentucky insureds, many of which include UM and UIM coverages.

5. State Farm Fire & Casualty Company is an Illinois domiciled corporation
authorized to do business in the Commonwealth of Kentucky. Their statutory
home office is located at One State Farm Plaza, Bloomington, Illinois. The
company is and at all relevant times was, an insurer engaged in the business of
insurance, authorized to do business in Kentucky and in Jefferson County, and
actually doing business in Kentucky and Jefferson County.  State Farm Fire &

AMC : 000003 of 000034

3

Filed          19-CI-003158    06/16/2019      David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
06/26/2019 11:24:33 AM
65730-14

Casualty Company issues auto insurance policies throughout Kentucky, typically to those who do not qualify for State Farm Mutual products.

6. Linda Davis is, and was at all times herein referred to, a resident of Jefferson County, Louisville, Kentucky. At all times relevant herein, she was a State Farm policyholder and a State Farm insured for purposes of her UIM claims alluded to herein.

## JURISDICTION AND VENUE

7. Substantial acts giving rise to the causes of action asserted herein occurred in Kentucky and within Jefferson County.

8. The amount in controversy exceeds the minimum threshold of this Court

## FACTS

9. State Farm is the largest auto insurer in the country and in Kentucky, insuring nearly one out of five cars on the road nationwide and one out of six insured cars on the road in Kentucky.

10. In Kentucky, State Farm insures each vehicle through a separate auto policy. For example, if a family insures four vehicles with State Farm, each vehicle is assigned to its own insurance policy with its own specific coverages and its own specific declarations pages versus one policy and one declarations pages showing the coverages for the four vehicles.

11. State Farm's process of insuring one vehicle per policy is different from vast majority of large insurers in Kentucky. The next seven largest insurers in Kentucky by market share are Kentucky Farm Bureau, Progressive, Geico, Liberty Mutual, Allstate, USAA and Nationwide. Every one of these insurers

4

AMC : 000004 of 000034

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk     DOCUMENT
                                                                                           06/26/2019 11:24:33 AM
                                                                                           65730-14

assigns all private passenger vehicles insured by a policyholder to the same policy and issues a declarations page showing all the coverages for all the vehicles together in a manner which identifies for the policyholder on one document whether certain coverages exist on any vehicles.

12. State Farm, in addition to issuing separate policies for each vehicle, also engages in other actions which makes the process of identifying coverages unreasonably confusing and complicated for its Kentucky insureds.

13. For example, when Kentucky insureds are involved in accident and seek production of all potentially available coverages to them from State Farm for first-party claims, State Farm's pattern and practice for the past several years was to respond with a "Confirmation of Coverage" letter versus producing the declarations pages for each policy which could potentially afford coverage. The Confirmation of Coverage letter only identifies coverages for one policy, rather than all policies.

14. By only sending a Confirmation of Coverage letter with coverages for one policy, State Farm in many situations was grossly misleading its insureds as to the type and amounts of certain types coverages potentially available to their insureds for an accident. This is because certain coverages, such as UM, UIM and ARB, afford benefits to the policyholder and qualifying insureds regardless of whether the policies in which they were included insured the vehicle involved in the accident.

15. For example, consider a Kentucky State Farm policyholder who owned and insured four vehicles. He would have been issued a separate and unique State

AMC : 000005 of 000034

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-003158   06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:24:33 AM
65730-14

Farm auto policy for each vehicle. Vehicles A and B were each issued policies with 100,000/300,000 in UM and UIM. Vehicles C and D were issued policies with no UM or UIM. His daughter lived with him and also insured a vehicle with State Farm. Her policy contained $50,000/$100,000 in UM and UIM. The policyholder was involved in an accident in Vehicle C in which he suffered disabling injuries and hundreds of thousands of dollars in medical bills. The accident was caused by an underinsured tortfeasor. State Farm's pattern and practice for years was to send a Confirmation of Coverage in a situation such as this to the policyholder which only identified the coverages for the policy issued to Vehicle C. State Farm would not include in the letter any information disclosing to the policyholder that the UIM coverages within the policies of Vehicle A, Vehicle B and his daughter were all available to him for the accident. State Farm would not advise the policyholder that State Farm expected him to identify the coverages on his own and request for separate UIM claims to be opened under each policy. The result in this situation would be that State Farm, by misleading the policyholder to believe that he had no UIM coverage when in fact he qualified as an insured for $250,000 in stacking UIM coverages, would close its file and make no payments.

16. State Farm is required to act as a reasonably prudent auto insurance company when handling claims. This requirement includes, but is not limited to, disclosing all first party coverages available to their policyholders and first-party claimants which may afford coverage for damages arising out of an accident.

AMC : 000006 of 000034

6

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:24:33 AM
65730-14

17. State Farm, by and through its employees and agents, knows or in the exercise of ordinary care should know that it is obligated to fully disclose to its Kentucky insureds all first-party coverages to which they may be entitled under insuring State Farm auto policies following an auto accident.

18. State Farm, as custodian and issuer of the Kentucky auto policies, is in a position where it should be simple and routine to identify and disclose coverages to insureds.

19. The identification and disclosure of UM and UIM coverage to Kentucky insureds is not a complicated process for State Farm claims specialists and their supervisors.

20. State Farm's claims management software includes a tab which, at the onset of claims, allows the claims specialists and their supervisors to click a tab which identifies household policies which may afford coverage, including but not limited to UM and UIM, to the insured.

21. State Farm claims specialists and their supervisors have several other tools to identify coverages, including but not limited to State Farm intranet searches, requests for underwriting searches, inquiries to the agent, PM06 searches, policy master record searches, claims history searches and conversations with the insureds or their counsel.

22. Despite these resources, since at least 2014, State Farm has not advised thousands of their Kentucky insured claimants of the full amount of UM and UIM coverage that they have available to them for an accident.

AMC : 000007 of 000034

7

Filed 19-CI-003158 06/16/2019 David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630289)

PUBLIC COMMERCIAL DOCUMENT
06/26/2019 11:24:33 AM
65730-14

23. Many of these Kentucky State Farm insureds were seriously injured and needed the undisclosed UM and/or UIM coverages.

24. In several situations where State Farm did not disclose the full amounts of coverage, State Farm insureds had $100,000 or more of undisclosed UM or UIM available to them claims and their damages warranted full payment.

25. Linda Davis was one of the Kentucky insureds who was not told by State Farm that there was a policy with $100,000 in available UIM coverage.

26. Linda was badly injured in an accident. Her medical bills ultimately exceeded $350,000. The tortfeasor was underinsured. In August of 2016, State Farm extended an offer of $100,000 for the settlement of Ms. Davis' UIM claim, stating that "the offer represents the limits of her Underinsured Motorist Coverage."[1] In actuality, Linda Davis had $200,000 in UIM coverage with State Farm. State Farm did not disclose the existence of this other $100,000 in UIM coverage to Ms. Davis or her counsel at any time between the onset of her claims through April of 2019.

27. In 2018 and 2019, multiple lawsuits were filed against State Farm in Kentucky which alleged non-disclosure of coverages. Additionally, inquiries were made to State Farm from Kentucky state agencies and State Farm underwent a Market Conduct Examination.

28. This resulted in State Farm reviewing its prior claims to identify situations where UIM coverage was available to Kentucky insureds, needed by the insured and not disclosed.

---

[1] See Exhibit A

8

AMC : 000008 of 000034

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                            06/26/2019 11:24:33 AM
                                                                            65730-14

29. Beginning in May 2019, State Farm sent multiple letters to Kentucky insureds (or their counsel) stating that:

> "We have recently undertaken a review of the above-referenced claim that was submitted for Underinsured Motorist benefits. As a result of that review, we have identified coverage that may be available to (INSURED NAMEO) for this claim under one or more additional policies of insurance with State Farm. Consequently, we have reopened the claim in order to determine whether (INSURED NAME) is in fact eligible for additional coverage, and if so to give (INSURED NAME) the opportunity, if (INSURED NAME) sustained damages in excess of the amounts State Farm previously paid to (INSURED NAME) for this claim, to submit that additional information to State Farm for further consideration.[2]

30. Several law offices in Kentucky have received these letters in relation to dozens of State Farm insureds.

31. These letters from State Farm are not unsolicited acts of good faith. Rather, they are in response to audits which were the byproduct of exposing litigation and directives to the company through state agencies.

32. State Farm did not send letters to all insureds who were not informed of the existence of UM or UIM which was needed.

33. The number of instances and insureds damaged by State Farm's failure to disclose UM and/or UIM in situations where the insured ultimately needed the coverage are of a sufficient number to affirmatively demonstrate State Farm's patterns and practices.

---

[2] See Exhibit B for three examples of these letters

9

AMC : 000009 of 000034

Case 3:19-cv-00466-CRS   Document 1-1   Filed 06/27/19   Page 42 of 66 PageID #: 47

NOT ORIGINAL DOCUMENT
06/26/2019 11:24:33 AM
65730-14

34. State Farm claims specialists, however, are given incentives to not fully disclose or pay coverages.

35. The actions of State Farm, by and through its employees and agents, result in the company and employees profiting immensely while depriving their own insureds of tens and hundreds of thousands of dollars in benefits payments to which they are lawfully and contractually entitled.

## CLASS ALLEGATIONS

**Class Definition:**

The Class shall be defined as those who meet the following criteria

i.     The individual meets the definition of an insured for UM or UIM coverages under one or more Kentucky State Farm auto policies

      AND

ii.     The individual was injured in a motor vehicle accident

      AND

iii.     State Farm did not fully disclose all UM and/or UIM coverages available to the individual for his or her covered losses

      AND

iv.     The undisclosed UM and/or UIM coverages, had they been disclosed, would have been "payable" for the covered losses

      For purposes of the Class, "payable" is defined by instances where coverage was not disclosed in situations where:

      a.   For UIM coverage:

10

AMC : 000010 of 000034

       i.  The underlying bodily injury coverage available to the individual were exhausted

          OR

      ii.  Where underlying bodily injury coverage to the individual were not exhausted, BUT other UIM coverage which was disclosed to the individual were paid and exhausted

  b.  For UM coverage:

       i.  One or more tortfeasors were uninsured AND
          1.  The primary disclosed UM coverage was exhausted

              OR

          2.  There was no other available UM coverage other than that which was not disclosed

36. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

37. Excluded from the Class are:

  a.  Defendant and any entities in which Defendant has a controlling interest;

  b.  Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant;

  c.  The Judge to whom this case is assigned, and any member of the Judge's immediate family and any other judicial officer assigned to this case;

  d.  All persons or entities that properly execute and timely file a request for exclusion from the Class;

AMC : 000011 of 000034

11

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk    DOCUMENT
                                                                                    06/26/2019 11:24:33 AM
                                                                                    65730-14

    e.   Any attorneys representing the Plaintiff or the Class; and

    f.   All governmental entities.

## Numerosity

38. The individual Class members are so numerous that joinder of all members is impracticable. The Defendant has already notified a substantial number of Kentucky insureds of coverage which had been withheld. This number of individuals alone would make joinder impracticable.

39. The individual Class members are ascertainable. State Farm has already begun the process of identifying Class members, as evidenced by the letters to insureds and their counsel. Furthermore, as the Class Definition confirms, the members are readily ascertainable through a cross reference between a household insurance policy search versus: 1). Kentucky UM and UIM claims denied (or refused to be opened) on the basis of no coverage 2) Kentucky UM and UIM settlements for what were reported to be the full policy limits of all available coverages.

40. Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

## Commonality

41. The claims made by Plaintiff meet the commonality requirement.

42. The claims present shared questions of law and fact.

43. Resolving these questions will resolve the class-wide litigation.

44. These shared questions predominate over individual questions.

AMC : 000012 of 000034

12

Filed 19-CI-003158 06/16/2019 David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
06/26/2019 11:24:33 AM
65730-14

45. They include, without limitation:

   a. Whether the non-disclosure of coverage(s) amounted to consumer protection violations?

   b. Whether the non-disclosure of coverage(s) amounted to unfair claims and settlement practices?

   c. Whether the non-disclosure of coverage(s) amounted to bad faith?

   d. Whether the non-disclosure of coverage(s) amounted to fraud?

   e. What is the amount of pre-judgment interest to which the Class is entitled based upon the non-disclosure of coverage?

**Typicality**

46. Plaintiff is a member of the Proposed Class.

47. Plaintiff's claims are typical of the claims of the proposed Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Defendant.

48. Each Class member has sustained and will continue to sustain damages in the same manner as Plaintiff as a result of Defendant's wrongful conduct. Each Class member had UM or UIM coverage which was undisclosed to him or her and which was needed for the claim.

**Adequacy of Representation**

49. Plaintiff and counsel will fairly and adequately represent and protect the interests of the Class.

13

AMC : 000013 of 000034

Filed      19-CI-003158    06/16/2019      David L. Nicholson, Jefferson Circuit Clerk DOCUMENT

06/26/2019 11:24:33 AM
65730-14

50. There are no disabling conflicts of interest that would be antagonistic to those of the other members of the Class.

51. Plaintiffs seek no relief that is antagonistic or adverse to the members of the Class.

52. The infringement of the rights and the damages they Plaintiff has suffered are typical of other Class members.

**Superiority**

53. Class action litigation is an appropriate method for fair and efficient adjudication of the claims involved.

54. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein.

55. Class action will permit a large number of Class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require.

56. The nature of this action and the nature of Kentucky laws available to Plaintiff and the Class make the use of the class action efficient and the appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged.

57. State Farm is the largest auto insurer in the country with a surplus exceeding 100 billion dollars. State Farm would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources if each is forced to individually litigate.

14

AMC : 000014 of 000034

Filed          19-CI-003158   06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:24:33 AM
65730-14

58. Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

59. The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

**COUNT I**
**VIOLATIONS OF KRS 304.12-230**
**UNFAIR CLAIMS AND SETTLEMENT PRACTICES**

60. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein.

61. State Farm's actions and inactions described herein violate the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, *et. seq.*, in several manners, including but not limited to:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

15

AMC : 000015 of 000034

Filed          19-CI-003158      06/16/2019        David L. Nicholson, Jefferson Circuit Clerk

06/26/2019 11:24:33 AM
65730-14

e.  Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed

f.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise or settlement.

62. Pursuant to KRS 304.12-235, Plaintiff and the Class are entitled to recover a reasonable attorney fee for the aforementioned violation(s).

63. That as a result of State Farm's actions and inactions in violation of their obligations under KRS 304.12-230, State Farm has directly, foreseeably, and proximately caused damages to the Plaintiff and the Class.

## COUNT II
## BAD FAITH

64. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein.

65. In its handling of Plaintiff's and the Class's claims, State Farm violated its common law duties of good faith and fair dealing.

66. State Farm knew or should have known of the coverage available to the Plaintiff and the Class and either willfully failed to investigate the coverage or willfully and wantonly concealed it for the purpose of increasing its profits through the non-payment of claims.

16

AMC : 000016 of 000034

Filed 19-CI-003158 06/16/2019 David L. Nicholson, Jefferson Circuit Clerk DOCUMENT

06/26/2019 11:24:33 AM
65730-14

67. State Farm acted with a wanton and reckless indifference to its obligations under the law, under its duties of good faith and fair dealing, under the terms of the insurance policies and to the Plaintiff's and the Class's rights to compensation under the policies.

68. State Farm lacked a reasonable basis for failing to disclose Davis's and the Class's UM and/or UIM coverages to them and their respective counsel.

69. State Farm's conduct described herein is outrageous, fraudulent, oppressive and demonstrative of a reckless indifference to the rights of the Plaintiff and the Class.

70. The Plaintiff and the Class are entitled to damages, including but not limited to all those applicable under common law bad faith.

## COUNT III
## VIOLATION OF KENTUCKY CONSUMER PROTECTION ACT

71. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein.

72. The Kentucky Consumer Protection Act protects Kentucky's citizens from unfair, false, misleading and deceptive acts or practices in trade or commerce.

73. The Plaintiff and Class, as insureds under insurance policies which were purchased in Kentucky, are within the scope of those covered by the Consumer Protection Act.

74. The Consumer Protection Act has provided a statutory bad faith cause of action for first party claimants such as the Plaintiff and the Class.

17

AMC : 000017 of 000034

Filed          19-CI-003158    06/16/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
06/26/2019 11:24:33 AM
65730-14

75. State Farm failed to deliver financial services as specified in insurance policies affording coverage to the Plaintiff and the Class when losses occurred as described in the policies.

76. State Farm failed to even acknowledge and disclose the existence of these financial benefits to the Plaintiff and the Class for an unreasonable period of time.

77. State Farm's actions to the Plaintiff and the Class were false, misleading and deceptive.

78. State Farm's actions violated the Kentucky Consumer Protection Act, KRS 367.220.

79. State Farm's actions of withholding the existence of active, payable and needed coverages to its own insureds were unfair, false, misleading and deceptive.

80. State Farm's consumer protection violations included but were not limited to:

   a. Deceiving the Plaintiff and the Class as to the existence and amounts of insurance;

   b. Misleading the Plaintiff and the Class to believe that all available insurance was disclosed and all that was owed was paid;

   c. Unfairly acting in a manner to induce the Plaintiff and the Class to believe that settlements were for "policy limits" when State Farm knew or should have known that the amounts did not actually represent the full amounts of UM and/or UIM coverages available to the Plaintiff and the Class;

   d. Falsely advising the Plaintiff and the Class as to the amounts of UM and/or UIM coverage available to them for their injuries.

18

AMC : 000018 of 000034

81. State Farm's patterns and practices of withholding coverages for the purpose of increasing its profits and bonuses demonstrates fraudulent, misleading, deceptive and damaging conduct to its own insureds, including the Plaintiff and the Class, who expect and are entitled to have State Farm adhere to its promise of "paying what we owe: promptly, efficiently and courteously."

82. State Farm's actions are in violation of KRS 367.220 and have caused the Plaintiff and the Class to suffer damages.

83. Pursuant to KRS 367.220(3), Plaintiff is entitled to recover a reasonable attorney fee and the costs incurred for the aforementioned violation(s).

## COUNT IV:
## BREACH OF FIDUCIARY DUTIES

84. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein

85. State Farm, through its agents and employees, owed fiduciary duties to fairly, accurately and fully represent the terms and conditions of insurance policies to the Plaintiff and the Class.

86. State Farm, within its fiduciary relationships with the Plaintiff and the Class, owed them duties to treat them with honesty, utter good faith, loyalty, candor, due care and fair dealing.

87. State Farm, within its fiduciary relationships with the Plaintiff and the Class, owed them duties to disclose all insurance coverages available to them for a loss and adhere to their reasonable expectations that they would receive all benefits to which they were entitled.

AMC : 000019 of 000034

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk OCUMENT
06/26/2019 11:24:33 AM
65730-14

88. State Farm, within its fiduciary relationships with the Plaintiff and the Class, owed them duties to accurately and promptly disclose coverages and produce coverage documents when requested.

89. The Defendant breached their fiduciary duties owed to the Plaintiff and the Class.

90. Plaintiff and the Class suffered damages as a direct and proximate result.

## COUNT V
## FRAUDULENT MISREPRESENTATION

91. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein

92. State Farm, by and through its employees and agents, misrepresented the amount of UM and/or UIM coverage available to the Plaintiff and the Class.

93. State Farm knew that the representations were false and also knew that the Plaintiff and the Class were due UM and/or UIM benefits under State Farm policies.

94. State Farm made the misrepresentations of material contractual facts and false statements with inducement to be acted upon.

95. The Plaintiff and the Class relied upon and acted upon State Farm's fraudulent misrepresentations of material facts.

96. The Plaintiff and the Class has suffered and will continue to suffer damages as a result of State Farm's fraudulent misrepresentations.

AMC : 000020 of 000034

20

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                      06/26/2019 11:24:33 AM
                                                                                      65730-14

## COUNT VI
## FRAUD BY OMISSION

97. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein.

98. State Farm omitted material facts as to the existence of available contractual coverages to the Plaintiff and the Class.

99. State Farm had a duty to disclose to the Plaintiff and the Class the fact that there was additional UM and/or UIM coverage available to them for their injuries.

100. State Farm failed to disclose these facts.

101. State Farm omitted the existence of coverage with the inducement to be acted and relied upon. The Plaintiff and the Class indeed acted and relied upon the same as they did not proceed with pursuing claims for these UM or UIM benefits for significant periods of time.

102. The Plaintiff and the Class suffered actual damages as a result of Defendant's fraudulent omissions.

## COUNT VII
## GROSS NEGLIGENCE

103. Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein

104. State Farm breached several duties of care owed to the Plaintiff and the Class, with each serving as a direct and proximate cause of the damages to the Plaintiff and the Class.

21

AMC : 000021 of 000034

Filed          19-CI-003158    06/16/2019          David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT
                                                                                06/26/2019 11:24:33 AM
                                                                                65730-14

105.    State Farm's conduct was willful, wanton, reckless and grossly negligent.

## COUNT VIII
## VICARIOUS LIABILITY & RESPONDEAT SUPERIOR

106.    Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein

107.    State Farm's employees and agents engaged in the actions and omissions described herein which give rise to liability.

108.    The actions and omissions of State Farm's employees and agents were:

    a.  Within the course and scope of their employment or agency relationship with State Farm;

    b.  In furtherance of State Farm's business or interests;

    c.  Calculated to advance the goals of State Farm;

    d.  Made as part of everyday acts commonly pursued by the employees and agents in the regular routine of employment

109.    The actions and omissions of State Farm's employees and agents are imputed to State Farm through respondeat superior.

## COUNT IX
## PUNITIVE DAMAGES

110.    Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein.

AMC : 000022 of 000034

22

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
06/26/2019 11:24:33 AM
65730-14

111.   The Plaintiff and the Class are entitled to punitive damages pursuant to common law, KRS 304.12-230, KRS 367.220, KRS 411.184, and KRS 411.186, and all other applicable governing authorities.

112.   Punitive damages exist in Kentucky to punish and discourage certain types of bad behavior. They are necessary in this case to punish State Farm, discourage bad behavior, deter future wrongdoing, and demonstrate an expression of moral condemnation.

113.   State Farm acted with fraud, oppression and/or malice.

114.   State Farm was grossly negligent.

115.   State Farm's conduct evinced an indifference to or a reckless disregard for its own insureds.

116.   The targets of State Farm's conduct had financial vulnerability.

117.   State Farm's conduct involved repeated actions.

118.   The harms caused by State Farm were the result of intentional malice, trickery and deceit.

119.   State Farm's culpability is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

120.   State Farm knew there was a substantial likelihood at the relevant times that serious harm would arise from their non-disclosures of needed UM and UIM coverages to insureds.

121.   State Farm stood to profit immensely from their conduct. They didn't disclose millions of dollars of coverage which was owed and payable to their insureds.

AMC : 000023 of 000034

23

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk
                                                                                          FILED DOCUMENT
                                                                                06/26/2019 11:24:33 AM
                                                                                          65730-14

122.   The duration of the misconduct by State Farm was substantial. While the company letters demonstrate that the conduct took place for a minimum of five years, it is possible that the conduct has been ongoing for decades.

123.   State Farm concealed their actions in several ways, including but not limited to sending letters identifying coverages for one policy versus all household first part coverages on all policies.

124.    State Farm further conceals its actions by not producing Kentucky UM and UIM claims payouts within its public regulatory filings.

125.   State Farm's remedial efforts are disingenuous; those which the company has made have only been due to compelled audits.

126.   The degree of reprehensibility of State Farm's conduct was substantial.

127.   The harms to State Farm's own insureds as a result of State Farm's conduct were substantial, in many cases depriving the insureds of $100,000 or more in insurance payouts in situations where the insureds were in dire need of the benefits.

## COUNT X
## DECLARATION OF RIGHTS

128.   Plaintiff, individually and on behalf of all others similarly situated, repeats, realleges, and incorporates by reference each of the foregoing allegations of this Complaint as if fully set forth herein.

129.   Pursuant to KRS 418.040, an actual controversy exists regarding the right and level interest owed by State Farm in relation to their overdue payments.

AMC : 000024 of 000034

24

Filed        19-CI-003158   06/16/2019        David L. Nicholson, Jefferson Circuit Clerk    DOCUMENT
06/26/2019 11:24:33 AM
65730-14

130.    Pursuant to KRS 418.045, the Plaintiff and the Class fall within the scope of those who may seek a declaration of rights regarding contractual matters in controversy.

131.    The Plaintiff and the Class seek a Declaration from the Court that State Farm, in failing to promptly identify, disclose and/or pay the UM and UIM coverages owed, failed to comply with its contractual, statutory and common law obligations of making timely payments to the Plaintiff and the Class of amounts due under the policies.

132.    The Plaintiff and the Class seek a Declaration from the Court that the Plaintiff and the Class are entitled to prejudgment interest payments from State Farm on the amounts already offered and/or paid by State Farm under these previously undisclosed UM and/or UIM coverages and on amounts which are subsequently offered and/or paid to the Plaintiff and the Class under previously undisclosed UM and/or UIM coverages.

133.    Plaintiff seeks a Declaration that prejudgment interest, at a minimum, shall account for the following:

a.  For UM and UIM claims where the underlying coverage limits were paid and the previously undisclosed UM and UIM coverage has since been paid:

i.  Interest from the date of the underlying settlements through the date State Farm made payment on the previously undisclosed coverage;

25

AMC : 000025 of 000034

Filed          19-CI-003158     06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/26/2019 11:24:33 AM
65730-14

b. For UM and UIM claims where the underlying coverage limits were paid and the previously undisclosed UM and UIM coverage has since been disclosed but not paid:

    i. Interest from the date of the underlying settlements through the date State Farm made an offer for the full coverage limits on the previously undisclosed coverage or an offer which represented a good faith offer of settlement

c. For UM claims where one or more of the tortfeasors were uninsured:

    i. Interest from the date UM coverage was requested from State Farm through the date State Farm made an offer for the full coverage limits on the previously undisclosed coverage or an offer which represented a good faith offer of settlement

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays:

A.    That the Court determine that this action may be maintained as a class action under CR 23, that the Plaintiff is proper class representative, and her counsel is adequate class counsel;

B.    That the Court certify the Class identified above;

C.    That judgment be entered against State Farm and in favor of Plaintiff and the Class on the Causes of Action in this Complaint

D.    That declaratory and other equitable relief be granted as requested above;

E.    That Plaintiff and the Class be awarded all actual, compensatory,

26

AMC : 000026 of 000034

Filed          19-CI-003158   06/16/2019        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                         06/26/2019 11:24:33 AM
                                                                         65730-14

punitive and other damages to which they are entitled in an amount to be determined at trial;

F.     That judgment be entered imposing prejudgment interest, post-judgment interest, litigation costs, and attorneys' fees against State Farm;

G.     That the Court immediately enter an Order (1) enjoining State Farm from engaging in the activity described above, (2) requiring State Farm to immediately review all claims to determine the members of the Class in the manner identified above (3) enjoin State Farm from asserting the statute of limitations of a prospective Class member for any UM and/or UIM claim during the pendency of this action and until such time as the true extent of State Farm's actions can be discovered and analyzed.

H.     For all other and further relief as this Court may deem necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*
Sam Aguiar
Jeffrey Freeman
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffice.com
jfreeman@kylawoffice.com

*Counsel for Plaintiff*

27

AMC : 000027 of 000034

Filed   19-CI-003158   06/16/2019   David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
06/26/2019 11:24:33 AM
65730-14

Filed        19-CI-003158   06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

AMC : 000028 of 000034

# EXHIBIT A

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **State Farm**®

August 01, 2016

O'koon Hintermeister, PLLC
500 West Jefferson Street
1100 Pnc Plaza
Louisville KY 40202

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:        17-524K-369
      Date of Loss:        September 12, 2014
      Our Insured:         Linda Davis
      Your Client(s):      Linda Davis

Dear Mr. Jeffrey L. Freeman:

As we discussed, State Farm has extended an offer of $100,000 for the settlement of Ms. Davis' injury claim. The offer represents the limits of her Underinsured Motorist Coverage.

Please advise if there are any government liens that need to be protected for her settlement. Once we verify whether there are any applicable liens, we will issue the settlement draft(s) accordingly.

I look forward to hearing from you in the near future.

Sincerely,

Eileen Aguilar
Claim Specialist
(480) 842-3928
Fax:   (855) 820-6318

State Farm Mutual Automobile Insurance Company

AMC : 000029 of 000034

06/26/2019 11:24:33 AM
65730-14

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

🐾 **StateFarm**®

July 20, 2015

O'koon Hintermeister, Pllc
500 West Jefferson Street
1100 Pnc Plaza
Louisville KY  40202

**Centralized Medical Unit**
P.O. Box 661031
Dallas TX 75266-1031

RE:   Claim Number:        17-524K-369
      Date of Loss:        September 12, 2014
      Our Insured:         Michael D Davis
      Your Client:         Linda Davis

To Whom It May Concern:

Enclosed is a Confirmation of Coverage for the policy that was in force on behalf of Michael D Davis.

If you have any questions, please contact us.

Sincerely,

*LaTonya Wynne*

LaTonya Wynne
Claim Representative
(877) 236-5890 Ext. 6156923794

State Farm Mutual Automobile Insurance Company

Enclosure(s):  Confirmation of Coverage

AMC : 000030 of 000034

Filed   19-CI-003158   06/16/2019   David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
06/26/2019 11:24:33 AM
65730-14



# Confirmation of Coverage

17-524K-369
Claim Number

This policy is issued by:

- ☒ State Farm Mutual Automobile Insurance Company
- ☐ State Farm County Mutual Insurance Company of Texas
- ☐ State Farm Fire and Casualty Company
- ☐ State Farm Lloyds
- ☐ State Farm Indemnity Company
- ☐ State Farm Guaranty Insurance Company
- ☐ State Farm Florida Insurance Company
- ☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This confirms that policy number 676958417G, covering a(n) 1998 Cadillac DEVILLE, 1G6KE54Y9WU766353, was issued to Linda Davis and Michael D Davis and was in effect on the accident date of September 12, 2014. The coverages and limits of liability for this policy on that date were:

A 250/500/100,D100,G250,H,U 100/300,W 100/300,P304

Claim Team Manager

AMC : 000031 of 000034

Filed          19-CI-003158    06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

# Exhibit B

EFILED DOCUMENT
06/26/2019 11:24:33 AM
65730-14

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

**StateFarm®**

May 24, 2019

Aguiar Injury Lawyers
1201 Story Ave Ste 301
Louisville KY  40206-1762

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:   17-524K-369
       Date of Loss:    September 12, 2014
       Our Insured:     Michael D Davis
       Your Client:     Linda Davis

Dear Jeffrey Freeman:

This letter will acknowledge your representation of Linda Davis.

I have located another policy in the household for additional Uninsured/Underinsured Motorist coverage.  A claim is being established and all household policies are being re-requested including the Personal Injury Liability Policy.  I will be in contact with you shortly to resolve the claim promptly.

We look forward to working with you on the resolution of this claim. If you have any questions, please contact us.

Sincerely,

Desna Venise Hall
Claim Specialist
(480) 842-3937

State Farm Mutual Automobile Insurance Company

AMC : 000032 of 000034

**DUE TO PROTECTION OF PRIVACY OBLIGATIONS AND INTERNAL SYSTEM INTEGRITY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY DOES NOT ACCEPT TIME-SENSITIVE OR ACTION-ORIENTED MESSAGES DELIVERED VIA EMAIL THAT INVOLVE ACCESSING A CYBERLINK, APPLICATION, DIGITAL DROPBOX OR OTHER THIRD-PARTY DOCUMENT SERVICE.**

Filed          19-CI-003158    06/16/2019          David L. Nicholson, Jefferson Circuit Clerk

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

**&State Farm®**

May 09, 2019

Sam Aguiar Injury Lawyers                    **State Farm Claims**
1201 Story Ave Ste 301                        PO Box 106171
Louisville KY  40206-1762                     Atlanta GA 30348-6171

RE:   Claim Number:        17-774M-480
      Date of Loss:        October 12, 2015
      Our Insured:         Thomas Chapman
      Policy Number:       274382017A
      Your Client(s):      Thomas Chapman

Dear Counsel:

We have recently undertaken a review of the above-referenced claim that was submitted for
Uninsured Motorist benefits. As a result of that review, we have identified coverage that may be
available to Thomas Chapman for this claim under one or more additional policies of insurance
with State Farm. Consequently, we have reopened the claim in order to determine whether
Thomas Chapman  is in fact eligible for additional coverage, and if so to give Thomas Chapman
the opportunity, if Thomas Chapman  sustained damages in excess of  the amounts State Farm
previously paid to Thomas Chapman  for this claim, to submit that additional information to State
Farm for further consideration.

Please contact Daniel Nash to review this claim.

Sincerely,

Daniel Nash
Claim Specialist
(480) 842-3921
Fax: (855) 820-6318

State Farm Mutual Automobile Insurance Company

AMC - 000033 of 000034

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

🏛 **State Farm®**

May 10, 2019

Bryant Law Center
PO Box 1876
Paducah KY 42002-1876

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:        17-8M15-328
       Date of Loss:         April 28, 2016
       Our Insured:          Thomas R Davis
       Policy Number:        165401317A
       Your Client(s):       The Estate of Thomas R Davis

Dear Counsel:

We have recently undertaken a review of the above-referenced claim that was submitted for
Underinsured Motorist benefits.  As a result of that review, we have identified coverage that may
be available to  The Estate of Thomas R Davis  for this claim under one or more additional
policies of insurance with State Farm.  Consequently, we have reopened the claim in order to
determine whether  The Estate of Thomas R Davis is in fact eligible for additional coverage, and
if so to give  The Estate of Thomas R Davis the opportunity, if  The Estate of Thomas R Davis
sustained damages in excess of  the amounts State Farm previously paid to  The Estate of
Thomas R Davis for this claim, to submit that additional information to State Farm for further
consideration.

Please contact Daniel Nash to review this claim.

Sincerely,

Daniel Nash
Claim Specialist
(480) 842-3921
Fax: (855) 820-6318

State Farm Mutual Automobile Insurance Company