UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LINDA DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.<br><br>Defendants. | Case No. 19-cv-00466-CRS<br><br>*Electronically Filed* |

**THE STATE FARM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, the "State Farm Defendants") respectfully submit this brief in support of their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

**INTRODUCTION AND BACKGROUND**

According to the FAC, Plaintiff Linda Davis ("Plaintiff") was injured in an automobile accident with an underinsured motorist on September 12, 2014, and her medical bills exceeded $350,000. FAC ¶ 26 & Ex. A at 1. Plaintiff alleges that "[a]t all times relevant," she was "a State Farm policyholder and a State Farm insured" for purposes of the claims alluded to in the FAC. FAC ¶ 6. Plaintiff attaches to the FAC a Confirmation of Coverage letter which states

---

[1] State Farm Fire is moving to dismiss the FAC in its entirety, while State Farm Mutual is moving to dismiss only certain claims. In accordance with what it understands to be the practice in this district, State Farm Mutual is not at this time filing an answer to the counts that it is not seeking to dismiss. It stands ready to do so, however, if that is the Court's preference.

that, on the date of loss, there was in effect a State Farm Mutual auto insurance policy issued to Plaintiff and her husband for their 1998 Cadillac Deville (the "Cadillac Policy"), which included UIM coverage with individual limits of $100,000. Ex. A at 3. On August 1, 2016, State Farm Mutual offered to settle Plaintiff's UIM claim for $100,000—the limits of the UIM coverage on the Cadillac Policy. FAC ¶ 26 & Ex. A. at 1, 3.[2] Plaintiff alleges that an additional $100,000 in UIM coverage was available to her under another household policy, but that the State Farm Defendants failed to disclose the existence of this additional coverage until after April 2019. FAC ¶ 26 & Ex. B.

Based on these factual allegations, Plaintiff brings claims against both State Farm Defendants for violation of the Kentucky Unfair Claims and Settlement Practices Act, KRS 304.12-230, *et seq*. ("KUCSPA") (Count I), common law bad faith (Count II), violation of the Kentucky Consumer Protection Act, KRS 367.220 ("KCPA") (Count III), breach of fiduciary duties (Count IV), fraudulent misrepresentation (Count V), fraud by omission (Count VI), gross negligence (Count VII), vicarious liability and respondeat superior (Count VIII), punitive damages (Count IX) and a declaration of rights (Count X). As set forth below, the FAC must be dismissed in its entirety as to State Farm Fire, because Plaintiff alleges no facts showing that she has standing to sue State Farm Fire or that she has any plausible claim against that entity. In addition, Plaintiff's claim for violation of the KCPA must be dismissed as to State Farm Mutual because it is barred by the applicable statute of limitations, and her claim for breach of fiduciary duties must be dismissed because the FAC fails to allege sufficient facts to state a plausible claim for relief. Finally, Plaintiff's gross negligence claim against State Farm Mutual must be dismissed because Kentucky law does not support such a cause of action by an insured against

---

[2] State Farm made that offer within three weeks of being advised by Plaintiff's counsel that she would be pursuing a claim for UIM benefits. *See* Complaint (Dkt. 1-1, hereafter "Original Compl."), ¶¶ 17-18.

2

her insurer. Even if it did, Plaintiff's conclusory allegations here would be insufficient to state such a claim.

## ARGUMENT

**I.    LEGAL STANDARD**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if the court lacks subject matter jurisdiction over the plaintiff's claims. The party invoking a court's jurisdiction bears the burden of establishing "[t]he irreducible constitutional minimum of standing": (1) the plaintiff suffered a concrete, personal injury in fact; (2) the injury is "fairly traceable" to the challenged conduct of the defendant; and (3) there is a "substantial likelihood" that a favorable decision will redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). If a plaintiff lacks Article III standing, the court is without subject matter jurisdiction to hear his or her claim. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). In evaluating a motion to dismiss under Rule 12(b)(1) for lack of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must contain enough factual matter "to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). In ruling on a motion to dismiss, a court must accept the well-pleaded factual allegations of the complaint, but it is not bound to accept "mere conclusory statements" or unsupported legal conclusions. *Id.*; *see also Twombly*, 550 U.S. at 555 (same). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief," as required by Rule 8, and it should be dismissed. *Iqbal*, 556 U.S. at 679 (internal quotations omitted); *see also Twombly*, 550 U.S. at 570 (a complaint "must be dismissed" where it fails to allege sufficient facts to "nudge[]" the asserted claims "across the line from conceivable to plausible").

**II.  PLAINTIFF'S CLAIMS AGAINST STATE FARM FIRE SHOULD BE DISMISSED FOR LACK OF STANDING OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE ANY PLAUSIBLE CLAIM AGAINST THAT ENTITY.**

To establish standing, a plaintiff's injury must be fairly traceable to the challenged conduct of the defendant and "not the result of the independent action of some third party." *Wall v. Michigan Rental*, 852 F.3d 492, 495 (6th Cir. 2017); *United States v. Carroll*, 667 F.3d 742, 745 (6th Cir. 2012). Plaintiff's auto insurance policies, out of which her claims arise, were issued by State Farm Mutual, not State Farm Fire. FAC Ex. A at 3; *see also* Certified Policy No. 676 9584-F01-17G, covering Plaintiff's 1998 Cadillac Deville, attached hereto as Exhibit 1.[3] As Plaintiff's own allegations make clear, State Farm Fire is a different company from State Farm Mutual. *See* FAC ¶¶ 4-5. Plaintiff does not allege that she was entitled to coverage for her injuries sustained in the September 12, 2014 accident under any policy issued by State Farm

---

[3]  The Court may consider the Certified Policy attached as Exhibit 1, as well as Certified Policy No. 643 7893-F02-17H, covering Plaintiff's 2004 Jeep Grand Cherokee, which is attached as Exhibit 2, because they are referred to in the FAC and are central to the claims contained therein. *See* FAC ¶ 26 & Exs. A and B. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion to dismiss, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

4

Fire. A plaintiff has no standing to bring claims arising from an insurance policy against an entity that did not issue the policy. *See Davis v. Mut. Life Ins. Co.*, 6 F.3d 367, 387 (6th Cir. 1993) (holding policyholder of one insurer lacks standing to raise claims on behalf of policyholders of a different insurer).

Plaintiff in fact alleges no coverage connection at all between herself and State Farm Fire, or any wrongful conduct directed toward her by State Farm Fire. Instead, Plaintiff attempts to "lump" State Farm Mutual and State Farm Fire together by using the singular term "Defendant" or "State Farm" to refer to both entities. FAC at 1. This improper method of pleading glosses over legal distinctions between separate entities and repeatedly has been rejected by the Sixth Circuit and other courts. *See, e.g., Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011) (rejecting theory of liability where complaint included only "generic references to the misconduct of 'all Defendants'" but failed to "link" insurer to these factual allegations); *Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001) (affirming dismissal of complaint because "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [the Rule 8 pleading standard]"); *Thieneman v. Smith*, No. 3:17-cv-292-DJH, 2018 WL 1522357, at *8 (W.D. Ky. Mar. 28, 2018) ("[Plaintiff's] blanket allegations against 'All Defendants' are insufficient to avoid dismissal of his [claim].").

Thus, Plaintiff fails to demonstrate that her alleged injury is "fairly traceable" to State Farm Fire. *See Davis*, 6 F.3d at 387; *Carroll*, 667 F.3d at 745; *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (plaintiff lacked standing to sue an insurer "because he did not buy any policy from [the insurer] and so did not suffer any injury due to [the insurer's] conduct"). Likewise, Plaintiff cannot demonstrate that a favorable decision from this Court

5

against State Farm Fire would redress her injuries. This Court therefore should dismiss Plaintiff's claims against State Farm Fire under Rule 12(b)(1) for lack of subject matter jurisdiction.

Alternatively, Plaintiff's claims against State Farm Fire should be dismissed under Rule 12(b)(6) for failure to state a claim.[4] Because Plaintiff identifies no underlying insurance contract between herself and State Farm Fire that would have provided coverage for her injuries sustained in the September 2014 accident, Plaintiff's statutory (Count I) and common law (Count II) bad faith claims, as well as her claim for violation of the KCPA (Count III), fail for lack of privity. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."); *Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 3d 695, 702 (W.D. Ky. 2013) (dismissing KCPA claim for lack of privity).

Similarly, Plaintiff alleges no facts establishing any duty owed to her by State Farm Fire that would support her claims for breach of fiduciary duties (Count IV) and gross negligence (Count VII), even assuming that the latter claim can be brought by an insured against her insurer. *See, e.g., Cemex, Inc. v. LMS Contracting, Inc.*, No. 3:06CV-124-H, 2009 WL 3171977, at *5 (W.D. Ky. Sept. 28, 2009) (dismissing negligence claim due to lack of privity).

Plaintiff's fraud claims (Counts V and VI) fail—both under the general Rule 8 notice pleading standard, as well as the heightened standard under Rule 9(b)—because Plaintiff alleges no misrepresentations or omissions by State Farm Fire regarding the UIM benefits available to her. *See Bondex*, 667 F.3d at 681; *Morris v. Tyson Chicken, Inc.*, No. 4:15-CV-00077-JHM, 2015 WL 7188479, at *8 (W.D. Ky. Nov. 13, 2015) (dismissing fraud claims against certain

---

[4] As discussed further below, Counts III, IV and VII also fail to state claims as to State Farm Mutual, for reasons independent of those set forth here. *See infra* Sections III-V. Those additional arguments apply with at least equal force to State Farm Fire as they do to State Farm Mutual.

6

defendants for lack of particularity under Rule 9(b), where complaint grouped all defendants together). And finally, Plaintiff's derivative claims for vicarious liability (Count VIII), punitive damages (Count IX), and a declaration of rights (Count X) fail along with the underlying substantive claims. *See, e.g.*, K.R.S. § 418.040 (plaintiff may seek a declaration of rights "[i]n any action . . . wherein it is made to appear that an actual controversy exists"). Thus, if the Court does not dismiss the FAC as to State Farm Fire for lack of standing under Rule 12(b)(1), the Court should dismiss, with prejudice, all Plaintiff's claims against State Farm Fire under Rule 12(b)(6) for failure to state a claim.

### III. PLAINTIFF'S KENTUCKY CONSUMER PROTECTION ACT CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

A claim for violation of the KCPA must be brought within two years after the alleged violation occurred. KRS § 367.220(5); *Mitchell v. General Motors LLC*, No. 13-CV-498-CRS, 2014 WL 1319519, at *4 (W.D. Ky. Mar. 31, 2014). Neither the discovery rule nor the fraudulent concealment doctrine tolls the KCPA's two-year statute of limitations. *Mitchell*, 2014 WL 1319519, at *4; *see also Bennett v. Ford Motor Co.*, 5:07-CV-115-R, 2008 WL 920745, at *3 (holding that the discovery rule does not apply to violation of the KCPA). Accordingly, the statute of limitations is measured from the date that the act or practice about which the plaintiff complains occurred and her cause of action accrued. *See Hathaway v. Continental Assurance Co.*, No. 103-CV-6-R, 2006 WL 83436, at *3 (W.D. Ky. Jan. 10, 2006) (dismissing KCPA claim not filed within two years of processing of insurance application alleged to have been improperly handled).

In this case, Plaintiff complains that, on July 20, 2015, State Farm Mutual sent her counsel a Confirmation of Coverage letter that failed to disclose all of the policies providing UIM coverage to Plaintiff that were in effect on the date of loss. FAC ¶¶ 15, 24-25 & Ex. A.

7

Plaintiff further alleges that on August 1, 2016, State Farm Mutual extended an offer of $100,000 for the settlement of her injury claim, stating that this offer represented "the limits of her Underinsured Motorist Coverage." FAC ¶¶ 25-26 & Ex. B. Plaintiff's asserted KCPA claim thus accrued, at the latest, on August 1, 2016. Plaintiff did not bring a claim for that alleged violation, however, until May 22, 2019—substantially more than two years after the purported violation. *See* Original Compl. Plaintiff's KCPA claim is therefore time-barred, and Count III of the FAC should be dismissed.

**IV.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY.**

To state a claim for breach of fiduciary duty under Kentucky law, a plaintiff must allege "(1) the existence of a fiduciary duty; (2) the breach of that duty; (3) injury; and (4) causation." *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 193 (Ky. 2013), *as modified* (Feb. 20, 2014). Kentucky law recognizes that "the 'circumstances which may create a fiduciary relationship are so varied' as to resist simple classification." *Argotte v. Northwestern Mut. Life Ins.*, 99 F. Supp. 3d 726, 734 (W.D. Ky. 2015) (quoting *Steelvest, Inc. v. Scansteel Serv. Co.*, 807 S.W.2d 476, 485 (Ky. 1991)). Although an insurance contract creates a fiduciary duty owed by the insurer to its insured that gives rise to the cause of action for bad faith, it does not automatically create a fiduciary relationship that can support an independent cause of action for breach of fiduciary duty. *Argotte*, 99 F. Supp. 3d at 734-35. Rather, the existence of a fiduciary relationship is determined from the circumstances of each case, which "must demonstrate an established trust between the parties based on an exchange of confidences." *Id.* at 735 (internal quotation marks omitted).

The only fact Plaintiff alleges about her relationship with State Farm Mutual is the existence of the two insurance policies that provided UIM coverage for her injuries sustained in

8

the September 2014 accident. And Plaintiff's conclusory allegation that "State Farm . . . owed fiduciary duties to fairly, accurately and fully represent the terms and conditions of insurance policies to the Plaintiff," FAC ¶ 85, is plainly insufficient under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678 (stating that courts assessing the sufficiency of a complaint should disregard unsupported conclusory allegations and legal conclusions). Plaintiff's FAC thus fails to demonstrate "a relationship of trust necessary to establish a fiduciary duty." *Argotte*, 99 F. Supp. 3d at 735. Rather, as in the *Argotte* case, Plaintiff's purported fiduciary duty claim "essentially mirror[s]" her bad faith claims. *Id.* (granting summary judgment on plaintiff's fiduciary duty claim). As a result, Count IV of the FAC fails to state a claim and should be dismissed.

V.   **PLAINTIFF CANNOT STATE A CLAIM FOR GROSS NEGLIGENCE**

Count VII of the FAC purports to assert a claim for gross negligence. The State Farm Defendants are not aware of any case in which a court has recognized a claim for gross negligence by a policyholder against her insurance company under Kentucky law. The absence of such authority makes sense, because allowing such a cause of action has the potential to undermine the rigorous standard that Kentucky courts have crafted for bad faith claims. *See, e.g.*, *National Sur. Corp. v. Hartford Cas. Ins. Co.*, 502 F. App'x 425, 428 (6th Cir. 2012) (stating that, to prevail on a bad faith claim under Kentucky law, a plaintiff "must demonstrate that an insurer has engaged in outrageous conduct toward its insured. Furthermore, the conduct must be driven by evil motives or by an indifference to its insureds' rights.") (internal quotation marks omitted); *Powell v. Cherokee Ins. Co.*, 919 F. Supp. 2d 873, 879 (W.D. Ky. 2013) (same). Indeed, the Sixth Circuit has expressly warned against conflating gross negligence with Kentucky's bad faith standard. *See National Sur. Corp.*, 502 F. App'x at 429 (observing that

insured's reliance "on gross negligence to prove its bad faith claim" was "erroneous[]" and "skews Kentucky's bad faith standard").

"A federal court should hesitate to expand the scope of state law without guidance from that state's highest court." *In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 856 F.Supp.2d 904, 913 (E.D. Ky. 2014); *see also Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004) (noting that federal courts should be reluctant to speculate on state law trends). Given the absence of any authority from the Kentucky Supreme Court suggesting that it would recognize a cause of action other than bad faith allowing for an award of punitive damages in favor of a policyholder against an insurer, this Court should decline to expand the potential scope of insurer tort liability, and should dismiss Plaintiff's claim for gross negligence.

In addition, even if an insured could bring a gross negligence claim against her insurer under Kentucky law, the scant allegations set forth here are insufficient to state such a claim. Plaintiff alleges in wholly conclusory fashion that the State Farm Defendants "breached several duties of care owed to the Plaintiff" and that this conduct "was willful, wanton, reckless and grossly negligent." FAC ¶¶ 104-05. These unsupported, conclusory allegations are insufficient under the pleading standard set forth by the Supreme Court in *Iqbal* and *Twombly*, *see supra* at 3-4. They also fail to distinguish Plaintiff's purported claim for gross negligence from her bad faith claims in any way. *See National Sur. Corp.*, 502 F. App'x at 429 (observing that conflating bad faith and gross negligence is "erroneous[]"). For this reason as well, Count VII of the FAC should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the State Farm Defendants respectfully request that this Court dismiss the First Amended Complaint in its entirety against State Farm Fire and Casualty

Company, and dismiss Counts III, IV and VII against State Farm Mutual Automobile Insurance Company.

/s/ David T. Klapheke
David T. Klapheke
BOEHL STOPHER & GRAVES, LLP
400 W. Market Street, Suite 2300
Louisville, KY 40202
502-589-5980
dklapheke@bsg-law.com

Joseph A. Cancila, Jr. (*pro hac vice*)
Sondra A. Hemeryck (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
312-471-8700
jcancila@rshc-law.com
shemeryck@rshc-law.com

*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all of the following CM/ECF participants:

**Sam Aguiar**
**Jeffrey L. Freeman**
Sam Aguiar Injury Lawyers, PLLC
1201 Story Avenue, 3rd Floor
Louisville, KY 40206
(502) 400-6969
Fax: (502) 491-3946
Sam@kylawoffice.com
jfreeman@kylawoffice.com

/s/ David T. Klapheke
David T. Klapheke

11