## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

LINDA DAVIS and JAMES NASH[1],
individually and on behalf of all others
similarly situated,

        Plaintiffs,

    vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.

        Defendants.

Case No. 19-cv-00466-CRS

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiffs Linda Davis ("Davis") and James Nash ("Nash") (collectively, "Representative Plaintiffs"), on behalf of themselves and each member of the Settlement Classes as defined herein, on the one hand, and Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, "State Farm" or "Defendants"), on the other.  Representative Plaintiffs and State Farm are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, in Kentucky, Uninsured Motorist ("UM") or Underinsured Motorist ("UIM") coverages are "portable," meaning that they follow the insured, not the vehicle, such that an insured who is injured by an at-fault, uninsured or underinsured motorist while in a vehicle insured under

---

[1] James Nash is expected to be added as a named plaintiff in this action by the filing of a Second Amended Complaint, as referenced *infra* at page 5.

a policy that does not itself provide UM or UIM coverage may be entitled to UM or UIM benefits under another policy in the insured's household that does provide such coverage;

WHEREAS, in Kentucky, UM and UIM coverages are also "stackable," meaning that an insured who is injured by an at-fault, uninsured or underinsured motorist may be entitled to UM or UIM benefits up to the combined limits of every policy in the insured's household that provides such coverage to that insured;

WHEREAS, in late 2018, State Farm became aware that claims adjusters handling claims for UM or UIM benefits under Kentucky policies had sometimes inadvertently not identified and disclosed to claimants all household policies in effect on the date of loss that potentially could have provided them with such coverage;

WHEREAS, State Farm thereafter voluntarily took steps to identify claims (the "Stacking Claims") in which an injured insured received a UM or UIM payment under the policy covering the vehicle involved in the loss but may have had additional, unpaid damage that could potentially have been covered under the UM or UIM policy provided by another policy in that insured's household;

WHEREAS, in order to identify these Stacking Claims, State Farm initiated a survey (the "Stacking Claims File Survey") of claims involving Kentucky policies with a date of loss after October 16, 2013 where (a) State Farm made a UM or UIM limits payment to at least one injured claimant and (b) there was at least one household policy, identified by a search of State Farm's records, that could potentially have been stacked to provide additional UM or UIM coverage to that claimant;

WHEREAS, as a result of the above-described Stacking Claims File Survey, State Farm sent letters (the "Survey Letter") to over 250 claimants and/or their attorneys advising that State

2

Farm had identified potentially available coverage under one or more additional State Farm policies, and that State Farm had consequently reopened the claim in order to determine whether the claimant was in fact eligible for additional coverage and, if so, to give the claimant an opportunity to submit a claim for any unpaid damage the claimant might have;

WHEREAS, State Farm is also aware that there have been claims (the "Underlying Coverage Claims") in which an individual insured under a State Farm Kentucky policy was injured in a motor vehicle accident where that policy did not provide UM or UIM coverage, and no UM or UIM payment was made to that claimant, but the injured claimant conceivably may have been entitled to a UM or UIM payment under a household policy other than the one covering the involved vehicle that the claims adjuster mistakenly did not identify or disclose to the claimant;

WHEREAS, the Parties agree that there is not a practicable or feasible way to reliably identify the Underlying Coverage Claims through a file survey such as State Farm undertook with respect to the Stacking Claims;

WHEREAS, on May 22, 2019, Davis filed a Complaint in Jefferson Circuit Court, Kentucky, entitled *Linda Davis v. State Farm Mutual Automobile Insurance Company*, Civil Action No. 19-CI-003158;

WHEREAS, on June 16, 2019, Davis filed a First Amended Complaint in the Jefferson Circuit Court action adding class allegations and adding State Farm Fire as a defendant;

WHEREAS, on June 27, 2019, this matter was removed to, and is now pending in, the United States District Court for the Western District of Kentucky, Louisville Division;

WHEREAS, after removal to federal court, the matter became styled as *Linda Davis v. State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*, Case No. 3:19-cv-00466-CRS (hereafter, the "Lawsuit");

WHEREAS, the First Amended Complaint alleges that Davis was injured in an accident with an underinsured motorist in September 2014, that she made a claim for UIM benefits under her State Farm Mutual policy, that State Farm paid the limits of the UIM coverage provided by the policy on the vehicle involved in the accident but failed to disclose until May of 2019 that additional UIM coverage was available to Davis under another household policy (the "Jeep Policy");

WHEREAS, on June 13, 2019, State Farm paid Davis the limits of the UIM coverage provided by the Jeep Policy;

WHEREAS, based on the above-described allegations, the First Amended Complaint asserts claims against State Farm for violation of the Kentucky Unfair Claims and Settlement Practices Act, KRS 304.12-230, et seq. ("KUCSPA"), common law bad faith, violation of the Kentucky Consumer Protection Act, KRS 367.220 ("KCPA"), breach of fiduciary duties, fraudulent misrepresentation, fraud by omission, gross negligence, vicarious liability and respondeat superior, punitive damages and a declaration of rights;

WHEREAS, on July 29, 2019, State Farm Fire moved to dismiss the First Amended Complaint in its entirety, and State Farm Mutual moved to dismiss the claims for violation of the KCPA, breach of fiduciary duties, and gross negligence, which motion remains pending;

WHEREAS, on November 19, 2019, the Parties, through their counsel, participated in a settlement conference and arms-length negotiations, with the assistance of Magistrate Judge Colin Lindsay, which settlement conference resulted in an agreement to settle the Lawsuit on a class basis on terms outlined in a term sheet that was executed by the Parties' counsel at the conclusion of the settlement conference;

WHEREAS, Plaintiffs will seek leave to file a Second Amended Complaint that updates the class definitions and claims, adds Nash as a Plaintiff, and asserts claims by Nash against State Farm on behalf of himself and the Underlying Coverage Class, defined in Paragraph 28 below;

WHEREAS, the Representative Plaintiffs and their counsel have determined, after a thorough consideration of the facts and law, and the risks associated with the continued prosecution of this complex and time-consuming matter, as well as the likelihood of success on the merits at trial and upon any appeal therefrom, that the proposed settlement set forth in this Agreement is fair, reasonable, adequate, and in the best interests of the Class Members and Representative Plaintiffs, and that it is desirable for the Lawsuit to be settled in the manner and upon the terms and conditions set forth herein;

WHEREAS, State Farm has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Lawsuit and is confident in its defenses; nonetheless, State Farm has agreed to enter into this Agreement to avoid the uncertainty, costs, and delay of litigation; and

WHEREAS, the Parties agree that this Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in it, nor any negotiations or proceedings related thereto, nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim alleged in the Lawsuit, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of State Farm;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Lawsuit be settled on the following terms and conditions, subject to the approval of the Court after hearing as provided in this Agreement:

# I.    <u>DEFINITIONS</u>

In addition to certain terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

1.    **Administrator.**    Subject to approval and appointment by the Court, "Administrator" means JND Legal Administration Co., which will create and maintain the secure Settlement portal, distribute the Class Notices and Claim Form, receive Claim Forms, mail Settlement Checks to Class Members, and perform other responsibilities related to the administration of this Agreement as provided herein. In the event that the Court does not approve and appoint JND Legal Administration Co., "Administrator" shall mean the entity approved and appointed by the Court to fulfill the notice and claims administration role.

2.    **Claim Form.**  "Claim Form" means the pre-addressed form that will be appended to the Underlying Coverage Class Notice, which an Underlying Coverage Class Member must complete and timely submit, subject to provisions of this Agreement, to make a claim for payment under the Settlement.  An example of a blank Claim Form is attached as Exhibit 1.

3.    **Claim Period.**  "Claim Period" means the period from the "Notice Commencement Date" set forth in Paragraph 52(c) below through thirty (30) days after the date of the Final Approval Hearing, and shall be no less than five (5) months in length.

4.    **Class Counsel.**  "Class Counsel" means the following:

Sam Aguiar
Jon Hollan
AGUIAR INJURY LAWYERS
1201 Story Avenue, Suite 301
Louisville, KY  40206

5.    **Class Member.**  "Class Member" means a member of either the Stacking Class or the Underlying Coverage Class who does not timely and properly request exclusion pursuant to Paragraph 66 below.

6.    **Class Notices.**  "Class Notices" means the notices required by Fed. R. Civ. P. 23(e), substantially in the form and substance of Exhibits 2 and 3 hereto, which will be mailed to all Class Members as described in Paragraphs 52 and 54 below.

7.    **Class Period.**  "Class Period" means October 16, 2013 through October 9, 2019.

8.    **Court.**  The "Court" means the United States District Court for the Western District of Kentucky, Louisville Division, Judge Charles R. Simpson III, presiding.

9.    **Effective Date.**  The "Effective Date" of the Settlement shall be: (i) the day following the expiration of the deadline for appealing the entry by the Court of the Final Order and Judgment, if no such appeal is filed; or (ii) if an appeal of the Final Order and Judgment is filed, the date upon which all appellate courts with jurisdiction (including the United States Supreme Court by petition for certiorari) affirm such Final Order and Judgment, or deny any such appeal or petition for certiorari, such that no future appeal is possible. If there are no objections to final approval filed, the Effective Date shall be twenty (20) days after entry of the Final Order and Judgment.

10.    **Final Approval Hearing.**  "Final Approval Hearing" means the hearing the Court will convene pursuant to Fed. R. Civ. P. 23(e)(2) to consider whether the Agreement is fair, reasonable, and adequate.

11.    **Final Order and Judgment.**  "Final Order and Judgment" means the order of the Court approving this Agreement, and the corresponding final judgment, substantially in the form and substance of Exhibit 4 hereto.

12.    **Legally Authorized Representative.**  "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate, a guardian, conservator, or next friend of an incapacitated Class Member, or any

other legally appointed person or entity responsible for the handling of the business affairs of a Class Member.

13.   **MPC benefits**.  "MPC benefits" means medical payment coverage benefits.

14.   **Neutral Evaluator.**  "Neutral Evaluator" means any of the following, who will serve as the final and binding arbiters of any disputes concerning payment(s) to be made or not made to Underlying Coverage Class Claimants in accordance with the procedures set forth in Paragraph 36 below:

> Linda M. Hopgood
> 771 Corporate Drive, Ste 450
> Lexington, KY 40503
>
> John R. Martin, Jr.
> Partner
> Landrum & Shouse LLP
> 220 West Main Street, Suite 1900
> Louisville, KY 40202
>
> Judge Tom McDonald
> ADR Offices of Tom McDonald
> 9129 US Highway 42, Suite D-122
> Prospect, KY 40059

If for any reason none of the above-listed persons are able to serve as Neutral Evaluators, the Parties shall attempt to agree in good faith on an alternative individual(s) to serve as Neutral Evaluator(s).  If the Parties are unable to agree, each Party shall nominate no fewer than two individuals, other than the three listed above, and shall jointly request the Court to appoint a Neutral Evaluator from that list of nominees (which shall not reflect which Party nominated them).

15.   **Person or Persons.**  "Person" or "Persons" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

16.   **PIP benefits**.  "PIP benefits" means personal injury protection benefits, also known as no-fault benefits or basic or added reparation benefits.

17.     **Preliminary Approval Order.**   "Preliminary Approval Order" shall have the meaning set forth in Paragraph 51, and it shall be substantially in the form and substance of Exhibit 5 hereto.

18.     **Proprietary Information.**   "Proprietary Information" means confidential information produced in the Lawsuit or as part of the readjustment and dispute resolution process described in Paragraphs 34-36, including but not limited to policyholder information.

19.     **Proposed Settlement and Settlement.**   "Proposed Settlement" and "Settlement" shall mean the settlement described in this Agreement.

20.     **Release.**   The "Release" refers to the release and covenant not to sue set forth in Paragraphs 43-44 and 46 below.

21.     **Released Claims.**   "Released Claims" includes both the "Stacking Class Released Claims" and the "Underlying Coverage Class Released Claims" as defined herein.

22.     **Released Persons.**   "Released Persons" means:  (i) State Farm Mutual Automobile Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; (ii) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (iii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i) and (ii) of this Paragraph.

23.     **Settlement Check.**   "Settlement Check" means the check by which payment is made to a Class Member of the amount, if any, that Class Member is entitled to receive as payment under this Agreement, in accordance with the procedures set forth in Paragraphs 33-38 below.

24.     **Stacking Class.**  The "Stacking Class" means all individuals who: (i) were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019; (ii) made a claim for UM or UIM bodily injury benefits with respect to that loss under a State Farm Kentucky auto policy; (iii) were paid the UM or UIM policy limits under that Kentucky State Farm auto policy; (iv) were sent a Survey Letter by State Farm relating to that loss; and (v) have received or will receive a Supplemental Policy Payment for that loss under one or more additional State Farm auto policies.  Excluded from the Class are: (i) State Farm and its affiliates, officers and directors; (ii) members of the judiciary and their staff to whom the Lawsuit is assigned; and (iii) Class Counsel.  For the avoidance of doubt, individuals who received a Survey Letter but do not receive a Supplemental Policy Payment are not members of the Stacking Class.

25.     **Stacking Class Released Claims.**  "Stacking Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto,* debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which a Stacking Class Member received a Supplemental Policy Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Stacking Class, to the full extent of *res judicata* protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.  Stacking Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

26.     **State Farm's Counsel.**  "State Farm's Counsel" means the following:

Joseph A. Cancila, Jr.                                    David Klapheke
Sondra A. Hemeryck                                     BOEHL STOPHER & GRAVES, LLP
RILEY SAFER HOLMES & CANCILA LLP          400 West Market Street, Suite 2300
70 West Madison Street, Suite 2900                  Louisville, KY  40202
Chicago, IL  60602

27.     **Supplemental Policy Payment**.   "Supplemental Policy Payment" means any supplemental payment of UM or UIM benefits that State Farm has made or will make, separate and apart from this Settlement, to Stacking Class Members (or their counsel if represented) as a result of the Stacking Claims File Survey and the readjustment of Stacking Class Member claims described above.

28.     **Underlying Coverage Class.**   The "Underlying Coverage Class" means all individuals who: (i) were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019; (ii) received a payment (a "PIP/MPC Payment") of PIP or MPC benefits (or had such benefits paid on their behalf) with respect to that loss under a Kentucky State Farm auto policy that did not provide UM or UIM coverage; (iii) did not receive a payment of UM or UIM benefits with respect to that loss under any Kentucky State Farm auto policy; and (iv) have been identified by a search of State Farm's records as potentially eligible for UM or UIM coverage under a policy other than the one under which the PIP or MPC benefits were paid had such policy or policies been disclosed.

29.     **Underlying Coverage Class Claimant**.   "Underlying Coverage Class Claimant" means any Member of the Underlying Coverage Class who submits a Claim Form within the Claim Period.

30.     **Underlying Coverage Class Released Claims**.   "Underlying Coverage Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands,

actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which an Underlying Coverage Class Member received a PIP/MPC Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Underlying Coverage Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Underlying Coverage Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

31. **Unknown Claim.** "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Agreement.

## II.   RELIEF FOR THE CLASSES

32. **Verification of Stacking Class.** Within forty-five (45) days of entry of the Preliminary Approval Order, State Farm will present to Julie Mix McPeak, a former Commissioner of the Tennessee Department of Commerce and former Insurance Executive Director of the Kentucky Office of Insurance, who is licensed in both Kentucky and Tennessee and is currently a partner with the law firm Greenberg Traurig, the methodology by which State Farm identified the claims that were included in the Stacking Claims File Survey. Within forty-five (45) days of receiving said information from State Farm regarding State Farm's methodology, McPeak shall present her findings concerning the soundness of that methodology to State Farm's Counsel and Class Counsel, which results will be presented to the Court prior to Final Approval. In addition,

State Farm will provide to Class Counsel a spreadsheet that (i) identifies the claims where a Survey Letter was sent but the claim was subsequently closed without a Supplemental Policy Payment, and (ii) sets forth the general reasoning for that result (e.g., the claimant did not qualify for the coverage; the additional household policy identified was issued to a non-relative and the claimant was not a named insured on the policy or otherwise did not qualify for the coverage; the claimant did not reside in the household to which the additional policy was issued).

33.     **Settlement Payment – Stacking Class.**  Subject to the procedures outlined in Paragraph 60 below, within forty-five (45) days after the Effective Date, the Administrator shall pay (through funds wired by State Farm to a Qualified Settlement Fund account established by the Administrator) to each Stacking Class Member an amount consisting of the following:

a)      Interest on the amount of the Supplemental Policy Payment received by the Stacking Class Member, computed as annual simple interest at a rate of 5% and running from the date of the loss to which the Supplemental Policy Payment relates through the date of the Supplemental Policy Payment; and

b)      A multiplier payment equal to 1.20 times the amount of the Supplemental Policy Payment received by the Stacking Class Member.

By way of example, a Stacking Class Member who received a Supplemental Policy Payment in the amount of $10,000, paid on July 1, 2019 for a loss that occurred on July 1, 2015, will receive a total payment under this Agreement of $14,000, calculated as follows:

a)      Interest in the amount of $2,000 ($10,000 x .05 x 4 years); plus

b)      Multiplier payment in the amount of $12,000 ($10,000 x 1.2).

34.     **Reopening and Readjustment of Underlying Coverage Class Claims**.  State Farm will reopen the claim (as identified on the Claim Form) of any Underlying Coverage Class Member who returns a fully completed Claim Form within the Claim Period to assess upon further review of the claim file, previously unidentified additional policies, and any additional evidence

that the Claimant provides (either on their own or in response to a request from State Farm), whether a payment is due under the UM or UIM coverage provided by one or more of those additional policies and, if so, the amount of such payment.  In particular, this readjustment will include:

a)    State Farm's determination of whether the Underlying Coverage Class Claimant would have qualified for UM or UIM coverage under one or more State Farm auto policies had such policy or policies been disclosed at the time of the original claim;

b)    State Farm's determination of whether the Underlying Coverage Class Claimant was 100% at fault in the accident involved in respect to the original claim;

c)    State Farm's determination of whether the Underlying Coverage Class Claimant had uncompensated damage and, if so, the amount thereof;

d)    State Farm's determination of whether the Underlying Coverage Class Claimant is due and owing a payment for UM or UIM coverage under one or more State Farm auto policies that were not disclosed at the time of the original claim and, if so, the amount of such payment (the "Readjustment Amount").

State Farm will attempt to accomplish this readjustment of claims submitted by the Underlying Coverage Class Claimants within ninety (90) days of the Effective Date.  The Parties agree that, in order to accomplish this readjustment of claims submitted by the Underlying Coverage Class Claimants, State Farm claims personnel may contact Class Counsel to obtain further information about any such claim.

   35.    **State Farm Report and Notice to Claimants of Readjustment of Underlying Coverage Class Claims.**  Within one hundred five (105) days of the Effective Date, State Farm will provide to Class Counsel a spreadsheet that sets forth, with respect to each Underlying Coverage Class Claimant, the results of State Farm's readjustment of the claim of such Underlying

Coverage Class Claimant, which report shall include at least the following information as to each such claim:

a)   Claimant name;

b)   Claim number;

c)   Date of loss;

d)   Amount of PIP/MPC Payment previously received by the Claimant;

e)   State Farm's determination of whether the Claimant would have qualified for UM or UIM coverage under one or more State Farm auto policies had such policy or policies been disclosed at the time of the original claim;

f)   If State Farm determined that the Claimant would have qualified for UM or UIM coverage under one or more State Farm auto policies had such policy or policies been disclosed at the time of the original claim, the Policy Numbers, Named Insured(s), and UM/UIM coverage limits of each such policy;

g)   If State Farm determined that the Claimant would *not* have qualified for UM or UIM coverage under one or more State Farm auto policies had such policy or policies been disclosed at the time of the original claim, a brief explanation of the bases for that determination;

h)   State Farm's determination of whether the Claimant was 100% at fault in the accident involved in respect to the claim;

i)   State Farm's determination of whether the Claimant had uncompensated damage and, if so, the amount thereof;

j)   State Farm's determination of whether the Claimant is due and owed a payment for UM or UIM coverage under one or more State Farm auto policies that were not disclosed at the time of the original claim and, if so, the Readjustment Amount.  For the avoidance of doubt, State Farm shall show a Readjustment Amount of zero for any claim where State Farm determines that no payment for UM or UIM coverage is due and owing.

Also within one hundred five (105) days of the Effective Date, State Farm will provide to the Settlement Administrator for mailing to each Underlying Coverage Class Claimant and his/her counsel, if applicable, a letter notifying the Underlying Coverage Class Claimant of the results of

State Farm's readjustment of his/her claim, which letter shall include the information described in subparagraphs (e) through (j) above, as applicable, and shall also advise the Claimant of his/her right to dispute the Readjustment Amount in accordance with the procedures set forth in Paragraph 36 of this Agreement.  State Farm shall also provide copies of such letters to Class Counsel.

36.     **Determination of Final Readjustment Amounts for Underlying Coverage Class Claimants.**  Any Underlying Coverage Class Claimant who wishes to dispute State Farm's determination of the Claimant's Readjustment Amount may do so by submitting a written "Notice of Readjustment Amount Dispute" to the Administrator.   The letters from State Farm to the Underlying Coverage Class Claimants notifying the Claimants of the results of State Farm's readustment of their claims, as described in Paragraph 35, shall include a date by which Claimants must submit any Notice of Readjustment Amount Dispute, which date shall be no less than sixty (60) days from the date that the letters are postmarked.  The Notice of Readjustment Dispute shall include a brief explanation of the reasons why the Claimant disputes the Readjustment Amount, and Claimant's position as to what the Final Readjustment Amount should be.  The Claimant may also submit any additional information or evidence relating to the underlying claim that he/she believes supports the Final Readjustment Amount sought by the Claimant, but is not required to do so.  Class Counsel shall be available upon request by any such Underlying Coverage Class Claimant to provide assistance in preparing the Notice of Readjustment Dispute and supporting information or evidence.  Any Readjustment Amount that is not timely disputed in accordance with the procdures set forth above shall be deemed a Final Readjustment Amount for purposes of the Settlement Payment calculation described in Paragraph 37.  Disputes regarding State Farm's determination of the Readjustment Amount that are properly submitted as set forth above shall be

resolved, and the Final Readjustment Amounts for such Claimants determined, in accordance with the following procedure:

a)   Within fourteen (14) days of the deadline for submission of a Notice of Readjustment Amount Dispute, the Administrator shall provide to State Farm's Counsel and Class Counsel copies of (i) all timely submitted Notices of Readjustment Amount Dispute, (ii) any information or evidence submitted by Claimants in support of such timely submitted Notices, (iii) the Claim Form(s) previously submitted by any Claimant who timely submitted a Notice of Readjustment Dispute, and (iv) the letters from State Farm notifying such Claimants of the results of State Farm's readjustment of their claims as described in Paragraph 35.

b)   Also within fourteen (14) days of the deadline for submission of a Notice of Readjustment Amount Dispute, the Administrator shall provide to each Neutral Arbitrator a list containing the names and addresses of all Claimants who timely submitted Notices of Readjustment Dispute. With seven (7) days of receiving said list, each Neutral Evaluator will identify to State Farm's Counsel and Class Counsel any person(s) on that list with whom he or she has a personal, familial or other relationship, so that State Farm's Counsel and Class Counsel can consider that information in deciding how to distribute the Readjustment Amount Disputes among the Neutral Evaluators.

c)   Within thirty (30) days of the submission by the Administrator of the materials described in subparagraph (a), State Farm's Counsel and Class Counsel shall meet and confer to create an agreed list of the specific Readjustment Amount Disputes that will be referred to each Neutral Evaluator.  State Farm's Counsel and Class Counsel shall endeavor to achieve an approximately equal distribution of Readjustment Amount Disputes among the Neutral Evaluators.

d)   Within forty-five (45) days of the submission by the Administrator to State Farm's Counsel and Class Counsel of the materials described in subparagraph (a), State Farm shall provide to each Neutral Evaluator, for each of the Readjustment Amount Disputes assigned to that Neutral Evaluator, (i) copies of the materials described in subparagraph (a), (ii) State Farm's written response, if any, to the Notice of Readjustment Amount Dispute, and (iii) any additional information or evidence relating to the Readjustment Amount Dispute that State Farm wishes the Neutral Evaluator to consider.  State Farm will also provide copies of its written responses and any additional information or evidence to Class Counsel.

e)   Within ninety (90) days after receipt of the materials described in subparagraph (d), each Neutral Evaluator shall determine the Final Readjustment Amount for each of his or her assigned Readjustment Amount Disputes, which determination may only be one of the following: (i) the Readjustment Amount determined by State Farm for that Claimant (which may be zero); (ii) the proposed Final Readjustment Amount set forth in the Notice of Readjustment Dispute, but not to exceed the limits of the applicable coverage (UM or UIM) under the State Farm auto policy or policies pursuant to which the Claimant is entitled to receive a payment; or (iii) an amount in between the values set forth in subparagraph (i) or (ii).  In making this determination, the Neutral Evaluators may resolve factual disputes, but shall not decide legal issues, interpret policy language, or otherwise make coverage determinations.   Each Neutral Evaluator shall provide to State Farm's Counsel, Class Counsel and the Administrator a spreadsheet setting forth his or her Final Readjustment Amount determination for each assigned Readjustment Amount Dispute.

f)   Subject to the limitations set forth in subparagraph (e), the Neutral Evaluators' Final Readjustment Amount determinations shall be final and shall not be subject to further review.

g)   The parties may further agree to additional procedures to govern and apply to the Neutral Evaluation and determination process.

37.   **Settlement Payment – Underlying Coverage Class.**  Subject to the procedures and deadlines set forth in Paragraphs 57-59 and 61-62 below, the Administrator shall pay (through funds wired by State Farm to a Qualified Settlement Fund account established by the Administrator) to each Underlying Coverage Class Claimant an amount consisting of the following:

a)   The Final Readjustment Amount for that Claimant, determined pursuant to the procedures set forth in Paragraphs 34 through 36 of this Agreement;

b)   Interest on the Final Readjustment Amount for that Claimant, computed as annual simple interest at a rate of 6% and running from the date of the underlying loss through the date of the Settlement Payment; and

c)   A multiplier payment equal to 1.05 times the amount of the Final Readjustment Amount for that Claimant.

18

By way of example, if the Effective Date were January 1, 2021, an Underlying Coverage Class Claimant who is determined to be owed a Final Readjustment Amount payment of $10,000 for a loss that occurred on January 1, 2017 would receive a total payment under this Agreement of $22,900, calculated as follows:

      a)      Final Readjustment Amount payment of $10,000; plus

      b)      Interest in the amount of $2,400 ($10,000 x .06 x 4 years); plus

      c)      Multiplier payment in the amount of $10,500 ($10,000 x 1.05).

38.    **Settlement Checks.**  The Administrator will make the Settlement Checks payable to the Class Member (or the Class Member's Legally Authorized Representative, upon proper proof of such representation) and mailed by first-class mail, to the last known address of such Class Member (or Legally Authorized Representative) as reflected on State Farm's records and as verified by the Administrator, as set forth in Paragraphs 60-62 below, or, with respect to Underlying Coverage Class Members, as indicated on an accurate and complete Claim Form.  If any Settlement Check is returned as undeliverable, the Administrator will attempt to locate a new address using the procedures set forth in Paragraph 54 below, and will re-mail the Settlement Check to the new address.

39.    The payments described in Paragraphs 33 and 37 are the only payments to which any Class Member will be entitled under the Proposed Settlement.  The payments are deemed to be inclusive of any claims for any potentially applicable damages, penalties, interest, and fees.

40.    Any rights to any payment under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable to others.

41.    **Responsibility for Medical Care Costs and Medicare/Medicaid Obligations**. Any Underlying Coverage Class Member who receives a payment under the terms of this Agreement shall be solely responsible for (a) all future medical care and costs associated in any

way with the bodily injuries sustained in a motor vehicle accident that occurred between October 16, 2013 and October 9, 2019 which give rise to his or her claim; (b) any obligation to reimburse Medicare/Medicaid, or any expense or consequences of any action by Medicare/Medicaid seeking payment of past, current, or future medical expenses for the Class Member relating to such bodily injuries; and c) any and all adverse consequences if any payment made in accordance with this Agreement results in the loss of any right to any Social Security, Medicare/Medicaid or other benefits.  Plaintiffs agree that any claim or lien upon any payment made to any Underlying Coverage Class Member under this Agreement will be paid, discharged, or extinguished exclusively from such payment, and agree to indemnify, defend, and hold the Released Persons harmless from and for any demand, suit, action, or proceeding based on any such claim or lien. This indemnity includes payment of all medical/mental health care services provided, Medicaid and Medicare reimbursement, and attorneys' fees and costs incurred by any Underlying Coverage Class Member, whether paid or unpaid, as a result of any such claim or lien.

42.     The payment of claims and other obligations incurred pursuant to this Agreement shall be in full and final disposition of this Lawsuit, and in consideration for the release of any and all Released Claims as against any and all Released Persons, entry of the Final Order and Judgment as contemplated herein, and dismissal of the Lawsuit with prejudice.

### III.     RELEASE AND RELATED COVENANTS

43.     **Release of Claims.**  Upon the Effective Date, Representative Plaintiffs and all Class Members and their past, present or future agents, legal representatives, trustees, parents, subsidiaries, predecessors, estates, heirs, assigns, successors, executors, and administrators, do hereby fully, finally, and forever release, acquit, relinquish, and discharge to the fullest extent permitted by law, all Released Claims, against all Released Persons and agree not to institute, maintain, or assert any Released Claims against the Released Persons.

44.     **Waiver of Provisions Barring Release of Unknown Claims.**  The provisions of any state, federal, municipal, local or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court, are hereby expressly, knowingly, and voluntarily waived by the Representative Plaintiffs and all Class Members.

45.     **Claims by Certain Underlying Coverage Class Members for Policy Benefits.** Notwithstanding anything in this Agreement to the contrary, State Farm agrees not to assert as a defense the Release(s) provided by this Settlement to preclude a Member of the Underlying Coverage Class who does not submit a Claim Form from presenting an individual claim to State Farm solely for payment of UM or UIM contractual benefits that would otherwise be available to such Class Member under a State Farm policy.

46.     **Enforcement of this Agreement.**  Nothing in this Release shall preclude any action to enforce the terms of this Agreement or the Final Order and Judgment.

47.     **Liability under this Agreement.**  The Parties, Class Counsel, State Farm's Counsel, and/or any employees, representatives, or agents of the Parties, Class Counsel, or State Farm's Counsel shall not be liable for anything done or omitted in connection with this Agreement except for the party's own willful misconduct.  The Parties, Class Counsel, and State Farm's Counsel shall not be liable for any act or omission of the Administrator, any Neutral Evaluator, or McPeak.

## IV.     <u>ATTORNEYS' FEES AND EXPENSES</u>

48.     Plaintiffs and Class Counsel will petition the Court for their attorneys' fees to be paid by State Farm in an amount that does not exceed $3,400,000, inclusive of expenses.  State Farm will not object to Plaintiffs' and Class Counsel's petition provided that they do not request

or seek attorneys' fees greater than $3,400,000, inclusive of expenses.  Any attorneys' fees and costs awarded by the Court will be paid to Class Counsel, no later than five business days after the Effective Date.  Such payment shall be made by wire issued to Class Counsel.

49.     Plaintiffs and Class Counsel hereby waive, discharge and release State Farm of and from any and all other claims for attorneys' fees, costs, and expenses, whether by lien, statute, or otherwise, for legal services rendered by counsel in connection with this Lawsuit and/or with the claims of Class Members released hereunder.  State Farm shall not be responsible for and shall have no liability whatsoever with respect to the allocation, distribution, or apportionment among Class Counsel or any other person who may assert a claim thereto of any attorneys' fees and expenses which the Court may award.

50.     Once payment is made pursuant to Paragraph 48, State Farm will not be subject to any claims for additional payments to Class Counsel or any attorney who is or was a member of, partner of, or otherwise associated with any firm currently or formerly representing the Representative Plaintiffs, the Classes, or any Class Member.  Class Counsel shall defend, hold harmless, and indemnify State Farm and State Farm's Counsel from and against any claims, damages, liability, causes of action, liens, and expenses, including reasonable attorneys' fees and expenses, resulting from any action or proceeding involving the payment or apportionment of the award of attorneys' fees and expenses in the Lawsuit by, to, or among the Representative Plaintiffs, Class Counsel, or any attorney or firm that alleges to have provided services to the Representative Plaintiffs or any Class Member(s).

## V.     PRELIMINARY CERTIFICATION OF THE CLASS

51.     **Preliminary Approval.**  Promptly after execution of this Agreement, the Parties will apply to the Court for an order in the form and substance of Exhibit 5 hereto (the "Preliminary Approval Order"), without material alteration, that will, among other things:

a)      Preliminarily approve the Settlement as sufficiently fair and reasonable to warrant sending notice to the Class Members;

b)      Preliminarily certify the Stacking Class and the Underlying Coverage Class, as defined herein, for settlement purposes, designate Davis as the representative of the Stacking Class and Nash as the representative of the Underlying Coverage Class, and designate Class Counsel as counsel for both Classes;

c)      Stay consideration of all motions and deadlines pending in the Lawsuit;

d)      Schedule the Final Approval Hearing, to be held no sooner than one hundred and eighty (180) days after entry of the Preliminary Approval Order to consider the fairness, reasonableness, and adequacy of this Settlement and whether it should be approved by the Court;

e)      Approve the Class Notices and Underlying Coverage Class Claim Form, as set forth in Exhibits 1 through 3 hereto, without material alteration;

f)      Direct State Farm and the Administrator to make best efforts to cause the Stacking Class Notice to be mailed both by first-class mail and certified mail to the last known address for each Stacking Class Member (and their counsel, if represented), as may be identified through State Farm's records, and to cause the Underlying Coverage Class Notice and Claim form to be mailed by first class mail to the last known address for each Underlying Coverage Class Member, as may be identified through State Farm's records, such addresses in respect to both mailings to be determined by the process set forth in Paragraph 52(c) below, with such mailings to be completed no later than sixty (60) days after the Notice Commencement Date as defined in Paragraph 52(c);

g)      Determine that the individual mailed distribution of the Class Notices and Underlying Coverage Class Claim Form, establishment of an automated toll-free telephone number, and establishment of a secure Settlement portal, constitutes the best practicable notice under the circumstances; is reasonably calculated to apprise all Class Members who can be identified through reasonable effort of the pendency of the Lawsuit, the Proposed Settlement, and the Final Approval Hearing; and meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law;

h)      Determine that all notices concerning the fact of this Proposed Settlement and the terms hereof required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that State Farm has fully complied with the notice requirements under that Act;

i)      Rule the Administrator need not mail additional rounds of notice to Class Members or re-mail any returned notices, other than to the extent as required in Paragraphs 52 and 54;

j)      Require proof of the mailing of the Class Notices to be filed with the Court at or before the Final Approval Hearing;

k)      Require each Class Member who wishes to exclude himself or herself from the Stacking Class or the Underlying Coverage Class, as appropriate, to mail an opt-out request in accordance with the requirements of Paragraph 66 of this Agreement no later than thirty (30) days before the Final Approval Hearing ("Opt Out Period");

l)      Rule that any Class Member who does not submit a timely opt-out request will be bound by all proceedings, orders and judgments in the Lawsuit, which will have preclusive effect in all pending or future lawsuits or other proceedings;

m)      Require each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement to file with the Court and mail to the Administrator, no later than thirty (30) days before the Final Approval Hearing, a notice of intention to object, together with copies of any papers the Class Member intends to present to the Court in connection with said objection, or be forever barred from objecting;

o)      Direct the Administrator to promptly furnish State Farm's Counsel and Class Counsel with copies of any and all objections or opt-out requests that the Administrator receives;

p)      Appoint JND Legal Administration Co. as the third-party Administrator; and

q)      Contain any additional provisions that might be necessary to implement and administer the Settlement.

## VI.    <u>NOTICE AND CLAIM FORM</u>

52.    **Class Notice.**  Class Counsel shall apply for an order authorizing the mailing of the Stacking Class Notice by first-class mail and certified mail to each Stacking Class Member, and

the Underlying Coverage Class Notice and Claim Form by first-class mail to each Underlying

Coverage Class Member.  These documents are attached as Exhibits 1 through 3 to this Agreement,

and they constitute material terms of the Proposed Settlement.

a) Class Counsel and State Farm's Counsel agree that mailing the Stacking Class Notice by first-class mail and certified mail to all Stacking Class Members (and their counsel, if represented) who can be identified through reasonable effort, and mailing the Underlying Coverage Class Notice and Claim Form by first-class mail to all Underlying Coverage Class Members who can be identified through reasonable effort, constitutes the most effective notice practicable of the pendency of the Lawsuit, the Proposed Settlement, and the Final Approval Hearing, and constitutes due and sufficient notice for all other purposes to all Persons entitled to receive notice.

b) Within thirty (30) days of entry of the Preliminary Approval Order, State Farm shall provide to the Administrator: (i) a mailing list showing the current or last known address for each Stacking Class Member, according to State Farm's business records, as well as the name and address of counsel (other than Class Counsel) for any Stacking Class Member to the extent known by State Farm (the "Stacking Class  Notice List"); and (ii) a mailing list showing the current or last known address for each Underlying Coverage Class Member, according to State Farm's business records (the "Underlying Coverage Class Notice List").

c) The Administrator shall cause the Stacking Class Notice to be mailed by first-class mail and certified mail to the addresses shown on the Stacking Class Notice List.  The Administrator shall cause the Underlying Coverage Class Notice and Claim Form to be mailed by first-class mail to the addresses shown on the Underlying Coverage Class Notice List.  Such mailings shall commence within fifteen (15) days of the Administrator's receipt from State Farm of the Stacking Class Notice List and the Underlying Coverage Class Notice List (the "Notice Commencement Date"), and shall be completed no later than sixty (60) days after the Notice Commencement Date.

d) State Farm shall bear the costs of mailing the Class Notices and Claim Form whether or not the Settlement obtains final approval or is otherwise terminated.

53. **Underlying Coverage Class Claim Forms.**  Underlying Coverage Class Members

who do not timely submit an opt-out request will be provided an opportunity to submit a Claim

Form requesting payments calculated in accordance with Paragraphs 34 through 37.  Claim Forms may be submitted on behalf of deceased or incapacitated Underlying Coverage Class Members by their Legally Authorized Representatives.

54.  **Re-mailing of Class Notices, Claim Form, and Settlement Checks.**  Where a Class Notice and/or Claim Form has been returned as undeliverable, or where a Settlement Check has been returned as undeliverable, the Administrator will promptly log each Class Notice, Claim Form, and/or Settlement Check that is returned as undeliverable and provide copies of the log to State Farm's Counsel and Class Counsel as requested.  Where a Class Notice, Claim Form and/or Settlement Check is returned to the Administrator with a forwarding address, the Administrator will forward the returned mailing to that address.  Where a Class Notice, Claim Form and/or Settlement Check has been returned as undeliverable, without a forwarding address, the Administrator will use a nationally recognized investigative resource (such as TransUnion or LexisNexis AllFind) to attempt to find a current address and will re-mail the Class Notice, Claim Form and/or Settlement Check to any new address obtained through such a search.

55.  **No Additional Efforts to Locate Current Address Required.**  It is agreed by the Parties that the procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances, and constitute an appropriate and sufficient effort to locate current addresses for Class Members such that no additional efforts to do so shall be required.  Upon request, State Farm and the Administrator shall provide Class Counsel reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

56.  **Additional Methods of Notice.**  The Administrator shall set up and maintain an automated toll-free telephone number, and a secure Settlement portal that will contain information on the Proposed Settlement, relevant pleadings, opt-out and objection procedures, the procedure

by which Underlying Coverage Class Members may submit a claim, and a copy of this Agreement, including exhibits to the Agreement.

## VII.  SETTLEMENT ADMINISTRATION

57.    **Timely Completed Claim Forms.**  Within five (5) days after the Claim Period, the Administrator shall provide all timely, properly completed Claim Forms to State Farm so that State Farm can commence the reopening, assessment and readjustment process described in Paragraph 34 of this Agreement.  Upon State Farm's or Class Counsel's request, the Administrator shall supply completed Claim Forms to the parties on a rolling basis, commencing not later than sixty (60) days prior to the date scheduled for the Final Approval Hearing.

58.    **Deficient Claim Forms.**  Underlying Coverage Class Members who submit a Claim Form that is deficient in any manner not relating to compliance with the deadline for submitting Claim Forms shall receive a written notice of deficiency from the Administrator within thirty (30) days after the Effective Date.  The written notice of deficiency will inform these Class Members that they have thirty (30) days from the mailing date of the notice of deficiency to send a postmarked response regarding the deficiency.

59.    **Untimely Claim Forms.**  Underlying Coverage Class Members who submit an untimely Claim Form shall be notified by the Administrator that their claim will not be processed further.

60.    **Wire Transfer and Mailing of Settlement Checks to Stacking Class Members.** Within thirty (30) days after the Effective Date, State Farm shall wire transfer adequate funds to a Qualified Settlement Fund account established by the Administrator to facilitate payment of the amounts payable under Paragraph 33 of this Agreement to each member of the Stacking Class who did not exclude themselves by submitting a timely opt-out request.  Within fifteen (15) days of receipt of such funds from State Farm (the "Stacking Class Payment Date"), the Administrator

shall mail to each such Stacking Class Member or his/her legal representative a Settlement Check for the amount payable to that Stacking Class Member under Paragraph 33 of this Agreement.

61.     **Wire Transfer and Mailing of Settlement Checks to Underlying Coverage Class Members Where Readjustment Amount is Undisputed.**  Within thirty (30) days after the deadline for submission of a Notice of Readjustment Amount Dispute as described in Paragraph 36 of this Agreement, State Farm shall wire transfer adequate funds to a Qualified Settlement Fund account established by the Administrator to facilitate payment of the amounts payable under Paragraph 37 of this Agreement to each member of the Underlying Coverage Class (a) who submitted a Claim Form and did not exclude themselves by submitting a timely opt-out request, and (b) who did not submit a Notice of Readjustment Amount Dispute.  Within fifteen (15) days of receipt of such funds from State Farm (the "Undisputed Underlying Coverage Claims Payment Date"), the Administrator shall mail to each such Underlying Coverage Class Member or his/her legal representative a Settlement Check for the amount payable to that Underlying Coverage Class Member under Paragraph 37 of this Agreement.

62.     **Wire Transfer and Mailing of Settlement Checks to Underlying Coverage Class Members Where Readjustment Amount is Disputed.**  Within thirty (30) days after the submission by the Neutral Evaluators of the Final Readjustment Amounts for each disputed claim by an Underlying Coverage Class Member pursuant to the procedures set forth in Paragraph 36 of this Agreement, State Farm shall wire transfer adequate funds to a Qualified Settlement Fund account established by the Administrator to facilitate payment of the amounts payable under Paragraph 37 of this Agreement to each member of the Underlying Coverage Class (a) who submitted a Claim Form and did not exclude themselves by submitting a timely opt-out request, and (b) as to whom the Final Readjustment Amount was determined by a Neutral Evaluator

pursuant to the procedures set forth in Paragraph 36 of this Agreement.  Within fifteen (15) days of receipt of such funds from State Farm (the "Disputed Underlying Coverage Claims Payment Date"), the Administrator shall mail to each such Underlying Class Member or his/her legal representative a Settlement Check for the amount payable to that Underlying Coverage Class Member under Paragraph 37 of this Agreement, or a letter setting forth the reason why no payment is available under the Agreement.

63.     **Administrator Reports.**  Within fifteen (15) days after the Stacking Class Payment Date, the Administrator shall file a report with the Court, with copies simultaneously mailed to State Farm's Counsel and Class Counsel, certifying that the required Settlement Checks have been issued and mailed to Stacking Class Members or their legal representatives.  Within fifteen (15) days after the Undisputed Underlying Coverage Claims Payment Date, the Administrator shall file a report with the Court, with copies simultaneously mailed to State Farm's Counsel and Class Counsel, certifying that the required Settlement Checks have been issued and mailed to the Underlying Coverage Class Members (or their legal representatives) as to whom Class Counsel did not dispute State Farm's determination of the Readjustment Amount.  Within fifteen (15) days after the Disputed Underlying Coverage Claims Payment Date, the Administrator shall file a report with the Court, with copies simultaneously mailed to State Farm's Counsel and Class Counsel, certifying that the required Settlement Checks have been issued and mailed to the Underlying Coverage Class Members (or their legal representatives) whose Final Readjustment Amounts were determined by the Neutral Evaluator pursuant to the procedures set forth in Paragraphs 35 and 36. To the extent any Settlement Checks remains uncashed after the period for cashing specified on the check, which in no event shall be less than one hundred and twenty (120) days from the date

the checks are mailed, and the Administrator has taken any and all steps under Paragraph 54 above to the extent required, then the Administrator may cancel uncashed Settlement Checks.

64.     State Farm shall bear the costs of administering the Settlement, including: the retention of, and services of, the Administrator; notice costs; costs of maintaining the Administrator's automated toll-free telephone number and Settlement portal; costs of making Settlement payments to the Class; and fees charged by the Neutral Evaluator and McPeak. Payment to the Neutral Evaluator and McPeak will be made on the basis of their provided services, *i.e.* an hourly rate or fixed per-claim fee, and are not contingent upon results obtained.

## VIII.   COMMUNICATIONS WITH THE CLASS

65.     Neither State Farm, State Farm's Counsel, nor Class Counsel shall make any mass and/or generalized communications about the Proposed Settlement directed to Class Members without joint approval by both Class Counsel and State Farm's Counsel.

## IX.   OPT OUTS AND OBJECTIONS TO THE PROPOSED SETTLEMENT

66.     **Opt-Out Requests.**  Stacking Class Members who wish to exclude themselves from the Stacking Class, and Underlying Coverage Class Members who wish to exclude themselves from the Underlying Coverage Class, must submit an opt-out request, following the instructions provided in the Class Notice and on the Settlement portal, and must mail the completed opt-out request to the Administrator by first-class mail, post-marked no later than the last day of the Opt-Out Period.  The Administrator shall promptly log each request for exclusion and shall provide copies of the log and all such requests for exclusion to State Farm and Class Counsel not later than twenty (25) days before the Final Approval Hearing.  The right to be excluded from the Classes must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

67.     **Representation of Opt Outs.**   Class Counsel agrees that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any person seeking exclusion from the Classes or any other person seeking to litigate with Released Persons over any of the Released Claims in this matter, prior to the Final Approval Hearing, could place Class Counsel in a conflict of interest with the Class.  Class Counsel and their respective firms agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person requesting exclusion from either Class.

68.     **Objections to the Proposed Settlement.**   Class Members who do not request exclusion may object to the Proposed Settlement.  Class Members who choose to object to the Proposed Settlement must file with the Court, and mail to the Administrator, a notice of intention to object, together with copies of any papers the Class Member intends to present to the Court in connection with said objection, no later than thirty (30) before the Final Approval Hearing, or the Class Member(s) will be forever barred from objecting.   The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.  If a Legally Authorized Representative files an objection on behalf of a Class Member, the Legally Authorized Representative must submit written proof that he/she is a Legally Authorized Representative.  Written notice of intent to object to the Proposed Settlement must include the following to be effective:

a)      A heading which includes the name of the case and case number;

b)      The name, address, telephone number, and signature of the Class Member filing the objection;

c)    The specific reasons why the Class Member objects to the Proposed Settlement;

d)    The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

e)    Whether the objecting Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

The Court retains discretion to hear objections absent full, technical compliance with the above directions regarding a Class Member's notice of an intent to object upon a showing of good cause for failure to comply.

69.    **Requests for Permission to Speak at Final Approval Hearing.**  If the Objector and/or his/her attorney requests permission to speak at the Final Approval Hearing, the Objector's notice of intent to object must contain the following information, in addition to the information required in Paragraph 68:

a)    A detailed statement of the specific legal and factual basis for each and every objection;

b)    A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

c)    A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

d)    Documentary proof of membership in the relevant Class.

An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

## X.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT

70.    **Final Approval and Certification.**  After the Final Approval Hearing, and upon the Court's approval of the Settlement, the Court shall enter a Final Order and Judgment in the form and substance of Exhibit 4 hereto, without material alteration, which will, among other things:

a)    Approve the Settlement as fair, reasonable and adequate, direct the Parties and their counsel to comply with the terms of this Agreement, and declare this Agreement to be binding on all Class Members and preclusive in all pending and future lawsuits or other proceedings by such Class Members;

b)    Confirm and finalize certification of the Stacking Class and the Underlying Coverage Class, as defined herein, for purposes of this Settlement only;

c)    Find that Class Counsel and Representative Plaintiffs have adequately represented the Classes;

d)    Confirm that the individual mailed distribution of the Class Notices and Claim Form, and the establishment of an automated toll-free telephone number and Settlement portal, (i) constituted the most effective and practicable notice under the circumstances of the pendency of the Lawsuit, the Proposed Settlement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law;

e)    Confirm that all notices concerning the fact of the Proposed Settlement and the terms hereof required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that State Farm has fully complied with the notice requirements under that Act;

f)    Dismiss the Lawsuit on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement;

g)    Incorporate the Release and forever discharge the Released Persons from any claims or liabilities arising from or related to the Released Claims;

h)      Retain jurisdiction over the administration of the Settlement, to supervise the Settlement relief, and for any other necessary purpose to administer the Settlement;

i)      Award attorneys' fees and expenses to Class Counsel in amounts no greater than described above in Paragraph 48;

j)      Permanently enjoin all Class Members who did not opt out, whether acting individually or together, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims, and provide that any person in violation of the injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction;

k)      Direct payment and mailing of Settlement Checks to any Class Member who is eligible for payment according to the terms of this Agreement and has not submitted a timely opt-out request; and

l)      Appoint the persons identified in Paragraph 14 above as the Neutral Evaluators to serve as a final and binding arbiters of any dispute concerning Settlement Payments, as described in Paragraph 36, above.

71.    **Final Approval Filings.**  State Farm may, but is not required to, submit its own briefing and evidence with respect to the Final Approval Hearing.  Ten days prior to the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator confirming mailing of the Class Notices and Underlying Coverage Class Claim Form in accordance with the terms of the Court's Preliminary Approval Order.  The affidavit will also inform the Court of the number of Class Members who have excluded themselves (opted-out) and the number of Objectors.

## XI.   <u>TERMINATION OF THE SETTLEMENT</u>

72.    **State Farm's Right to Withdraw from the Settlement.**  State Farm shall have the right to withdraw from and terminate this Agreement with respect to settlement of the claims of the Stacking Class if more than ten (10) members of the Stacking Class opt out of the Settlement,

and with respect to settlement of the claims of the Underlying Coverage Class if more than twenty (20) members of the Underlying Coverage Class opt out of the Settlement.  State Farm shall also have the right to withdraw from and terminate this Agreement if either the Kentucky Office of the Attorney General ("OAG") or the Kentucky Department of Insurance ("DOI") objects to any material term of the Settlement or demands a material modification of the terms of the Settlement. The Parties agree to encourage the OAG and DOI to accept the terms of this Settlement.

73.     **Written Notice of Exercise of Right to Withdraw.**  In the event that State Farm decides, in its sole discretion, to exercise its right to withdraw from and terminate this Agreement with respect to either or both Classes pursuant to Paragraph 72, State Farm shall provide written notice of such withdrawal and termination to Class Counsel not later than ten (10) days before the Final Approval Hearing.

74.     **Bilateral Right to Terminate.**  Either of the Parties may terminate this Agreement prior to the Effective Date at their sole option and discretion by providing written notice of the termination to the opposing counsel (Class Counsel or State Farm's Counsel) where: (a) the Court, or any appellate court(s), rejects, modifies or denies approval of any portion of this Settlement that the terminating Party in their sole judgment and discretion believes is material, including, without limitation, the terms of the Class relief, the provisions relating to notice, the definition of the Classes, or the Release; or (b) the Court, or any appellate court(s), does not enter or does not completely and unconditionally affirm any portion of the Final Order and Judgment that the terminating Party in their sole judgment and discretion believes is material.  Notwithstanding the foregoing, the Representative Plaintiffs may not terminate this Agreement because of the amount of attorneys' fees and expenses awarded by the Court or any appellate court(s), or the failure of the Court or any appellate court(s) to approve any provision of Paragraph 48.

75.     **Effect of Termination.**  If this Agreement is terminated pursuant to Paragraphs 72 and 73 or Paragraph 74 then: (a) this Agreement shall be null and void and shall have no force or effect, and no party to this Agreement shall be bound by any of its terms, except for the terms of this Paragraph; (b) this Agreement, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements and proceedings relating to them shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective positions existing immediately before the execution of this Agreement and the Confidential Settlement Term Sheet dated November 19, 2019 ("Confidential Term Sheet"); (c) neither this Agreement, nor any provision of this Agreement or the fact of this Agreement having been made, shall be admissible or entered into evidence, referenced or cited for any purpose whatsoever, nor be subject to discovery; (d) any order or judgment entered after the date of this Agreement but prior to termination of this Agreement, including, without limitation, any order certifying any Class for purposes of settlement, will be vacated and will be without any force or effect; and (e) Plaintiffs hereby agree they will not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel and other similar or related theories, that the Agreement and related pleadings and filings, any provision of this Agreement (including without limitation the provisions regarding class certification), the fact of this Agreement having been made, or any settlement negotiations preclude State Farm from opposing class certification or the claims in the Lawsuit or any other proceeding.

## XII.   <u>DENIAL OF LIABILITY</u>

76.     State Farm has indicated its intent to vigorously contest and defend the Lawsuit. State Farm nonetheless has concluded that settlement of this Lawsuit on the terms and conditions set forth in this Agreement is in its best interest.  State Farm reached this conclusion after considering the factual and legal issues in the Lawsuit, the substantial benefits of a final resolution

of the Lawsuit, and the expense that would be necessary to defend the Lawsuit through class certification, trial, appeal, and any subsequent proceedings that may occur.

77.     As a result of the foregoing, State Farm enters into this Agreement without in any way admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by State Farm of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of State Farm.  This Agreement shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of State Farm, nor as an admission or concession that this Lawsuit may properly be maintained as a litigation or arbitration class action.  In the event the Proposed Settlement is not finally approved for any reason, State Farm shall retain the right to object to the maintenance of the Lawsuit or any other proceeding as a class action and to contest the Lawsuit, or any other case, on any ground.

78.     Neither this Agreement, nor the negotiation of this Agreement, nor the Settlement procedures, nor any act, statement or document related in any way to the negotiation of the Agreement or Settlement procedures, nor any pleadings, or other document or action related in any way to the Agreement shall be offered into evidence, or otherwise used, in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against State Farm.

## XIII.   <u>CONFIDENTIALITY AGREEMENT</u>

79.     **Confidentiality and Media Inquiries.**  The Parties agree that the Confidential Term Sheet is and shall remain confidential.  The Parties further agree that they shall not affirmatively publish any release or statement to the media (or on the internet) concerning the

Settlement of the Lawsuit.  If any print or electronic media outlet contacts either of the Parties or counsel for the Parties seeking information or a statement regarding the Settlement or the Lawsuit, in the absence of a response agreed to by the Parties, no information will be provided, except to the extent such information appears as part of the public record. The Parties further agree and intend that any discussions and negotiations related to, and any conduct performed by either Plaintiffs or State Farm in furtherance of, this Settlement Agreement, shall be expressly prohibited from disclosure in any other case unless that information appears as part of the public record, and the Parties shall use all reasonable efforts to ensure that such information is not disclosed.

80.     **State Farm Proprietary Information.** The following constitutes highly confidential and proprietary business information of State Farm (the "Proprietary Information"): (a) the names, addresses, policy numbers, and other data concerning individuals compiled by State Farm or the Administrator in effectuating the Proposed Settlement; (b) the claim files and all documents and electronic data contained in such files, for each Class Member, utilized by State Farm, the Administrator, or the Neutral Evaluators in identifying Class Members and effectuating State Farm's other obligations under the Agreement; and (c) any documents and data provided by State Farm to Class Counsel and/or McPeak for the purpose of verifying State Farm's methodology with respect to the Stacking Claims File Survey and the Stacking Class pursuant to Paragraph 32 of this Agreement.  The confidentiality of all Proprietary Information shall be maintained in accordance with an agreed Confidentiality Order to be presented to the Court.

81.     Within thirty (30) days after the deadline set forth in Paragraph 36(e) for the Neutral Evaluators to determine the Final Readjustment Amounts for each disputed Underlying Coverage Class claim, Class Counsel and each of the Neutral Evaluators shall destroy or return to State Farm's Counsel all Proprietary Information in their possession, custody, or control, and shall

deliver a letter to State Farm's Counsel confirming their undertaking and compliance with this Paragraph.  Further, the Parties agree that neither the Neutral Evaluators, nor Class Counsel, nor anyone employed with, retained by, or otherwise associated with any of the Neutral Evaluators or Class Counsel shall use any of this Proprietary Information in any other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation.

## XIV.   <u>RETENTION OF RECORDS</u>

82.     The Administrator shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of up to one (1) year after the Effective Date.  After this time, the Administrator must destroy such documents in their possession.  Nothing in this Agreement shall be construed to require the Administrator, Class Counsel, and/or State Farm's Counsel to retain records beyond their respective discretionary record retention policies.

## XV.   <u>MISCELLANEOUS</u>

83.     **Cooperation of the Parties.**  The Parties, Class Counsel, and State Farm's Counsel agree to undertake their best efforts and mutually cooperate to effectuate this Agreement, including taking all steps contemplated by this Agreement and any other steps and efforts which may become necessary by order of the Court or otherwise.  The Parties, Class Counsel, and State Farm's Counsel also agree to defend the Proposed Settlement against any objection made to the final approval of the Settlement or in any appeal of the Final Order and Judgment or against any collateral attack on the Settlement or Final Order and Judgment.  The Representative Plaintiffs agree not to request exclusion from the Class or to encourage others to do so.

84.     **Authority to Execute the Agreement.**  The undersigned counsel represent they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

85.     **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties relating to the settlement of the Lawsuit and supersedes any prior agreements or understandings between them.  There are no other representations or warranties between the Parties relating to the subject matter of this Agreement that are not contained herein or that are being relied upon by any party to this Agreement.

86.     **Modification.**  The Agreement may not be altered or modified except by written instrument executed by Class Counsel and State Farm's Counsel, and any amendments or modifications shall be presented to the Court for approval.  Amendments and modifications may be made without additional notice to the Class Members unless such notice is required by the Court.

87.     **Postmarks.**  Whenever a Class Member is required to provide notice or submit materials by a certain date, the notice or submission shall be timely only if it is postmarked on or before the date it is due and is in fact received by the intended recipient within ten (10) days thereafter.

88.     **Extensions.**  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.  Such extensions must be in writing to be enforceable.

89.     **Drafting of Agreement.**  Neither the Parties, Class Counsel, nor State Farm's Counsel shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.  The Parties, Class Counsel, and State Farm's Counsel agree that this Agreement is clear and unambiguous and that no parole or other evidence

may be offered to explain, construe, contradict, or clarify its terms, its intent, or the circumstances under which it was made or executed.

90.     **Counterparts.**  This Agreement may be signed in counterparts, each of which shall constitute a duplicate original.

91.     **Further Assurances.**  The Parties agree that upon the request of any one of them, they will execute and deliver such further documents and undertake such further action as may reasonably be required to effectuate any of the agreements and covenants contained in this Agreement.

92.     **Parties Bound.**  The terms of this Agreement are and shall be binding upon the Parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member.  Provided, however, that except as expressly provided in this Agreement, this Agreement is not intended to and does not confer upon any other person or entity any rights or remedies.

93.     **Use of this Agreement as a Defense and Basis for an Injunction.**  To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

94.     **Waiver of a Breach.**  The waiver by either Plaintiffs or State Farm of any breach of this Agreement will not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with this Agreement.

95.     **Calculating Time.**   Unless otherwise noted, all reference to "days" in this Agreement shall be to calendar days.  In the event any date or deadline under this Agreement is a weekend or a legal holiday, such date or deadline shall be on the first business day thereafter.

96.     **Plural and Singular Terms.**   As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.

97.     **Date of Execution.**  This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated this 7th day of February, 2020:

By: _____

Sam Aguiar
Jon Hollan
AGUIAR INJURY LAWYERS
1201 Story Avenue, Suite 301
Louisville, KY 40206

*Counsel for Plaintiffs*

Dated this 7th day of February, 2020:

By: _____

Joseph A. Cancila, Jr.
Sondra A. Hemeryck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602

David Klapheke
BOEHL STOPHER & GRAVES, LLP
400 West Market Street, Suite 2300
Louisville, KY 40202

*Counsel for State Farm Mutual Automobile
Insurance Company and State Farm Fire and
Casualty Company*

# EXHIBIT 1

## UNDERLYING COVERAGE CLASS CLAIM FORM

Name:  Jane Doe
Address:  1234 Main Street, _____, KY

| | |
|---|---|
| Policy Number: | XXXXXXXXXX |
| Claim Number: | XXXXXXXXXX |
| Date of Loss: | X/X/20XX |
| Participant Role: | XXXXXXXXXX |
| Total Amount of PIP Benefits Paid: | $X |

The records of [State Farm Mutual Automobile Insurance Company/State Farm Fire and Casualty Company] ("State Farm") indicate that you are a member of the settlement Class in the case named *Davis v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 3:19CV466-CRS (W.D. Ky.). This Settlement relates to individuals who may have been entitled to payment for uninsured or underinsured motorist coverage benefits from State Farm following an accident. Information in State Farm's records and information in your possession may need to be reviewed to determine whether you are entitled to a payment in connection with this Settlement.

Please read the accompanying Class Notice before you complete this Claim Form.  To participate in this Settlement, your Claim Form must be completed to the best of your ability, signed, and then mailed and postmarked by [DATE]. You may also fill out a claim form on the secure Settlement portal, which can be accessed at [url].

If you have any questions, please visit [secure Settlement portal], contact the Administrator for the Settlement at 1-888-304-0204, or contact Class Counsel at 1-866-782-3009.

***Please do not call your State Farm agent to discuss this lawsuit or this Claim Form.***

***This Claim Form applies only to the Claim Number listed above.***  If you had more than one auto injury claim with State Farm during the Class Period then you may receive separate Claim Form(s) for those claims; you must complete and mail those Claim Form(s) to be eligible for payment on those other claims.

COMPLETE THE FOLLOWING QUESTIONS:

1. Did you receive an injury settlement for the accident from an insurance company other than State Farm?

    YES ___        NO ___        DON'T KNOW ___

    a.  If you answered yes to Question No. 1, please identify the other insurance company.

        OTHER INSURANCE COMPANY NAME _____

DON'T KNOW __

NOT APPLICABLE __

    b. If you answered yes to Question No. 1, what was the amount of the injury settlement you received?

        $ _____   DON'T KNOW __   NOT APPLICABLE __

    c. If you answered yes to Question No. 1, was the injury settlement for the limits of the other insurance company's policy?

        YES ___   NO ___   DON'T KNOW ___   NOT APPLICABLE __

2. Did you or anyone living with you at the time of the accident have one or more cars not involved in the accident that were insured with State Farm?

    YES ___   NO ___   DON'T KNOW ___

3. Were you a driver in the accident?

    YES ___   NO ___

    a. If you were a driver in the accident, were you the only person who caused the accident?

        YES ___   NO ___   DON'T KNOW ___   NOT APPLICABLE __

    b. If you were a driver in the accident, were there any other vehicles involved in the accident (other than the vehicle you drove)?

        YES ___   NO ___   DON'T KNOW ___   NOT APPLICABLE __

4. Are you currently a Medicare beneficiary or an applicant for Medicare benefits?

    YES ___   NO ___

5.  Are you currently receiving, or have you applied for, Social Security Disability Benefits?

    YES ___        NO ___

6.  Have any liens, including but not limited to liens for medical treatment by hospitals, physicians, or medical providers of any kind, been filed for the treatment of injuries sustained in the accident that gave rise to your claim?

    YES ___        NO ___        DON'T KNOW ___

7.  If you are found to be entitled to a payment in connection with this Settlement, the payment will be mailed to the address shown at the top of this form unless you indicate by checking the box below that the payment should be sent to a different address, and write that preferred address in the space provided.

    ☐     If I am found to be entitled to a payment in connection with this Settlement, please mail my check to the following address:

    _____
    Name

    _____
    Street Name and Number                    Apartment or Unit

    _____
    City                        State                    Zip Code

3

SIGN AND DATE YOUR CLAIM FORM

I have read this Claim Form; I believe that I am eligible for a payment in connection with this Settlement; and all of the information on this Claim Form is true and correct to the best of my knowledge.


| | | |
|---|---|---|
| Signature | Print Name | Date |


MAIL YOUR CLAIM FORM:

Claim Forms must be postmarked by [DATE] and mailed to:

Linda Davis v. State Farm Mutual Automobile Insurance Company
c/o JND Legal Administration
PO Box 91072
Seattle, WA  98111

CLAIMS ADMINISTRATION:

Please be patient. Class Counsel and/or State Farm may contact you for additional information or questions regarding your settlement claim in order to determine whether you are eligible for a settlement payment and the amount of that payment. You will receive a letter telling you if you qualify for a payment.

## EXHIBIT 2

**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF KENTUCKY**

*Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*

## NOTICE OF CLASS ACTION SETTLEMENT

**A federal court authorized this notice.**

**This is not an advertisement or a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE IN ITS ENTIRETY**

---

**If you were injured in a motor vehicle accident that occurred between October 16, 2013 and October 9, 2019 and made an uninsured or underinsured motorist coverage claim under a State Farm Kentucky policy for that loss, your rights may be affected by a class action settlement**

---

- The settlement resolves a lawsuit brought against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"). The Plaintiffs in the lawsuit allege that in handling uninsured and underinsured motorist coverage claims of individuals who were injured in a motor vehicle accident between October 16, 2013 and October 9, 2019, and who were insured for that loss under a Kentucky State Farm policy, State Farm at times inadvertently failed to identify or disclose other State Farm policies that could potentially have provided additional uninsured motorist ("UM") or underinsured motorist ("UIM") coverage to the injured person. State Farm denies any bad faith in its handling of these claims.

- The parties have now reached a proposed settlement of the lawsuit, which is subject to the Court's final approval.

- Your legal rights are affected whether you act or don't act. Your options are explained in this notice.

- You are eligible for a payment under the settlement unless you exclude yourself as described below. **There is a deadline to act**. No payments will be made until the Court approves the settlement and any and all appeals are resolved.

- Please read this notice carefully.

- **Have a question? Read on and then visit [class settlement portal] or call 1-888-304-0204 (toll free). You may also call Class Counsel (see Question 19) toll free at 1-866-782-3009.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **ASK TO BE EXCLUDED** (deadline ____, 2020) | You will receive no payment. This is the only option that allows you to ever be part of any other lawsuit against State Farm about the legal claims in this case. |
| **OBJECT** (deadline ____, 2020) | Write to the Court about why you don't agree with the Settlement. |
| **GO TO A HEARING** (scheduled for ___, 2020) | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | You will receive a payment, and give up all rights to ever be part of any other lawsuit against State Farm about the legal claims in this case. |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................**3**

   1.   Why was this notice issued? .................................................................................3
   2.   What State Farm companies are part of this Settlement? ....................................3
   3.   What is this lawsuit about? ...................................................................................3
   4.   What is a class action and who is involved? .........................................................3
   5.   Why is there a settlement? ...................................................................................3

**WHO IS IN THE SETTLEMENT?** ..................................................................................**4**

   6.   Who is in the Settlement Class? ............................................................................4
   7.   Are there exceptions to being included? ...............................................................4
   8.   Understanding Class Membership .........................................................................4
   9.   I'm still not sure if I am included ..........................................................................5

**YOUR LEGAL RIGHTS AND OPTIONS** .......................................................................**5**

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ........................**5**

   10.   What am I entitled to receive if I remain in the Stacking Class? ..........................5

**HOW TO GET A PAYMENT** .........................................................................................**5**

   11.   How can I get a payment? ....................................................................................5
   12.   When will I get my payment? ...............................................................................5
   13.   What am I giving up to get a payment or stay in the Stacking Class? ....................6

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................................**6**

   14.   How do I get out of the Settlement? ......................................................................6
   15.   If I don't exclude myself, can I sue State Farm for the same thing later? .............7
   16.   If I exclude myself, can I get a payment from the Settlement? .............................7

**OBJECTING TO THE SETTLEMENT** ...........................................................................**7**

   17.   How do I tell the Court if I don't agree with all or part of the Settlement? ..........7
   18.   What's the difference between objecting and asking to be excluded? ....................7

**THE LAWYERS REPRESENTING THE CLASS** .............................................................**8**

   19.   Do I have a lawyer in this case? ...........................................................................8
   20.   Should I get my own lawyer? ...............................................................................8
   21.   How will Class Counsel get paid? ........................................................................8
   22.   When and where will the Court decide whether to approve the Settlement? .........8
   23.   Do I have to come to the hearing? ........................................................................8
   24.   May I speak at the hearing? ..................................................................................8

**IF YOU DO NOTHING** ................................................................................................**8**

   25.   What happens if I do nothing at all? .....................................................................8

**GETTING MORE INFORMATION** ...............................................................................**9**

   26.   How can I get additional information? ..................................................................9

# BASIC INFORMATION

## 1.    Why was this notice issued?

If you received this notice by mail, State Farm's records indicate that you are a member of the settlement class in this matter.  Specifically, those records show that you submitted an uninsured or underinsured motorist coverage claim under a State Farm auto policy relating to a motor vehicle accident that occurred between October 16, 2013 and October 9, 2019; that you received a payment from State Farm for the policy limits of the UM or UIM coverage under that policy; that you were subsequently sent a letter by State Farm advising that State Farm had identified potentially available UM or UIM coverage under one or more additional State Farm policies and had consequently reopened the claim in order to determine whether you were in fact eligible for additional coverage and, if so, to give you an opportunity to submit a claim for any unpaid damage you might have; and that you thereafter received (or are eligible to receive within the next few months) a supplemental UM or UIM payment or payments (a "Supplemental Policy Payment") under one or more of those additional policies.

The Court authorized this notice because you have a right to know of a proposed Settlement of this class action, including the right to receive a further payment as part of the Settlement, and about all of your options regarding this Settlement before the Court decides whether to give "Final Approval" to the Settlement.  If the Court approves the parties' Settlement Agreement, and if any appeals are resolved in favor of the Settlement, then payments will be made to those who qualify and do not ask to be excluded from the Class.  This notice explains the lawsuit, the Settlement, your legal rights, the benefits of the Settlement, and how to get them.

The Honorable Charles R. Simpson, III, a Judge in the United States District Court for the Western District of Kentucky, is overseeing this lawsuit. The case is named: *Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 19-cv-00466-CRS.

## 2.    Which State Farm companies are part of this Settlement?

The claims currently pending in the lawsuit are against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.

## 3.    What is this lawsuit about?

In relevant part, this lawsuit is about whether State Farm in some instances failed to properly adjust uninsured and underinsured motorist coverage claims brought by injured individuals under a Kentucky State Farm policy by inadvertently failing to identify and disclose all State Farm policies that could potentially have provided uninsured and underinsured motorist coverage benefits to those individuals if such policy or policies had been disclosed.  State Farm denies that it handled the claims of such individuals in bad faith.

## 4.    What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Plaintiffs who sued originally are the Class Representatives. The person or entity they sue (in this case, State Farm) is called the Defendant. One court resolves the issues for all Class Members. The Court has appointed the Plaintiffs' lawyers (names and contact information in Question 19) to represent the Class Members and has appointed one of the Plaintiffs (Linda Davis) to serve as Class Representative for the specific Class of which you are a potential member (the "Stacking Class").

## 5.    Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or State Farm and has not found that State Farm did anything wrong. Instead, both sides agreed to settle.  That way, the parties avoid the cost of a trial and potentially an appeal, and the people who qualify will get compensation.  The Class Representative and her attorneys think the Settlement is best for all Stacking Class members.  The Settlement does not mean that State Farm or any of its Affiliates did anything wrong.  No trial has occurred, and the Court has not yet ruled on Plaintiffs' claims or State Farm's defenses.

# WHO IS IN THE SETTLEMENT?

To see if you are bound by and eligible for benefits from this Settlement, you first have to determine if you are a Class member.

## 6.    Who is in the Settlement Class?

This Settlement covers a Class of State Farm insureds who, according to Plaintiffs' allegations, were underpaid on their claims for bodily injuries resulting from an accident with an uninsured or underinsured motorist at the time those claims were handled because State Farm did not identify or disclose all State Farm policies that could potentially have provided UM or UIM coverage to those insureds.

You are receiving this mailed notice because you are a member of the settlement Stacking Class, consisting of:

**All individuals who: (i) were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019; (ii) made a claim for UM or UIM bodily injury benefits with respect to that loss under a State Farm Kentucky auto policy; (iii) were paid the UM or UIM policy limits under that Kentucky State Farm auto policy; (iv) were sent a Survey Letter by State Farm relating to that loss; and (v) have received or will receive a Supplemental Policy Payment for that loss under one or more additional State Farm auto policies.  Excluded from the Class are: (i) State Farm and its affiliates, officers and directors; (ii) members of the judiciary and their staff to whom the Lawsuit is assigned; and (iii) Class Counsel.  For the avoidance of doubt, individuals who received a Survey Letter but do not receive a Supplemental Policy Payment are not members of the Stacking Class.**

If you are a member of the Stacking Class, you will automatically be included unless you take affirmative steps to exclude yourself.  Both current and former State Farm insureds can be part of this lawsuit.

## 7.    Are there exceptions to being included?

The following are excluded from the Stacking Class: (1) State Farm and its affiliates, officers and directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiffs' counsel.

## 8.    Understanding Class Membership

This series of questions may help you determine if you are a Stacking Class Member.  Please consider all of the questions in order:

| Question | Yes **or** Don't Know | No |
|---|---|---|
| Were you involved in a Kentucky motor vehicle accident at any time between October 16, 2013 to and including October 9, 2019? | Continue | You are not a Stacking Class Member. |
| Was the at-fault driver in the accident uninsured or underinsured? | Continue | You are not a Stacking Class Member |
| Did you make a UM or UIM claim under a Kentucky State Farm auto policy with respect to that loss? | Continue | You are not a Stacking Class Member |
| Were you previously paid the UM or UIM policy limits under that Kentucky State Farm auto policy? | Continue | You are not a Stacking Class Member |
| Did you or your counsel receive a Letter from State Farm advising that you may potentially be eligible for additional UM or UIM coverage relating to that loss under another policy? | Continue | You are not a Stacking Class Member |

| Question | Yes **or** Don't Know | No |
|---|---|---|
| Have you received (or been offered) a Supplemental Policy Payment for that loss under one or more additional State Farm auto policies? | You may be a Stacking Class Member | You are not a Stacking Class Member |

## 9.      I'm still not sure if I am included.

If you are not sure whether you are included in the Stacking Class, you may call the Administrator toll free at 1-888-304-0204 with questions or visit **[insert class settlement portal url]**. You may also call Class Counsel (see Question 19) toll free at 1-866-782-3009.

Please do not call State Farm or your State Farm agent to discuss this lawsuit.  You may, however, continue to call State Farm or your State Farm agent regarding any other insurance matters.

# YOUR LEGAL RIGHTS AND OPTIONS

You have to decide whether to stay in the Stacking Class, whether to object or whether to be excluded.  And you have to decide this now.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 10.      What am I entitled to receive if I remain in the Stacking Class?

Stacking Class Members who do not timely request exclusion from the Stacking Class will receive a payment.  State Farm has agreed to pay Stacking Class Members who do not request exclusion the following:

a)      Interest on the amount of the Supplemental Policy Payment received by the Stacking Class Member, computed as annual simple interest at a rate of 5% and running from the date of the loss to which the Supplemental Policy Payment relates through the date of the Supplemental Policy Payment; and

b)      A multiplier payment equal to 1.20 times the amount of the Supplemental Policy Payment received by the Stacking Class Member.

For example, a hypothetical Stacking Class Member who received a Supplemental Policy Payment in the amount of $10,000, paid on July 1, 2019 for a loss that occurred on July 1, 2015, would receive a total payment under the Settlement Agreement of $14,000, calculated as follows:

a)      Interest in the amount of $2,000 ($10,000 x .05 x 4 years); plus

b)      Multiplier payment in the amount of $12,000 ($10,000 x 1.2).

State Farm's rights, and additional terms and explanation regarding how the payments are to be calculated are set forth in the Settlement Agreement, which can be viewed at **[settlement portal url]**.

## HOW TO GET A PAYMENT

## 11.      How can I get a payment?

Unless you request exclusion as described in Question 14 you will receive a payment under this Settlement if you are a member of the Stacking Class.

## 12.      When will I get my payment?

If the Court grants "Final Approval" of the Settlement, and if any appeals are resolved in favor of the Settlement, then

payment will be mailed to eligible Stacking Class Members after the claims administration process is completed.  This process can take time, so please be patient.

## 13.    What am I giving up to get a payment or stay in the Stacking Class?

Unless you exclude yourself, you are staying in the Stacking Class, and that means that you can't sue or be part of any other lawsuit against State Farm over the legal claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

If you stay in the Stacking Class and do not exclude yourself (*see* Sections 14-16 regarding "Excluding Yourself from the Class"), you will agree to "release and discharge" all "Released Persons" of all "Released Claims."  You may view a full copy of the Settlement Agreement at **[class settlement portal url]**, which provides more information.

Here are the definitions of "Stacking Class Release Claims," "Unknown Claim" and "Released Persons" in the Settlement Agreement:

"Stacking Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which a Stacking Class Member received a Supplemental Policy Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Stacking Class, to the full extent of *res judicata* protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.  Stacking Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

"Unknown Claim" means any claim arising out of facts found hereafter to be other than or different from the facts now known or believed to be true, relating to any matter covered by this Agreement.

"Released Persons" means: (i) State Farm Mutual Automobile Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; (ii) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (iii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i) and (ii).

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

If you don't want to participate in this Settlement or case for any reason, but you want to keep the right to individually sue State Farm about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—sometimes referred to as "opting out" of—the Stacking Class.

## 14.    How do I get out of the Settlement?

To ask to be excluded, you must send an exclusion request in the form of a letter sent by regular mail.  The letter must include: (i) the name of the case (*Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 19-cv-00466-CRS, USDC, WD Ky.); (ii) a sentence expressly stating that you want to be excluded from the Stacking Class in this case, (iii) your name, address, telephone number, and (iv) your personal signature (not the signature of your attorney).  **You must mail this letter postmarked by _____, 2020** to the Administrator at the following address:

Linda Davis v. State Farm Mutual Automobile Insurance Company
c/o JND Legal Administration
PO Box 91072
Seattle, WA  98111

You can't exclude yourself by phone, by email, or at the settlement portal.

There is a deadline to ask to be excluded. If you do <u>not</u> want to participate in the Stacking Class, then you must postmark the exclusion request letter by _____, 2020.

## 15.      If I don't exclude myself, can I sue State Farm for the same thing later?

No. Unless you exclude yourself, you give up any right to sue State Farm for the claims that this Settlement resolves. You must exclude yourself from this Stacking Class to sue State Farm over the claims resolved by this Settlement. Remember, the exclusion deadline is ____[insert date]__, 2020.

## 16.      If I exclude myself, can I get a payment from the Settlement?

No.  If you exclude yourself, you will not receive a payment from the Settlement.

### OBJECTING TO THE SETTLEMENT

If you do not exclude yourself from the Settlement, you can tell the Court if you don't agree with the Settlement or some part of it.

## 17.      How do I tell the Court if I don't agree with all or part of the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  By the postmark deadline of ____, 2020 you must submit a written objection in the case with the Court, and send a copy to the Administrator as noted below.  You must include the name of the case (*Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 19-cv-00466-CRS, USDC, WD Ky.), your full name, address, telephone number, your signature, the specific reasons why you object to the Settlement, and a statement as to whether you intend to appear at the Final Approval Hearing in person or through counsel.  If you do intend to appear at the Final Approval Hearing to object to the Settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses you will call at the hearing with each witness' address and summary of the witness' testimony, a detailed description of all evidence you will offer at the hearing with copies of the exhibits attached, and documentary proof of your membership in the Stacking Class.  You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above.  (See the section on the "Court's Final Approval Hearing" below).  If you have a lawyer file an objection for you, he or she must follow all Court's rules and you must list the attorney's name, address, bar number and telephone number in the written objection filed with the Court.

| File the objection with the Clerk of the Court by no later than _____, 2020, or mail the objection to the Clerk of the Court at the address below so that it is postmarked no later than _____, 2020. | Mail a copy of the objection to the Administrator at the following address so that it is postmarked no later than ____, 2020: |
|---|---|
| **Court** | **Administrator** |
| Clerk's Office<br>601 W. Broadway, Rm 106<br>Gene Snyder United States Courthouse<br>Louisville, KY 40202 | Linda Davis v. State Farm Mutual Automobile Insurance Company<br>c/o JND Legal Administration<br>PO Box 91072<br>Seattle, WA  98111 |

## 18.      What's the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class or the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you object, and the Court approves the Settlement anyway, you will still be legally bound by the result.

# THE LAWYERS REPRESENTING THE CLASS

## 19.    Do I have a lawyer in this case?

The Court appointed the Plaintiffs' lawyers in this case to represent the Class ("Class Counsel"). Those lawyers are Sam Aguiar and Jon Hollan.  The Court determined that these attorneys are qualified to represent the interests of the Stacking Class in this lawsuit. More information about this firm, its practices, and its lawyers' experience is available on the firm's website, www.aguiarinjurylawyers.com. You may also call Class Counsel toll free at 1-866-782-3009.

## 20.    Should I get my own lawyer?

You may if you want, but you do not need to hire your own lawyer because Class Counsel represents the Class of which you may be a member. For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. If you hire your own lawyer, you will be responsible for the charges that lawyer requires you to pay for representing you.

## 21.    How will Class Counsel get paid?

If you choose to remain in this lawsuit, you will not be required to pay attorneys' fees or expenses to Class Counsel out of your own pocket. As part of the Settlement, Class Counsel will ask the Court for their attorney's fees and expenses to be paid in addition to the monetary benefits obtained for the Stacking Class. Class Counsel will ask the Court for up to $3,400,000, for attorneys' fees and expenses.  State Farm has agreed not to oppose the request for fees and expenses up to this amount.  The Court may award less than this amount.  State Farm will separately pay the fees and expenses that the Court orders.  These payments will not reduce the amount distributed to Stacking Class Members.  State Farm will also separately pay the costs to send notice and to administer the Settlement.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you don't have to.

## 22.    When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing at [insert time] a.m., on [insert date], at the [insert location]_____, Louisville, Kentucky.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them at that time.  The Court may listen to people who have asked to speak about their objection.  The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class.  At or after the hearing, the Court will decide whether to approve the Settlement.  It is not known how long this decision will take.

## 23.    Do I have to come to the hearing?

No.  Class Counsel will answer any questions that the Court may have.  If you wish to attend the hearing, or wish to present your objections to the Settlement, you may come at your own expense.  You may also pay your own lawyer to attend, but it's not necessary, unless you choose to have a lawyer appear on your behalf to object to the Settlement.

## 24.    May I speak at the hearing?

If you submitted a proper written objection to the Settlement, you or your lawyer acting on your behalf may speak at the Final Approval Hearing.  You cannot speak at the Hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 25.    What happens if I do nothing at all?

If you do nothing, and you are a member of the Stacking Class, you will receive a payment from this Settlement as

provided in the Settlement Agreement.  You will not be able to individually sue State Farm for the claims in this case.

# GETTING MORE INFORMATION

## 26.    How can I get additional information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can visit the portal **[insert url]** where you will find the Court's Preliminary Approval Order, a copy of the Settlement Agreement, a copy of this Notice, the Plaintiffs' Second Amended Complaint, and other documents. You may also contact the Administrator toll free at 1-888-304-0204, or you may call Class Counsel toll free at 1-866-782-3009.

Please do not call State Farm or your State Farm agent to discuss this lawsuit.  You may, however, continue to call State Farm or your State Farm agent regarding any other insurance matters.

**PLEASE DO NOT CALL OR WRITE THE JUDGE OR
CLERK OF THE COURT WITH QUESTIONS**

**PLEASE DO NOT CALL OR WRITE YOUR
STATE FARM AGENT WITH QUESTIONS**

**DIRECT ALL INQUIRIES TO CLASS COUNSEL
OR AN ATTORNEY OF YOUR OWN CHOOSING**

*By Order of the United States District Court for the Western District of Kentucky*

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF KENTUCKY**
*Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*

## NOTICE OF CLASS ACTION SETTLEMENT

**A federal court authorized this notice.**

**This is not an advertisement or a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE IN ITS ENTIRETY**

---

**If you were injured in a motor vehicle accident that occurred between October 16, 2013 and October 9, 2019, your rights may be affected by a class action settlement**

---

- The settlement resolves a lawsuit brought against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"). The Plaintiffs in the lawsuit allege that there are individuals who were injured in motor vehicle accidents between October 16, 2013 and October 9, 2019 who had valid uninsured motorist coverage (UM) or underinsured motorist coverage (UIM) claims and that State Farm inadvertently failed to identify or disclose State Farm Kentucky auto policies that could potentially have provided UM or UIM coverage to these individuals. State Farm denies any wrongdoing in its handling of these claims.

- The parties have now reached a proposed settlement of the lawsuit, which is subject to the Court's final approval.

- Your legal rights are affected whether you act or don't act. Your options are explained in this notice.

- You may be eligible for a payment if you qualify and timely submit a valid claim form. **There is a deadline to act**. No payments will be made until the Court approves the settlement and all appeals are resolved.

- Please read this notice carefully.

- **Have a question? Read on and then visit [class settlement portal] or call 1-888-304-0204 (toll free). You may also call Class Counsel (see Question 19) toll free at 1-866-782-3009.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment if you qualify. |
| **ASK TO BE EXCLUDED** (deadline ____, 2020) | You will receive no payment. This is the only option that allows you to ever be part of any other lawsuit against State Farm about the legal claims in this case. |
| **OBJECT** (deadline ____, 2020) | Write to the Court about why you don't agree with the Settlement. |
| **GO TO A HEARING** (scheduled for ___, 2020) | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | You will get no payment, and you give up all rights to ever be part of any other lawsuit against State Farm about the legal claims in this case. |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**...........................................................................................................**3**

   1.   Why was this notice issued? ....................................................................................3
   2.   Which State Farm companies are part of this Settlement? ......................................3
   3.   What is this lawsuit about? ......................................................................................3
   4.   What is a class action and who is involved?............................................................3
   5.   Why is there a settlement? ......................................................................................3

**WHO IS IN THE SETTLEMENT?** ..........................................................................................**4**

   6.   Who is in the Settlement Class?...............................................................................4
   7.   Are there exceptions to being included? ..................................................................4
   8.   Understanding Class Membership ...........................................................................4
   9.   I'm still not sure if I am included.............................................................................5

**YOUR LEGAL RIGHTS AND OPTIONS** ..............................................................................**5**

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ..............................**5**

   10.   What am I entitled to receive if I timely submit a claim form? ....................................5

**HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM** ............................................**6**

   11.   How can I get a payment?.......................................................................................6
   12.   When will I get my payment? ..................................................................................6
   13.   What am I giving up to get a payment or stay in the Class? ....................................6

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................................**7**

   14.   How do I get out of the Settlement?.........................................................................7
   15.   If I don't exclude myself, can I sue State Farm for the same thing later?...................7
   16.   If I exclude myself, can I get a payment from the Settlement?...................................7

**OBJECTING TO THE SETTLEMENT** ..................................................................................**7**

   17.   How do I tell the Court if I don't agree with all or part of the Settlement? .................7
   18.   What's the difference between objecting and asking to be excluded?.........................8

**THE LAWYERS REPRESENTING THE CLASS** ...................................................................**8**

   19.   Do I have a lawyer in this case? ..............................................................................8
   20.   Should I get my own lawyer?...................................................................................8
   21.   How will Class Counsel get paid?............................................................................8

**THE COURT'S FINAL APPROVAL HEARING** ...................................................................**8**

   22.   When and where will the Court decide whether to approve the Settlement? ...............9
   23.   Do I have to come to the hearing?...........................................................................9
   24.   May I speak at the hearing?....................................................................................9

**IF YOU DO NOTHING** .........................................................................................................**9**

   25.   What happens if I do nothing at all? ........................................................................9

**GETTING MORE INFORMATION** ......................................................................................**9**

   26.   How can I get additional information?......................................................................9

# BASIC INFORMATION

## 1.    Why was this notice issued?

If you received this notice by mail, State Farm's records show that you are a member of the class in this matter. Specifically, those records show that you were in a motor vehicle accident that occurred between October 16, 2013 and October 9, 2019; that benefits were paid to you or your medical providers from either PIP or Medpay coverage under a State Farm Kentucky auto policy; that the State Farm auto policy under which the PIP or Medpay coverage was paid did not include UM or UIM coverage; and that you may potentially be eligible for UM or UIM coverage under a different Kentucky State Farm auto policy.

The Court authorized this notice because you have a right to know of a proposed Settlement of this class action, including the right to submit a claim for payment as part of the Settlement, and about all of your options regarding this Settlement before the Court decides whether to give "Final Approval" to the Settlement. If the Court approves the parties' Settlement Agreement, and if any appeals are resolved in favor of the Settlement, then payments will be made to those who qualify and timely submit a valid claim. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

The Honorable Charles R. Simpson, III, a Judge in the United States District Court for the Western District of Kentucky, is overseeing this lawsuit. The case is named: *Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 19-cv-00466-CRS.

## 2.    Which State Farm companies are part of this Settlement?

The claims currently pending in the lawsuit are against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.

## 3.    What is this lawsuit about?

In relevant part, this lawsuit is about whether State Farm inadvertently failed to identify or disclose available UM and UIM coverages under some Kentucky auto insurance policies, failed to pay the benefits of those coverages to individuals who would have otherwise qualified for the coverage had it been identified and disclosed, and failed to act in good faith in handling the claims of those insureds who qualified for the benefits and were affected by the inadvertent failure to identify or disclose the coverage. State Farm denies any wrongdoing in the handling of these claims.

## 4.    What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Plaintiffs who sued originally are the Class Representatives. The person or entity they sue (in this case, State Farm) is called the Defendant. One court resolves the issues for all Class Members. The Court has appointed the Plaintiffs' lawyers (names and contact information in Question 19) to represent the Class and has appointed one of the Plaintiffs to serve as Class Representative.

## 5.    Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or State Farm and has not found that State Farm did anything wrong. Instead, both sides agreed to settle. That way, the parties avoid the cost of a trial and potentially an appeal, and the people who qualify will get compensation. The Class Representative and his attorneys think the Settlement is best for all Class members. The Settlement does not mean that State Farm or any of its Affiliates did anything wrong, but it does mean that qualifying Class members who timely submit a valid Claim Form and do not request exclusion from the Class will receive payments if the Court approves the Settlement. No trial has occurred and the Court has not yet ruled on Plaintiffs' claims or State Farm's defenses.

# WHO IS IN THE SETTLEMENT?

To see if you are bound by and/or potentially eligible for benefits from this Settlement, you first have to determine if you are a Class member.

## 6.      Who is in the Settlement Class?

This Settlement covers a Class of State Farm insureds who, according to Plaintiffs' allegations, may have been underpaid on their claims because the policy under which they received a payment of PIP or Medpay Coverage benefits did not include UM or UIM coverage, and they did not receive a payment of UM or UIM benefits, although they were potentially eligible for UM or UIM coverage under at least one other State Farm policy that was not identified or disclosed to them.

You are receiving this mailed notice because you are a member of the settlement "Underlying Coverage Class," consisting of:

> **All individuals who: (i) were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019; (ii) received a payment of PIP or MPC benefits (or had such benefits paid on their behalf) with respect to that loss under a Kentucky State Farm auto policy that did not provide UM or UIM coverage; (iii) did not receive a payment of UM or UIM benefits with respect to that loss under any Kentucky State Farm auto policy; and (iv) have been identified by a search of State Farm's records as potentially eligible for UM or UIM coverage under a policy other than the one under which the PIP or MPC benefits were paid had such policy or policies been disclosed.**

As are a member of the Underlying Coverage Class, you will automatically be included unless you take affirmative steps to exclude yourself. But you will have to submit a Claim Form in order to make a claim by **DATE** in order to be eligible for settlement compensation.  It is not a requirement that you be insured by State Farm to qualify for the settlement compensation.

## 7.      Are there exceptions to being included?

The following are excluded from the Underlying Coverage Class: (1) State Farm and its affiliates, officers and directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiffs' counsel.

## 8.      Understanding Class Membership

This series of questions may help you determine if you are a Member of the Underlying Coverage Class.  Please consider all of the questions in order:

| Question | Yes or Don't Know | No |
|---|---|---|
| Were you injured in a motor vehicle accident between October 16, 2013 and October 9, 2019 | Continue | You are not an Underlying Coverage Class Member. |
| Did State Farm pay medical bills, wage losses or other PIP or Medpay coverage benefits on your behalf in relation to your injury from that accident? | Continue | You are not an Underlying Coverage Class Member. |
| At the time of the accident, were there any vehicles (other than the one involved in the accident) which State Farm insured that were in your household or in the household of the driver of the vehicle you were in (if that person was not you or someone in your household)? | You may be a Class Member. | You are not an Underlying Coverage Class Member. |

**9.      I'm still not sure if I am included.**

If you are not sure whether you are included in the Underlying Coverage Class, you may call the Administrator toll free at 1-888-304-0204 with questions or visit **[insert class settlement portal url]**.  You may also call Class Counsel (see Question 19) toll free at 1-866-782-3009.

Please do not call State Farm or your State Farm agent to discuss this lawsuit.  You may, however, continue to call State Farm or your State Farm agent regarding any other insurance matters.

It is important to note that even if you answered Yes to the questions above, and even if you submit a Claim Form, that does not automatically qualify you for a settlement payment. The Claim Form, along with the details of your original State Farm injury claim, will be reviewed in order to determine whether you were in fact eligible for UM or UIM benefits and qualified for the benefits. Once this review takes place, you will be advised of the decision. Class Counsel will also be advised of the decision and be provided with the basis for all determinations that a claimant does not qualify for settlement benefits.

# YOUR LEGAL RIGHTS AND OPTIONS

You have to decide whether to stay in the Underlying Coverage Class, whether to make a claim, whether to object or whether to be excluded. And you have to decide this now.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**10.      What am I entitled to receive if I timely submit a claim form?**

Underlying Coverage Class Members who fully complete a claim form (attached to the back of this Notice) and timely mail it to the proper address ("Claimants") may be eligible for payment.  State Farm has agreed to pay eligible Claimants the following:

a)      The amount of UM or UIM benefits (if any) to which the Claimant is entitled (the "Final Readjustment Amount"), as determined pursuant to the procedures set forth in Paragraphs 32 through 34 of the Settlement Agreement;

b)      Interest on the Final Readjustment Amount, computed as annual simple interest at a rate of 6% and running from the date of the Claimant's accident through the date of the settlement payment; and

c)      A multiplier payment equal to 1.05 times the amount of the Final Readjustment Amount for that Claimant.

For example, if the Effective Date were January 1, 2021, a hypothetical Underlying Coverage Class Claimant who is determined to be owed a Final Readjustment Amount payment of $10,000 for a loss that occurred on January 1, 2017 would receive a total payment under this Agreement of $22,900, calculated as follows:

a)      Final Readjustment Amount payment of $10,000; plus

b)      Interest in the amount of $2,400 ($10,000 x .06 x 4 years); plus

c)      Multiplier payment in the amount of $10,500 ($10,000 x 1.05).

If you had more than one auto injury claim with State Farm relating to accidents that occurred between October 6, 2013 and October 9, 2019 you may receive separate Claim Form(s) for those claims. You must complete and mail each of the Claim Forms to be potentially eligible for payment on each of the claims. State Farm's rights and additional terms and explanations regarding how the payments will be calculated are set forth in the Settlement Agreement, which can be viewed at **[settlement portal url]**.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 11.    How can I get a payment?

To ask for a payment, you must complete a Claim Form truthfully, accurately, completely and to the best of your ability. If you do not know the answer to one or more questions on the Claim Form, mark this on the form and still submit it. It is important that you do this quickly. The claim form must be signed by you, and **you must mail the completed claim form to the following address, postmarked no later than _____, 2020:**

> Linda Davis v. State Farm Mutual Automobile Insurance Company
> c/o JND Legal Administration
> PO Box 91072
> Seattle, WA  98111

A copy of the claim form should accompany this Notice.  You may obtain an additional claim form by calling the Administrator at 1-888-304-0204.

### 12.    When will I get my payment?

If the Court grants "Final Approval" of the Settlement, and if any appeals are resolved in favor of the Settlement, then payment will be mailed to eligible Underlying Coverage Class Members who timely submitted claims after the claims administration process is completed.  If you submit a claim form but do not qualify for a payment, you will be notified of that determination.  This process can take time, so please be patient.

### 13.    What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Underlying Coverage Class.  That means that you can't sue or be part of any other lawsuit against State Farm over the legal claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

If you submit a Claim Form, or simply stay in the Underlying Coverage Class and do not exclude yourself (*see* Sections 14-16 regarding "Excluding Yourself from the Class"), you will agree to "release and discharge" all "Released Persons" of all "Released Claims."  You may view a full copy of the Settlement Agreement at **[class settlement portal url]**, which provides more information.

Here are the definitions of "Underlying Coverage Class Released Claims," "Unknown Claim" and "Released Persons" in the Settlement Agreement:

"Underlying Coverage Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which an Underlying Coverage Class Member received a PIP/MPC Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Underlying Coverage Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.  Underlying Coverage Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

"Unknown Claim" means any claim arising out of facts found hereafter to be other than or different from the facts now known or believed to be true, relating to any matter covered by this Agreement.

"Released Persons" means: (i) State Farm Mutual Automobile Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; (ii) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (iii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i) and (ii).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to participate in this Settlement or case for any reason, but you want to keep the right to individually sue State Farm about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—sometimes referred to as "opting out" of—the Class.

### 14.      How do I get out of the Settlement?

To ask to be excluded, you must send an exclusion request in the form of a letter sent by regular mail.  The letter must include: (i) the name of the case (*Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 19-cv-00466-CRS, USDC, WD Ky.); (ii) a sentence expressly stating that you want to be excluded from the Underlying Coverage Class in this case, (iii) your name, address, telephone number, and (iv) your personal signature (not the signature of your attorney). **You must mail this letter postmarked by _____, 2020** to the Administrator at the following address:

Linda Davis v. State Farm Mutual Automobile Insurance Company
c/o JND Legal Administration
PO Box 91072
Seattle, WA  98111

You can't exclude yourself by phone, by email, or at the portal.

There is a deadline to ask to be excluded. If you do not want to participate in the Underlying Coverage Class settlement, then you must postmark the exclusion request letter by _____, 2020.

### 15.      If I don't exclude myself, can I sue State Farm for the same thing later?

No. Unless you exclude yourself, you give up any right to sue State Farm for the claims that this Settlement resolves. You must exclude yourself from this Class to sue State Farm over the claims resolved by this Settlement.  Remember, the exclusion deadline is _____[insert date]_____, 2020.

### 16.      If I exclude myself, can I get a payment from the Settlement?

No.  If you exclude yourself, you should not submit a Claim Form to ask for a payment as it will be rejected.

## OBJECTING TO THE SETTLEMENT

If you do not exclude yourself from the Settlement, you can tell the Court if you don't agree with the Settlement or some part of it.

### 17.      How do I tell the Court if I don't agree with all or part of the Settlement?

If you are an Underlying Coverage Class Member, you can object to the Settlement if you don't like any part of it.  By the postmark deadline of _____, 2020 you must submit a written objection in the case with the Court, and send a copy to the Administrator as noted below.  You must include the name of the case (*Davis, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 19-cv-00466-CRS, USDC, WD Ky.), your full name, address, telephone number, your signature, the specific reasons why you object to the Settlement, and a statement as to whether you intend to appear at the Final Approval Hearing in person or through counsel.  If you do intend to appear at the Final Approval Hearing to object to the Settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses you will call at the hearing with each witness' address and summary of the witness' testimony, a detailed description of all evidence you will offer at the hearing with copies of the exhibits attached, and documentary proof of your membership in the Underlying Coverage Class.  You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above.  (See the section on the "Court's Final Approval Hearing" below).  If you have a lawyer file an objection for you, he or she must follow all Court's rules and you must list the attorney's name, address, bar number and telephone number in the written objection filed with the Court.

| File the objection with the Clerk of the Court by no later than _____, 2020, or mail the objection to the Clerk of the Court at the address below so that it is postmarked no later than _____, 2020. | Mail a copy of the objection to the Administrator at the following address so that it is postmarked no later than _____, 2020: |
|---|---|
| **Court** | **Administrator** |
| Clerk's Office<br>601 W. Broadway, Rm 106<br>Gene Snyder United States Courthouse<br>Louisville, KY 40202 | Linda Davis v. State Farm Mutual Automobile Insurance Company<br>c/o JND Legal Administration<br>PO Box 91072<br>Seattle, WA 98111 |

## 18.   What's the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class or the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you object, and the Court approves the Settlement anyway, you will still be legally bound by the result.

# THE LAWYERS REPRESENTING THE CLASS

## 19.   Do I have a lawyer in this case?

The Court appointed the Plaintiffs' lawyers in this case to represent the Class ("Class Counsel"). Those lawyers are Sam Aguiar and Jon Hollan.  The Court determined that these attorneys are qualified to represent the interests of the Class in this lawsuit.  More information about this firm, its practices, and its lawyers' experience is available on the firm's website, https://www.aguiarinjurylawyers.com. You may also call Class Counsel toll free at 1-866-782-3009.

## 20.   Should I get my own lawyer?

You may if you want, but you do not need to hire your own lawyer. Class Counsel represents the Class of which you may be a member. For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. If you hire your own lawyer, you will be responsible for the charges that lawyer requires you to pay for representing you.

## 21.   How will Class Counsel get paid?

If you choose to remain in this lawsuit, you will not be required to pay attorneys' fees or expenses to Class Counsel out of your own pocket. As part of the Settlement, Class Counsel will ask the Court for their attorney's fees and expenses to be paid in addition to the monetary benefits obtained for the Class. Class Counsel will ask the Court for up to $3,400,000, for attorneys' fees and expenses. State Farm has agreed not to oppose the request for fees and expenses up to this amount. The Court may award less than this amount.  State Farm will separately pay the fees and expenses that the Court orders. These payments will not reduce the amount distributed to Class Members.  State Farm will also separately pay the costs to send notice and to administer the Settlement.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you don't have to.

### 22.    When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing at [insert time] a.m., on [insert date], at the [insert location]_____, Louisville, Kentucky.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them at that time.  The Court may listen to people who have asked to speak about their objection.  The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class.  At or after the hearing, the Court will decide whether to approve the Settlement.  It is not known how long this decision will take.

### 23.    Do I have to come to the hearing?

No.  Class Counsel will answer any questions that the Court may have.  If you wish to attend the hearing, or wish to present your objections to the Settlement, you may come at your own expense.  You may also pay your own lawyer to attend, but it's not necessary, unless you choose to have a lawyer appear on your behalf to object to the Settlement.

### 24.    May I speak at the hearing?

If you submitted a proper written objection to the Settlement, you or your lawyer acting on your behalf may speak at the Final Approval Hearing.  You cannot speak at the Hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

### 25.    What happens if I do nothing at all?

If you do not submit a settlement Claim Form, you'll get no payment from this Settlement even if you qualify for one.  But, unless you exclude yourself from the Settlement, you won't be able to individually sue State Farm for the claims in this case.

# GETTING MORE INFORMATION

### 26.    How can I get additional information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can visit the portal [insert url] where you will find the Court's Preliminary Approval Order, a copy of the Settlement Agreement, a copy of this Notice, the Claim Form, the Plaintiffs' Second Amended Complaint, and other documents. You may also contact the Administrator toll free at 1-888-304-0204, or you may call Class Counsel toll free at 1-866-782-3009.

Please do not call State Farm or your State Farm agent to discuss this lawsuit.  You may, however, continue to call State Farm or your State Farm agent regarding any other insurance matters.

**PLEASE DO NOT CALL OR WRITE THE JUDGE OR
CLERK OF THE COURT WITH QUESTIONS**

**PLEASE DO NOT CALL OR WRITE YOUR
STATE FARM AGENT WITH QUESTIONS**

**DIRECT ALL INQUIRIES TO CLASS COUNSEL
OR AN ATTORNEY OF YOUR OWN CHOOSING**

*By Order of the United States District Court for the Western District of Kentucky*

# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

LINDA DAVIS and JAMES NASH,[1]
individually and on behalf of all others
similarly situated,

        Plaintiffs,

    vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.

        Defendants.

Case No. 19-cv-00466-CRS

## FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, Appointment of Class Counsel  (ECF No. __, hereafter "Motion for Final Approval"), as well as State Farm's Separate Submission in support of Final Approval of the Settlement. (ECF No. __.) Also before the Court is Class Counsel's Application for Fees.  (ECF No. __, hereafter "Application for Fees.") Plaintiffs Linda Davis and James Nash ("Plaintiffs") and Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, "State Farm") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Settlement Agreement filed with the Court on February __, 2020.  (ECF No. __-1.) On _____, 2020, the

---

[1] James Nash is expected to be added as a named plaintiff in this action by the filing of a Second Amended Complaint.

Court held a final approval hearing on the Motion for Final Approval and Application for Fees. The Court finds this matter ripe for consideration.

## **FINDINGS OF FACT**

Linda Davis and James Nash, the named Plaintiffs, filed the operative complaint, the Second Amended Complaint (the "Complaint"), alleging that State Farm breached its contracts with injured persons insured under State Farm Kentucky auto policies by failing to disclose to them all uninsured motorist ("UM") and/or underinsured motorist ("UIM") coverage available to them under all household policies. Plaintiffs assert a variety of claims arising out of this alleged conduct, including statutory and common law bad faith claims.

After litigation between the Parties and arms-length negotiations between Class Counsel and State Farm's Counsel, the Parties reached a settlement that provides substantial benefits to the Settlement Classes, in return for a release and dismissal of claims against State Farm. The Settlement was reached after Class Counsel and State Farm's Counsel engaged in negotiations and mediation before United States Magistrate Judge Colin Lindsay. Class Counsel was well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of trial and protracted appeal thereafter with respect to numerous difficult questions of law and fact.

Plaintiffs and State Farm executed the Settlement Agreement on February __, 2020 (collectively, the "Settlement Agreement").

The Settlement Agreement is hereby incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into and will have the same meanings in this Final Order and Judgment.

On February___, 2020, Plaintiffs filed with the Court the Settlement Agreement, along with a Motion for Preliminary Approval of the Proposed Settlement and Supporting Memorandum. (ECF No. ___.) On that same day, State Farm filed its Separate Submission in support of Preliminary Approval. (ECF No. ___.)

On _____ __, 2020, the Court held a hearing to consider the preliminary approval of the Proposed Settlement.

On _____ __, 2020, the Court entered its Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), which preliminarily approved the Settlement Agreement and scheduled a hearing for _____, 2020, at ____ a.m./p.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Settlement Agreement ("Final Approval Hearing").  As part of its Preliminary Approval Order, the Court conditionally certified for settlement purposes two Settlement Classes, defined as follows:

Stacking Class.  All individuals who:

(i)     were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019;

(ii)    made a claim for UM or UIM bodily injury benefits with respect to that loss under a State Farm Kentucky auto policy;

(iii)   were paid the UM or UIM coverage limits under that Kentucky State Farm auto policy;

(iv)    were sent a Survey Letter by State Farm relating to that loss; and

(v)     have received or will receive a Supplemental Policy Payment for that loss under one or more additional State Farm auto policies.

3

<u>Underlying Coverage Class</u>.  All individuals who:

(i)     were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019;

(ii)    received a payment (a "PIP/MPC Payment") of PIP or MPC benefits (or had such benefits paid on their behalf) with respect to that loss under a Kentucky State Farm auto policy that did not provide UM or UIM coverage;

(iii)   did not receive a payment of UM or UIM benefits with respect to that loss under any Kentucky State Farm auto policy; and

(iv)    have been identified by a search of State Farm's records as potentially eligible for UM or UIM coverage under a policy other than the one under which the PIP or MPC benefits were paid had such policy or policies been disclosed.

Excluded from both the Stacking and Underlying Coverage Classes are:

(i)     State Farm and its affiliates, officers and directors;

(ii)    members of the judiciary and their staff to whom the Lawsuit is assigned; and

(iii)   Class Counsel.

On _____, 2020, Plaintiffs moved the Court for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment.  In support, Plaintiffs submitted, inter alia, evidence showing: the mailing and adequacy of the Stacking Class Notice and the Underlying Coverage Class Notice and Claim Form; the establishment of an automated toll-free telephone number and Settlement portal; the names of Class Members who, per the terms of the Settlement Agreement, submitted a timely and proper request for exclusion from either of the Settlement Classes; the negotiation of the Settlement Agreement; the fairness, reasonableness, and adequacy of the Settlement Agreement; and support for Class Counsel's Application for Fees. In support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto.

4

Plaintiffs and the Administrator have satisfactorily demonstrated that the Class Notices and Underlying Coverage Class Claim Form were mailed and that an automated toll-free telephone number and Settlement portal were established in accordance with the Settlement Agreement and Preliminary Approval Order.

The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 et seq., have been sent and that State Farm has fully complied with the notice requirements under that Act.

The Settlement provides substantial monetary benefits to Stacking Class Members and to those qualified Underlying Coverage Claim Class Members who timely submit completed Claim Forms. In addition, State Farm has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Settlement Agreement is fair, and provides Underlying Coverage Class Members with an extended and ample opportunity to submit claims for settlement payments as described in the Settlement Agreement.

All potential Class Members were provided an opportunity to request exclusion from the Settlement, as provided in the Settlement Agreement. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Classes are preserved and that no Member of either Class was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves are identified in the attached Exhibit___.

Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Final Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Settlement Agreement and mandated in the

Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Classes for settlement purposes was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Settlement; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and State Farm's Counsel, but also rigorously and independently evaluated the Settlement Agreement and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Settlement Agreement and Class Counsel's Application for Attorneys' Fees, even though such arguments were not actually presented to the Court by objection, pleading or oral argument.

On the basis of the matters presented in this Lawsuit and the provisions of the Settlement Agreement, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against State Farm, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

a.  The liability issues in this Lawsuit and the suitability of this Lawsuit for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

b.  This Proposed Settlement has the benefit of providing substantial benefits now to Stacking Class Members and to qualified Underlying Coverage Class Members who timely submit a claim, without further litigation, under circumstances where the

liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remain uncertain;

c.   The Proposed Settlement clearly results from adversary litigation between the Parties and arms-length negotiation, which negotiation was facilitated by Magistrate Judge Lindsay, and not a result of any collusion on the part of Class Counsel or State Farm; and

d.   Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Settlement Agreement.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## CONCLUSIONS OF LAW

1.   The Court has personal jurisdiction over the Plaintiffs, State Farm, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Settlement Agreement, to grant final certification of the Settlement Classes, to settle and release all claims that were or could have been brought in this Lawsuit, and to enter this Final Order and Judgment and dismiss this Lawsuit on the merits and with prejudice.

2.   The Court concludes that the Settlement Classes meet all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Classes this Court previously conditionally certified in its Preliminary Approval Order are hereby finally certified as Settlement Classes. In connection with this settlement class certification ruling, the Court specifically finds that the

7

numerosity, commonality, typicality and adequacy requirements of Rule 23(a)(1) are satisfied, as are the requirements of Rule 23(b)(3) to the extent necessary to support the certification of a settlement class.  The Court further finds that the Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3.     Based on the Court's review of the evidence submitted and arguments of counsel, the Court finds and concludes that the Class Notices and Underlying Coverage Class Claim Form were mailed to Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the automated toll-free telephone number and the Settlement portal: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, the Settlement Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

4.     The Final Approval Hearing and evidence before this Court clearly supports its conclusion that the Settlement Agreement was entered into in good faith, and after arms-length negotiations between Plaintiffs and State Farm.

5.     The Court finds that approval of the Settlement Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to, and in the best interests of, members of the

Settlement Classes, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

6.    A review of the following factors supports a finding that the Settlement is fair, reasonable, and adequate:

  a.    The risk of fraud or collusion;

  b.    The complexity, expense and likely duration of the litigation;

  c.    The amount of discovery engaged in by the parties;

  d.    The likelihood of success on the merits;

  e.    The opinions of class counsel and class representatives;

  f.    The reaction of absent class members; and

  g.    The public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Works of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*UAW*").

7.    Although comprehensive individualized mailed notice to the Settlement Classes was provided here, only __ persons requested exclusion from the Settlement Class, and **[__][no]** Class Members filed objections to the Settlement Agreement. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

8.    The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Settlement Agreement and Proposed Settlement are fair, reasonable, and adequate under federal law and the *UAW* factors.

9.     The claim process as set forth in the Settlement Agreement is fair, reasonable, and adequate to Class Members.

10.     Any Member of either Class who did not request exclusion from the Class in accordance with the Settlement Agreement is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

11.     Class Counsel's request for no more than $_____ in attorneys' fees and expenses, to be paid by State Farm, is fair, reasonable and adequate, based on a review of the following factors:

     a.    The time and labor required;

     b.    The novelty and difficulty of the questions;

     c.    The skill requisite to perform the legal service properly;

     d.    The preclusion of other employment by the attorney due to acceptance of the case;

     e.    The customary fee for similar work in the community;

     f.    Whether the fee is fixed or contingent;

     g.    Time limitations imposed by the client or the circumstances;

     h.    The amount involved and the results obtained;

     i.    The experience, reputation, and ability of the attorneys;

     j.    The undesirability of the case;

     k.    The nature and length of the professional relationship with the client; and

     l.    Awards in similar cases.

*In re Amazon.com, Inc., Fulfillment Center FLSA & Wage & Hour Litig.*, No. 3:14-md-2504, 2016 WL 9558953, at * (W.D. Ky. Oct. 31, 2016) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499-500 (6th Cir. 2011)).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Classes is confirmed for the purpose of the Settlement, in accordance with the Settlement Agreement.

2.      Timely requests for exclusion were submitted by __ potential members of the Settlement Classes, and those persons (identified in Exhibit __ hereto) are excluded from the Settlement Classes. All other potential members of the Settlement Classes are adjudged to be members of the Settlement Classes and are bound by this Final Order and Judgment and by the Settlement Agreement, including the releases provided for in the Settlement Agreement and this Final Order and Judgment.

3.      Plaintiffs' Motion for Final Approval (ECF No. __) is hereby **GRANTED**, and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The Parties to the Settlement Agreement are directed to consummate the terms of the Settlement Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

4.      This Final Order and Judgment shall be immediately entered as to all claims in the Lawsuit between the Representative Plaintiffs and Class Members and State Farm, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Settlement Agreement, fully and finally terminating all claims of the Representative Plaintiffs and the Settlement Classes in this Lawsuit against State Farm, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering this Final Order and Judgment.

5.      Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs Linda Davis and James Nash are appointed as the Representative Plaintiffs for this Settlement

Class, and the following counsel are appointed as counsel for the settlement Class ("Class Counsel"):

> Sam Aguiar
> Jon Hollan
> AGUIAR INJURY LAWYERS
> 1201 Story Avenue, Suite 301
> Louisville, KY  40206

6.      Upon the entry of this Final Order and Judgment, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Settlement Classes, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Settlement Agreement, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Settlement Agreement. The Settlement Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

7.      Although the definitions in the Settlement Agreement are incorporated in and are part of this Final Order and Judgment, the following definitions from the Settlement Agreement are repeated for ease of reference:

a.  "Released Claims" includes both the "Stacking Class Released Claims" and the "Underlying Coverage Class Released Claims" as defined herein.

b.  "Released Persons" means:  (i) State Farm Mutual Automobile Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; (ii) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (iii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i) and (ii) of this Paragraph.

c.  "Stacking Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which a Stacking Class Member received a Supplemental Policy Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Stacking Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.  Stacking Class Released Claims do not include

13

any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

d.   "Underlying Coverage Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which an Underlying Coverage Class Member received a PIP/MPC Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Underlying Coverage Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.  Underlying Coverage Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

e.   "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Settlement Agreement.

8.   In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their

14

behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

9.      This Final Order and Judgment, the Settlement Agreement, the negotiations of the Settlement Agreement, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Settlement Agreement or Settlement procedures, and any pleadings, or other document or action related in any way to the Settlement Agreement shall not be: (a) construed as an admission or concession by State Farm of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of State Farm; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of State Farm or that this Lawsuit may be properly maintained as a litigation or arbitration class action; (c) offered into evidence in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against State Farm; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against State Farm.

10.     Unless used for purposes of submitting the Settlement Agreement in support of Court approval of same, or used to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, neither the Settlement Agreement nor any provision of the Settlement Agreement nor the fact of the Settlement Agreement having been made nor this Final Order and

Judgment, shall be admissible or entered into evidence, referenced or cited for any purpose whatsoever, or subject to discovery.

11.     Proprietary Information of State Farm shall be protected from disclosure and handled in accordance with the terms of the Settlement Agreement, and Class Counsel and any other attorneys for Plaintiffs in this Lawsuit shall destroy or return to State Farm's Counsel all Proprietary Information in their possession, custody, or control as set forth in the Settlement Agreement.

12.     Class Counsel's Application for Fees (ECF No. __) is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel $_____ in attorneys' fees and expenses. State Farm shall pay such fees and expenses to Class Counsel pursuant to the terms of the Settlement Agreement. State Farm shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

13.     Payments to Stacking Class Members and to those qualified Underlying Coverage Class Members who timely file a completed Claim Form shall be made subject to the terms and in the manner described in the Settlement Agreement.

14.     The Court appoints the following as the Neutral Evaluators to carry out the duties and responsibilities set forth in the Settlement Agreement:

[Insert names and addresses.]

The Representative Plaintiffs, Class Counsel, State Farm, and State Farm's Counsel, shall not be liable for any act or omission of the Neutral Evaluators.

15.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Settlement Agreement.

16.     The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

17.     Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

      a.     Enforcing the Settlement Agreement;

      b.     Hearing and determining any application by any party to the Settlement Agreement for a settlement bar order; and

Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this ___ day of _____, 2020.

/s/ _____
Charles R. Simpson III
United States District Judge

# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

LINDA DAVIS and JAMES NASH,[1]
individually and on behalf of all others
similarly situated,

        Plaintiffs,

     vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.

        Defendants.

Case No. 19-cv-00466-CRS

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, and Appointment of Class Counsel.  (ECF No. ___.)  Plaintiffs Linda Davis and James Nash ("Plaintiffs") and Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, "State Farm"), have agreed— subject to Court approval—to settle this litigation pursuant to the terms and conditions set forth in the Settlement Agreement filed with the Court on February __, 2020.  (ECF No. ___-1.)  On _____, the Court held a hearing regarding the Motion.  The Court finds this matter ripe for consideration.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court must approve this class action settlement before it becomes effective.  Review of a proposed class action settlement typically

---

[1] James Nash is expected to be added as a named plaintiff in this action by the filing of a Second Amended Complaint.

proceeds in two stages. "First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation." *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 928 (E.D. Mich. 2007) (quoting Fed. Judicial Ctr., *Manual for Complex Litigation* (4th ed.) ("MCL"), § 21.632). If the proposed settlement is preliminarily acceptable, the Court then directs that notice be provided to absent class members, to afford them an opportunity to be heard on, object to, or opt out of the settlement. *Id.*

When making a preliminary fairness evaluation, the "fair, reasonable, and adequate" standard imposed by Rule 23(e)(2) is lowered, and the Court's focus is on "whether the proposed settlement has any obvious deficiencies, and whether the settlement falls within the range of possible approval." *Hyland v. Homeservices of Am., Inc.*, No. 3:05-CV-612-R, 2009 WL 2525587, at *2 (W.D. Ky. Aug. 17, 2009). Although proposed settlements are presumptively reasonable at the preliminary approval stage, the Court must nonetheless "evaluate whether the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Id.* (citation omitted). "Because there is typically no client with the motivation, knowledge, and resources to protect its own interests, the judge must adopt the role of a skeptical client and critically examine the class certification elements, the proposed settlement terms, and procedures for implementation." MCL, § 21.61.

**IT IS HEREBY ORDERED THAT**:

1.      The Settlement Agreement is incorporated by reference in this Order, and all terms defined in the Settlement Agreement shall have the same meanings in this Order.

2

2.      The Settlement Agreement is preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing.

3.      Contingent upon final approval of the Proposed Settlement, and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs' motion to conditionally certify two Settlement Classes is hereby **GRANTED**.  The following Classes are preliminarily certified for settlement purposes:

Stacking Class.  All individuals who:

(i)      were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019;

(ii)     made a claim for UM or UIM bodily injury benefits with respect to that loss under a State Farm Kentucky auto policy;

(iii)    were paid the UM or UIM coverage limits under that Kentucky State Farm auto policy;

(iv)    were sent a Survey Letter by State Farm relating to that loss; and

(v)     have received or will receive a Supplemental Policy Payment for that loss under one or more additional State Farm auto policies.

Underlying Coverage Class.  All individuals who:

(i)      were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019;

(ii)     received a payment (a "PIP/MPC Payment") of PIP or MPC benefits (or had such benefits paid on their behalf) with respect to that loss under a Kentucky State Farm auto policy that did not provide UM or UIM coverage;

(iii)    did not receive a payment of UM or UIM benefits with respect to that loss under any Kentucky State Farm auto policy; and

(iv)    have been identified by a search of State Farm's records as potentially eligible for UM or UIM coverage under a policy other than the one under which the PIP or MPC benefits were paid had such policy or policies been disclosed.

Excluded from both the Stacking and Underlying Coverage Classes are:

(i)      State Farm and its affiliates, officers and directors;

(ii)     members of the judiciary and their staff to whom the Lawsuit is assigned; and

(iii)    Class Counsel.

4.      Plaintiff Linda Davis is preliminarily appointed as representative of the Stacking Class, and Plaintiff James Nash is preliminarily appointed as representative of the Underlying Coverage Class.  The Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as counsel for the Settlement Classes ("Class Counsel"):

> Sam Aguiar
> Jon Hollan
> AGUIAR INJURY LAWYERS
> 1201 Story Avenue, Suite 301
> Louisville, KY  40206

5.      If final approval of the Proposed Settlement is not granted, this Order, including the preliminary certification of the Settlement Classes, and other actions of this Court incident to the Settlement, shall be automatically vacated.

6.      JND Legal Administration Co. (the "Administrator") is appointed to serve as third-party administrator for the Proposed Settlement and to perform such duties as may be requested by the Parties or ordered by this Court pursuant to the terms of the Settlement Agreement.

7.      Julie Mix McPeak is appointed to serve as a Neutral to verify the methodology used by State Farm in respect to the Stacking Claims File Survey as set forth at Paragraph 32 of the Settlement Agreement.

8.      The Parties have prepared the Stacking Class Notice, Underlying Coverage Class Notice, and Claim Form, which have been submitted to the Court as Exhibits 2, 3, and 1, respectively to the Settlement Agreement.  (ECF No. __-1.)  As set forth herein, the Court has reviewed and approves these forms.  Counsel for the Parties, along with the Administrator, are

4

authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Settlement.

9.     Within thirty (30) days after the entry of this Order, State Farm shall provide to the Administrator (i) a mailing list showing the current or last known address for each Stacking Class Member, according to State Farm's business records, as well as the name and address of counsel (other than Class Counsel) for any potential Stacking Class Member to the extent known by State Farm (the "Stacking Class Notice List"); and (ii) a mailing list showing the current or last known address for each Underlying Coverage Class Member, according to State Farm's business records (the "Underlying Coverage Class Notice List").

10.    The Administrator shall commence mailing the Stacking Class Notice, Underlying Coverage Class Notice, and Claim Form within fifteen (15) days of the Administrator's receipt from State Farm of the Stacking Class Notice List and Underlying Coverage Class Notice List (the "Notice Commencement Date"), and shall complete the mailing no later than sixty (60) days after the Notice Commencement Date.

11.    If any Class Notice, Claim Form, and/or Settlement Check mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log each Class Notice, Claim Form, and/or Settlement Check that is returned as undeliverable and provide copies of the log to State Farm's Counsel and Class Counsel, as requested.  Where a Class Notice, Claim Form and/or Settlement Check is returned to the Administrator with a forwarding address, the Administrator will forward the returned mailing to that address.  Where a Class Notice, Claim Form and/or Settlement Check has been returned as undeliverable, without a forwarding address, the Administrator will use a nationally recognized investigative resource (such as

TransUnion or LexisNexis AllFind) to attempt to find a current address and will re-mail the Class

Notice, Claim Form and/or Settlement Check to any new address obtained through such a search.

12.     The Court finds that the procedures set forth in paragraphs 9 through 11 of this

Order constitute an appropriate and sufficient effort to locate current addresses of Class Members

such that no additional efforts to do so shall be required.

13.     In addition to the Class Notices and Claim Form mailed in accordance with the

preceding paragraphs, the Administrator shall establish an automated toll-free telephone number

and a secure Settlement portal that will contain information on the Proposed Settlement, relevant

pleadings, opt-out and objection procedures, the procedure by which Underlying Coverage Class

Members may submit a claim, and a copy of the Settlement Agreement, including exhibits to the

Agreement.  The Administrator and the Parties shall ensure that the toll-free telephone number and

a secure Settlement portal are live by the date of the mailing of the Class Notices.

14.     The Court preliminarily finds that the mailing of the Class Notices and Claim Form

under the terms and in the format provided for in this Order, together with the establishment of an

automated toll-free telephone number and secure Settlement portal, constitutes the best practicable

notice under the circumstances; is reasonably calculated to apprise all Class Members who can be

identified through reasonable effort of: the pendency of the Lawsuit, the Settlement Agreement,

their rights in connection therewith, and the Final Approval Hearing; and meets the requirements

of the Federal Rules of Civil Procedure, the requirements of due process under the United States

Constitution, and the requirements of any other applicable rules or law.

15.     The costs of providing notice and effectuating all other settlement administration

shall be borne by State Farm, as provided in the Settlement Agreement.

16.     Having been apprised at the Preliminary Approval Hearing of the CAFA Notice that has already been sent by the Administrator, the Court finds that all notices concerning the fact of the Proposed Settlement and the terms thereof required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that State Farm has fully complied with the notice requirements under that Act.

17.     The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at _____ [a.m./p.m.], on _____ __, 2020, at the United States Courthouse, 601 W. Broadway, Louisville, Kentucky.  This date shall be set forth in the Class Notices.  During the Final Approval Hearing, the Court will consider and determine, inter alia:

(i)     Whether the Settlement Agreement for this Lawsuit should be approved as fair, reasonable, and adequate,

(ii)    Whether this action should be certified as a class action for settlement purposes only and whether the requirements for certification of a settlement class have been met;

(iii)   Whether this Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(iv)    Whether members of the Class should be bound by the Release set forth in the Settlement Agreement;

(v)     Whether members of the Class (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

(vi)    Whether and in what amount Class Counsel's application for an award of attorneys' fees and expenses, and the Representative Plaintiffs' request for service awards should be approved; and

(vii)   Objections, if any, made to the Proposed Settlement or any of its terms.

18.     Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Stacking Class or the Underlying Coverage Class.  Any rescheduled date for the Final Approval Hearing will be posted on the Settlement portal.

19.     Class Members who wish to exclude themselves from the Stacking Class or the Underlying Coverage Class must mail a written opt-out request, pursuant to the instructions posed on the Settlement portal and set forth in the Class Notices, to the Administrator no later than twenty-five (25) days prior to the Final Approval Hearing.

20.     All Class Members who do not request exclusion in the manner set forth in the Settlement Agreement shall be bound by all proceedings, orders, and judgments in the Lawsuit, which will have preclusive effect in all pending or future lawsuits or other proceedings.

21.     Class Members who do not request exclusion may object to the Proposed Settlement by filing with the Court, and mailing to the Administrator, a written notice of intent to object as provided in the Settlement Agreement no later than thirty (30) days before the Final Approval Hearing. The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a Legally Authorized Representative on behalf of a deceased, minor, or incapacitated Class Member.  To be considered, the written notice of intent to object to the Proposed Settlement must contain:

(i)     A heading which includes the name of the case and case number;

(ii)    The name, address, telephone number, and signature of the Class Member filing the objection;

(iii)   The specific reasons why the Class Member objects to the Proposed Settlement;

8

     (iv)      The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

     (v)       Indication of whether the objecting Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

22.     In addition, a notice of intent to object must contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

     (i)       A detailed statement of the specific legal and factual basis for each and every objection;

     (ii)      A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

     (iii)    A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and

     (iv)      Documentary proof of membership in the relevant Class.

23.     An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

24.     Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the Settlement Agreement waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement. However, the Court retains discretion to hear objections absent full, technical compliance with this Order upon a showing of good cause for failure to comply.

25.     The Administrator shall provide State Farm's Counsel and Class Counsel with copies of any and all objections and opt-out requests received by the Administrator.

26.     Ten days prior to the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator confirming mailing of the Class Notices and Claim Form in accordance with the terms of the Court's Preliminary Approval Order.  The affidavit will also inform the Court of the number of Class Members who have excluded themselves (opted-out) and the number of Objectors.

27.     Underlying Coverage Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Settlement Agreement as Exhibit 1, requesting Claim Settlement Payments in accordance with the terms of the Settlement Agreement.

28.     Any Underlying Coverage Class Member who has not submitted a timely, complete opt-out request and who has returned a timely, complete Claim Form may be eligible to receive a Settlement Check according to the terms of the Settlement, if the Effective Date occurs.

29.     Not less than ten (10) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Settlement Agreement and entry of the final judgment in the form and content attached to the Settlement Agreement as Exhibit 4.  State Farm, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement.

30.     This Order shall not be construed or used as an admission, concession or declaration by or against State Farm of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes.  Nor shall the Order be construed or used as an admission, concession, or as a waiver by any party of any defenses or claims he, she, or it may have.

31.     Unless used for purposes of submitting the Settlement Agreement in support of Court approval of same, or used to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other

theory of claim preclusion, neither the Settlement Agreement nor any provision of the Settlement Agreement nor the fact of the Settlement Agreement having been made, shall be admissible or entered into evidence, referenced or cited for any purpose whatsoever, or subject to discovery.

32.     The Proposed Settlement is preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Settlement Agreement.

33.     Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Class Members.

34.     Except for proceedings in furtherance of the Proposed Settlement, this action is stayed pending further order from the Court.

**IT IS SO ORDERED**, this ___ day of _____, 2020.

/s/ _____
Charles R. Simpson III
United States District Judge

11