# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| LINDA DAVIS and JAMES NASH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.<br><br>    Defendants. | Case No. 19-cv-00466-CRS |

## JOINT MOTION TO CONDUCT
## FINAL APPROVAL HEARING BY VIDEO

Come the parties, by counsel, and for their Joint Motion to Conduct Final Approval Hearing by Video, state as follows:

### INTRODUCTION

By Order entered on March 4, 2020, this Court granted Plaintiffs' Motion for Preliminary Approval of the proposed class settlement and scheduled a Final Approval Hearing of the class ("the Hearing") for October 28, 2020 at 1:30 p.m. EST at the federal courthouse in Louisville, Kentucky. [DN 40 at ¶ 17]. Pursuant to this District's General Order No. 20-11, "In re: Second Supplemental Order Concerning Court Operations Related to COVID-19," the parties hereby move the Court to conduct the Hearing by video conference.[1] The parties believe that conducting the Hearing by video will still permit free and full access to the Hearing, yet also ensure that the

---

[1] Unless otherwise noted, all capitalized terms used herein are defined in the February 7, 2020 Settlement Agreement [DN 30-1].

Hearing is conducted in a safe manner given current conditions. The parties propose providing notice of how to access and participate in the Hearing on the secure Settlement portal and the Court's public docket so that all Class Members interested in attending the Hearing may do so by video.

## **ARGUMENT**

This District's General Order No. 20-11 states, among other things, that "[i]n-court proceedings in civil cases may resume by order of the presiding judge effective June 15, 2020." *Id.*, ¶ 5; *see also* General Order No. 20-09, ¶ 6 (vacating all in-person hearings in civil cases and providing that "[t]he assigned judge in each case may exercise discretion to proceed with the hearing at the scheduled time or otherwise by telephone, video conference, or other means that do not require personal appearance at the Courthouse."). These Orders read together thus give this Court broad discretion to hold hearings remotely.

On March 4, 2020, the Court ordered that notice setting the Hearing for October 28, 2020, at 1:30 p.m. be disseminated to Class Members. [DN 40 at ¶¶ 8, 17].[2] Beginning on April 20, 2020, Class Notices including that information were mailed to over 22,000 Class Members who could be identified through reasonable effort. The formatted versions of the Stacking and Underlying Coverage Class Notices mailed to Class Members are attached hereto as Exhibit A.

The Notices advised that any Class Member who wished to appear and be heard orally at the Hearing must have filed a written objection noting their intent, if any, to appear at the Hearing in person or through counsel, along with "a detailed statement of the specific legal and factual basis for each objection, a list of any witnesses [they] will call at the hearing with each witness' address and summary of the witness' testimony, a detailed description of all evidence [they] will

---

[2] The Court's Case Manager, Ms. Koch, apprised the parties by email on March 20, 2020 that the Court wanted the Final Approval Hearing to commence at 1:30 p.m. EST to allow the entire afternoon for the hearing if needed. The 1:30 p.m. EST start time appears in the Class Notice. The Preliminary Approval Order [DN 40 at ¶ 17] reflected a later start time.

offer at the hearing with copies of the exhibits attached, and documentary proof of [their] membership in the Class" by September 28, 2020. *See* Notices ¶¶ 17, 24. No Class Member filed any such objection by the September 28, 2020 deadline, and the parties understand that the Settlement Administrator has received no such objections by mail. Accordingly, no person has followed the Court's directive regarding obtaining permission to speak at the Hearing, and therefore the parties do not anticipate any Class Members appearing at the Hearing.

The parties respectfully submit that conducting the Hearing via video conference at the date and time already ordered by the Court and noticed broadly to Class Members should occur here given the ongoing circumstances arising from the COVID-19 pandemic. Conducting the Hearing by videoconference will avoid unnecessary delay or confusion, will not prejudice Class Members, and will provide appropriate protections to the Court, court employees and the parties and their counsel. The parties propose providing notice of the access information for the Hearing on the secure Settlement portal and the Court's public docket so all Class Members interested in attending the Hearing may do so by video.

The parties also believe that holding the Hearing on the scheduled date by video conference is in the best interests of the parties and Class Members because it would permit a prompt resolution of this action as scheduled in the notice provided to Class Members. Moreover, because no witnesses will be presented at the Hearing and no objections have been filed, conducting the hearing by video conference can be accomplished without any of the logistical challenges that would exist for more traditional, contested hearings. In addition, some counsel for the parties are located in cities presently subject to orders requiring "self-quarantine" following travel to other states. Further, maintaining the Court-ordered and noticed date and time for the

3

Hearing (rather than potentially postponing the Hearing until it can be safely held in person) would minimize any potential confusion among Class Members as well as avoid delay.

Courts have historically permitted final approval hearings for class action settlements to proceed via remote means and have concluded that this form of hearing comports with the requirements of Federal Rule of Civil Procedure 23. *See, e.g.*, *Martin v. Sysco Corp.*, No. 1:16-cv-00990-DAD-SAB, 2019 WL 6894471, at *3 (E.D. Cal. Dec. 18, 2019); *Milburn v. PetSmart, Inc.*, No. 1:18-cv-00535-DAD-SKO, 2019 WL 5566313, at *3 (E.D. Cal. Oct. 29, 2019); *Barlow v. United States*, 145 Fed. Cl. 228, 232-33 (2019); *Lambert v. United States*, 124 Fed. Cl. 675, 681 (2015).

More recently, multiple courts have decided to hold such hearings via remote means specifically due to issues related to COVID-19. *See, e.g.*, *Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-cv-00449-ALM, DN 281 (E.D. Tex. Mar. 31, 2020) (ordering that final settlement hearing in securities class action should proceed at date and time scheduled in the notice but be conducted telephonically); *Isolde v. Trinity Indus., Inc.*, No. 3:15-cv-02093-K, DN 174 (N.D. Tex. Mar. 24, 2020) (same); *City of Sunrise Gen. Emp. Ret. Plan v. FleetCor Techs., Inc.*, No. 1:17-cv-02207-LMM, DN 104 (N.D. Ga. Mar. 24, 2020) (same); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-md-02752-LHK, DN 448 (N.D. Cal. Mar. 23, 2020) (ordering that final approval hearing for class action settlement be held telephonically); *In re McKesson Corp Derivative Litig.*, No. 4:17-cv-01850-CW, DN 229 (N.D. Cal. Apr. 10, 2020) (ordering that final settlement hearing in shareholder derivative litigation should go forward as scheduled, but be conducted by teleconference); *Joshi Living Trust v. Akorn, Inc.*, No. 1:18-cv-0171, DN 183 (N.D. Ill. Mar. 12, 2020) (ordering that final settlement hearing in securities class

action should proceed as scheduled in the notice provided to the class, but providing for counsel to participate by phone rather than attend in-person).

As noted above, such an approach is also consistent with the Western District of Kentucky procedures related to the COVID-19 pandemic. *See* General Order No. 20-09, ¶ 6 (permitting civil hearings to proceed by video conference); General Order No. 20-11, ¶ 5 (vesting discretion in the presiding judge to determine whether to hold in-person civil hearings).

If the Court grants the Joint Motion, the parties will notify Class Members of the access information to participate in the Hearing by publishing a prominent notice on the secure Settlement portal, and the names of the lawyers handling the Settlement on behalf of the Class are also set forth in the Notices and on the secure Settlement portal if further information is necessary. These measures will help ensure that any Class Members with an interest in attending the Hearing will be notified of the procedures to participate by video conference.

For all the reasons stated, the parties jointly request that the Final Approval Hearing be set to occur remotely by video conference. The parties are submitting herewith a proposed Order for consideration.

Respectfully submitted,

*/s/ David Klapheke*
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL  60602

David Klapheke
BOEHL STOPHER & GRAVES, LLP
400 West Market Street, Suite 2300
Louisville, KY  40202

*Counsel for State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

5

/s/ Sam Aguiar
Sam Aguiar
Jon Hollan
SAM AGUIAR INJURY LAWYERS, PLLC
1201 Story Avenue, 3rd Floor
Louisville, KY 40206
(502) 400-6969
Fax: (502) 491-3946
Sam@kylawoffice.com
jhollan@kylawoffice.com

*Counsel for the Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

/s/ David Klapheke
Counsel for State Farm