UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

| | |
|---|---|
| LINDA DAVIS, Individually and On Behalf of All Others Similarly Situated, <br><br> and <br><br> JAMES NASH, Individually and On Behalf of All Others Similar Situated <br><br>     PLAINTIFFS <br> v. <br><br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br> -and- <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br>     DEFENDANTS | Civil Action No. 3:19-cv-00466-CRS |

**FINAL ORDER AND JUDGMENT**

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, Appointment of class counsel (DN 45, hereafter "Motion for Final Approval"), as well as State Farm's Separate Submission in support of Final Approval of the Settlement. (DN 47) Also before the Court is Class Counsel's Application for Fees. (DN 46, hereafter "Application for Fees."). Plaintiffs Linda Davis and James Nash ("Plaintiffs") and Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire")

1

(collectively, "State Farm") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Settlement Agreement filed with the Court on February 7, 2020. (DN 30). On October 28, 2020, the Court held a final approval hearing on the Motion for Final Approval and Application for Fees. The Court finds this matter ripe for consideration.

## **FINDINGS OF FACT**

Linda Davis and James Nash, the named Plaintiffs, filed the operative complaint, the Second Amended Complaint (the "Complaint"), alleging that State Farm breached its contracts with injured persons insured under State Farm Kentucky auto policies by failing to disclose to them all uninsured motorist ("UM") and/or underinsured motorist ("UIM") coverage available to them under all household policies. Plaintiffs assert a variety of claims arising out of this alleged conduct, including breach of contract and bad faith claims, both common law and statutory.

After litigation between the Parties and arms-length negotiations between Class Counsel and State Farm's Counsel, the Parties reached a settlement that provides substantial benefits to the Settlement Classes, in return for a release and dismissal of claims against State Farm. The Settlement was reached after Class Counsel and State Farm's Counsel engaged in negotiations and mediation before United States Magistrate Judge Colin Lindsay. Class Counsel was well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of trial and protracted appeal thereafter with respect to numerous difficult questions of law and fact.

Plaintiffs and State Farm executed the Settlement Agreement on February 7, 2020 (collectively, the "Settlement Agreement").

The Settlement Agreement is hereby incorporated by reference in this Final Order and

Judgment, and the definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into and will have the same meanings in this Final Order and Judgment.

On February 7, 2020, Plaintiffs filed with the Court the Settlement Agreement, along with a Motion for Preliminary Approval of the Proposed Settlement and Supporting Memorandum. (DN 30) On that same day, State Farm filed its Separate Submission in support of Preliminary Approval. (DN 33).

On March 3, 2020, the Court held a hearing to consider the preliminary approval of the Proposed Settlement.

On March 4, 2020, the Court entered its Order Preliminarily Approving Class Settlement ("Preliminary Approval Order")(DN 30-1), which preliminarily approved the Settlement Agreement and scheduled a hearing for October 28, 2020, at 1:30 p.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Settlement Agreement ("Final Approval Hearing").  As part of its Preliminary Approval Order, the Court conditionally certified for settlement purposes two Settlement Classes, defined as follows:

<u>Stacking Class</u>.  All individuals who:

(i) were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019;

(ii) made a claim for UM or UIM bodily injury benefits with respect to that loss under a State Farm Kentucky auto policy;

(iii) were paid the UM or UIM coverage limits under that Kentucky State Farm auto policy;

(iv) were sent a Survey Letter by State Farm relating to that loss; and

(v) have received or will receive a Supplemental Policy Payment for that loss under one or more additional State Farm auto policies.

<u>Underlying Coverage Class</u>.  All individuals who:

(i)   were involved in a motor vehicle accident at any time from October 16, 2013 to and including October 9, 2019;

(ii)  received a payment (a "PIP/MPC Payment") of PIP or MPC benefits (or had such benefits paid on their behalf) with respect to that loss under a Kentucky State Farm auto policy that did not provide UM or UIM coverage;

(iii) did not receive a payment of UM or UIM benefits with respect to that loss under any Kentucky State Farm auto policy; and

(iv)  have been identified by a search of State Farm's records as potentially eligible for UM or UIM coverage under a policy other than the one under which the PIP or MPC benefits were paid had such policy or policies been disclosed.

Excluded from both the Stacking and Underlying Coverage Classes are:

(i)   State Farm and its affiliates, officers and directors;

(ii)  members of the judiciary and their staff to whom the Lawsuit is assigned; and

(iii) Class Counsel.

On October 19, 2020 Plaintiffs moved the Court for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment.  In support, Plaintiffs submitted, inter alia, evidence showing: the mailing and adequacy of the Stacking Class Notice and the Underlying Coverage Class Notice and Claim Form; the establishment of an automated toll-free telephone number and Settlement portal; the names of Class Members who, per the terms of the Settlement Agreement, submitted a timely and proper request for exclusion from either of the Settlement Classes; the negotiation of the Settlement Agreement; the fairness, reasonableness, and adequacy of the Settlement Agreement; and support for Class Counsel's Application for Fees. In support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto.

Plaintiffs and the Administrator have satisfactorily demonstrated that the Class Notices and Underlying Coverage Class Claim Form were mailed and that an automated toll-free telephone number and Settlement portal were established in accordance with the Settlement Agreement and Preliminary Approval Order.

The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 et seq., have been sent and that State Farm has fully complied with the notice requirements under that Act.

The Settlement provides substantial monetary benefits to Stacking Class Members and to those qualified Underlying Coverage Claim Class Members who timely submit completed Claim Forms. In addition, State Farm has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Settlement Agreement is fair and provides Underlying Coverage Class Members with an extended and ample opportunity to submit claims for settlement payments as described in the Settlement Agreement.

All potential Class Members were provided an opportunity to request exclusion from the Settlement, as provided in the Settlement Agreement. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Classes are preserved and that no Member of either Class was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves are identified in the Plaintiffs' Motion for Final Approval.[1]

Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Final Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Settlement Agreement and mandated in the

---

[1] See Exhibit 2 in Plaintiff's Motion for Final Approval.

Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Classes for settlement purposes was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Settlement; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and State Farm's Counsel, but also rigorously and independently evaluated the Settlement Agreement and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Settlement Agreement and Class Counsel's Application for Attorneys' Fees, even though such arguments were not actually presented to the Court by objection, pleading or oral argument.

On the basis of the matters presented in this Lawsuit and the provisions of the Settlement Agreement, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against State Farm, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

a. The liability issues in this Lawsuit and the suitability of this Lawsuit for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

b. This Proposed Settlement has the benefit of providing substantial benefits now to Stacking Class Members and to qualified Underlying Coverage Class Members who timely submit a claim, without further litigation, under circumstances where the

        liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remain uncertain;

   c.   The Proposed Settlement clearly results from adversary litigation between the Parties and arms-length negotiation, which negotiation was facilitated by Magistrate Judge Lindsay, and not a result of any collusion on the part of Class Counsel or State Farm; and

   d.   Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Settlement Agreement.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## **CONCLUSIONS OF LAW**

1. The Court has personal jurisdiction over the Plaintiffs, State Farm, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Settlement Agreement, to grant final certification of the Settlement Classes, to settle and release all claims that were or could have been brought in this Lawsuit, and to enter this Final Order and Judgment and dismiss this Lawsuit on the merits and with prejudice.

2. The Court concludes that the Settlement Classes meet all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Classes this Court previously conditionally certified in its Preliminary Approval Order are hereby finally certified as Settlement Classes. In connection with this settlement class certification ruling, the Court specifically finds that the

numerosity, commonality, typicality and adequacy requirements of Rule 23(a)(1) are satisfied, as are the requirements of Rule 23(b)(3) to the extent necessary to support the certification of a settlement class. The Court further finds that the Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Classes for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3. Based on the Court's review of the evidence submitted and arguments of counsel, the Court finds and concludes that the Class Notices and Underlying Coverage Class Claim Form were mailed to Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the automated toll-free telephone number and the Settlement portal: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, the Settlement Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

4. The Final Approval Hearing and evidence before this Court clearly supports its conclusion that the Settlement Agreement was entered into in good faith, and after arms-length negotiations between Plaintiffs and State Farm.

5. The Court finds that approval of the Settlement Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to, and in the best interests of, members of the

Settlement Classes, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

6. A review of the following factors supports a finding that the Settlement is fair, reasonable, and adequate:

    e. The risk of fraud or collusion;

    f. The complexity, expense and likely duration of the litigation;

    g. The amount of discovery engaged in by the parties;

    h. The likelihood of success on the merits;

    i. The opinions of class counsel and class representatives;

    j. The reaction of absent class members; and

    k. The public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Works of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*UAW*").

7. Comprehensive individualized mailed notice to the Settlement Classes was provided and only six persons out of more than twenty-two thousand requested exclusion from the Settlement Class. No Class Members filed objections to the Settlement Agreement. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

8. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Settlement Agreement and Proposed Settlement are fair, reasonable, and adequate under federal law and the *UAW* factors.

9. The claim process as set forth in the Settlement Agreement is fair, reasonable, and adequate to Class Members.

10. Any Member of either Class who did not request exclusion from the Class in accordance with the Settlement Agreement is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

11. Class counsel's request for no more than $3,400,000.00 in attorneys' fees and expenses, to be paid by State Farm, is fair, reasonable and adequate, based on a review of the following factors:

    a. The time and labor required;

    b. The novelty and difficulty of the questions;

    c. The skill requisite to perform the legal service properly;

    d. The preclusion of other employment by the attorney due to acceptance of the case;

    e. The customary fee for similar work in the community;

    f. Whether the fee is fixed or contingent:

    g. Time limitations imposed by the client or the circumstances;

    h. The amount involved and the results obtained;

    i. The experience, reputation, and ability of the attorneys;

    j. The undesirability of the case;

    k. The nature and length of the professional relationship with the client; and

    l. Awards in similar cases;

*In re Amazon.com, Inc., Fulfillment Center FLSA & Wage & Hour Litig.*, No. 3:14-md-2504, 2016 WL 9558953, at *6 (W.D. Ky. Oct. 31, 2016) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499-500 (6th Cir. 2011)).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Classes is confirmed for the purpose of the Settlement, in accordance with the Settlement Agreement.

2. Timely requests for exclusion were submitted by 6 potential members of the Settlement Classes, and those persons (identified in Exhibit 2 to the Plaintiffs' Motion for Final Approval; DN 45-2) are excluded from the Settlement Classes. All other potential members of the Settlement Classes are adjudged to be members of the Settlement Classes and are bound by this Final Order and Judgment and by the Settlement Agreement, including the releases provided for in the Settlement Agreement and this Final Order and Judgment.

3. Plaintiffs' Motion for Final Approval (DN 45) is hereby **GRANTED**, and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The Parties to the Settlement Agreement are directed to consummate the terms of the Settlement Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

4. This Final Order and Judgment shall be immediately entered as to all claims in the Lawsuit between the Representative Plaintiffs and Class Members and State Farm, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Settlement Agreement, fully and finally terminating all claims of the Representative Plaintiffs and the Settlement Classes in this Lawsuit against State Farm, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering this Final Order and Judgment.

5. Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs Linda Davis and James Nash are appointed as the Representative Plaintiffs for this Settlement

Class, and the following counsel are appointed as counsel for the Settlement Class ("Class Counsel"):

> Sam Aguiar
> Jon Hollan
> AGUIAR INJURY LAWYERS
> 1201 Story Avenue, Suite 301
> Louisville, KY 40206

6. Upon the entry of this Final Order and Judgment, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Settlement Classes, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Settlement Agreement, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Settlement Agreement. The Settlement Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

7. Although the definitions in the Settlement Agreement are incorporated in and are part of this Final Order and Judgment, the following definitions from the Settlement Agreement are repeated for ease of reference:

a.  "Released Claims" includes both the "Stacking Class Released Claims" and the "Underlying Coverage Class Released Claims" as defined herein.

b.  "Released Persons" means: (i) State Farm Mutual Automobile Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; (ii) State Farm Fire and Casualty Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (iii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i) and (ii) of this Paragraph.

c.  "Stacking Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which a Stacking Class Member received a Supplemental Policy Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Stacking Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation.

        Stacking Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

    d.    "Underlying Coverage Class Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages and declaratory judgment) arising from or in any way related to the loss as to which an Underlying Coverage Class Member received a PIP/MPC Payment, which have been alleged or which could have been alleged by Plaintiffs in the Lawsuit, on behalf of themselves and/or on behalf of the Underlying Coverage Class, to the full extent of res judicata protections, and whether arising under or based on contract, extra-contractual or tort theories, bad faith, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Underlying Coverage Class Released Claims do not include any claim for enforcement of the contemplated Agreement and/or the Final Order and Judgment.

    e.    "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Settlement Agreement.

8.    In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the

Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

9.  This Final Order and Judgment, the Settlement Agreement, the negotiations of the Settlement Agreement, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Settlement Agreement or Settlement procedures, and any pleadings, or other document or action related in any way to the Settlement Agreement shall not be: (a) construed as an admission or concession by State Farm of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of State Farm; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of State Farm or that this Lawsuit may be properly maintained as a litigation or arbitration class action; (c) offered into evidence in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against State Farm; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against State Farm.

10.  Unless used for purposes of submitting the Settlement Agreement in support of Court approval of same, or used to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, neither the Settlement Agreement nor any provision of the Settlement Agreement nor the fact of the Settlement Agreement having been made nor this Final Order and

Judgment, shall be admissible or entered into evidence, referenced or cited for any purpose whatsoever, or subject to discovery.

11. Proprietary Information of State Farm shall be protected from disclosure and handled in accordance with the terms of the Settlement Agreement, and Class Counsel and any other attorneys for Plaintiffs in this Lawsuit shall destroy or return to State Farm's Counsel all Proprietary Information in their possession, custody, or control as set forth in the Settlement Agreement.

12. Class Counsel's Application for Fees and Expenses is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel $3,400,000.00 in attorneys' fees and expenses. State Farm shall pay such fees and expenses to Class Counsel pursuant to the terms of the Settlement Agreement. State Farm shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

13. Payments to Stacking Class Members and to those qualified Underlying Coverage Class Members who timely file a completed Claim Form shall be made subject to the terms and in the manner described in the Settlement Agreement.

14. The Court appoints the following as the Neutral Evaluators to carry out the duties and responsibilities set forth in the Settlement Agreement.

    a. Hon. Linda Hopgood
       771 Corporate Drive, Ste 450
       Lexington, KY 40503

    b. John R. Martin, Jr.
       Partner
       Landrum & Shouse LLP
       220 West Main Street, Suite 1900
       Louisville, KY 40202

    c.    Hon Tom McDonald
        ADR Offices of Tom McDonald
        9129 US Highway 42, Suite D-122
        Prospect, KY 40059.

Should any of these individuals be unable or unwilling to serve as Neutral Evaluators, the parties shall use reasonable judgment to identify a replacement and notify the Court of the same. State Farm, in accordance with the Settlement Agreement, shall bear the costs of the fees charged by the Neutral Evaluators.

15. The Representative Plaintiffs, Class Counsel, State Farm, and State Farm's Counsel shall not be liable for any act or omission of the Neutral Evaluators.

16. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Settlement Agreement.

17. The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

18. Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

    a.    Enforcing the Settlement Agreement;

    b.    Hearing and determining any application by any party to the Settlement Agreement for a settlement bar order; and

Any other matters related or ancillary to any of the foregoing.

October 29, 2020

Charles R. Simpson III, Senior Judge
United States District Court